UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Natalie Anderson and Andre Bisasor, | ) |
|       Plaintiffs, | ) Case No. 1:22-cv-264-SE<br>)<br>) |
| v. | )<br>) |
| Patrick Donovan, New Hampshire Supreme Court,<br>New Hampshire Rules Advisory Committee,<br>New Hampshire Professional Conduct Committee,<br>Lorrie Platt, | )<br>)<br>)<br>) |
|       Defendants. | )<br>) |

## **MOTION TO INTERVENE**

Craig S. Donais moves, pursuant to FRCP 24(a)(2) and (b)(1)(B), to intervene in the above matter on the following grounds:

1. Craig S. Donais is the attorney referenced throughout the complaint, and whose file the plaintiffs seek, giving rise to this lawsuit.

2. Craig S. Donais has an interest in the resolution of the claims and issues raised in this matter; in accordance with FRCP 24(c), his objection to the pending motion to reconsider is appended to this motion. Exhibit 1.

3. Donais has been permitted to intervene in two pending state court actions related to this same subject matter. Orders granting intervention are attached as Exhibits 2 and 3.

4. Accordingly, the Court may properly permit Craig S. Donais to intervene; no brief or memorandum in support of this motion is necessary, as the applicable rule governs the request.

5. A good faith attempt was made to obtain concurrence in this motion from the plaintiffs.

Respectfully submitted,

**Craig S. Donais,**

**By His Counsel,**

**UPTON & HATFIELD, LLP**

Date: September 13, 2023     By: /s/ Russell F. Hilliard
Russell F. Hilliard (NHBA #1159)
159 Middle Street
Portsmouth, NH 03801
(603) 436-7046
rhilliard@uptonhatfield.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was this day forwarded through the Court's electronic filing system to parties and counsel of record.

/s/ Russell F. Hilliard
Russell F. Hilliard

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Natalie Anderson and Andre Bisasor,  )<br>  )<br>      Plaintiffs,  )<br>  )<br>v.  )<br>  )<br>Patrick Donovan, New Hampshire Supreme Court,  )<br>New Hampshire Rules Advisory Committee,  )<br>New Hampshire Professional Conduct Committee,  )<br>Lorrie Platt,  )<br>  )<br>      Defendants.  ) | Case No. 1:22-cv-264-SE |

## **OBJECTION TO MOTION TO RECONSIDER DISMISSAL**

Craig S. Donais, prospective intervenor, hereby objects to the plaintiffs' motion to reconsider dismissal, on the following grounds:

1. Referring to the civil docket in this matter, plaintiffs filed their complaint on July 19, 2022, more than a year ago; the complaint has never been served on the defendants.

2. On December 12, 2022, the plaintiffs were given leave to file an amended complaint on or before January 11, 2023.

3. On January 11, 2023, the plaintiffs were given a further extension to file an amended complaint on or before April 1, 2023.

4. On April 3, 2023, the plaintiffs were given a further extension to file an amended complaint on or before May 15, 2023.

5. On June 9, 2023, and "[b]ased on the representations of the plaintiff, there shall be no further request for extension of time the motion is granted," providing a final extension for filing an amended complaint to on or before June 30, 2023 (a deadline selected by the plaintiffs).

6. There is no further activity on the docket until August 2, 2023, more than a month after the final extension had expired, when the order dismissing the case with prejudice issued; the plaintiffs now seek reconsideration of this order.

7. The dismissal order was premised on FRCP 41(b), "for plaintiffs' failure to comply with the court's orders and failure to prosecute."

8. The plaintiffs were provided more than sufficient accommodation and time to submit an amended complaint and, in fact, established the final deadline for themselves -- June 30, 2023.

9. There having been no further communication from them to the Court for more than a month thereafter, the order dismissing the case with prejudice is well justified..

10. "Reconsideration is an 'extraordinary remedy which should be used sparingly.' *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006). 'To obtain relief, the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law' or fact. *Id.*; *see also Deka Int'l S.A. v. Genzyme Corp. (In re Genzyme Corp. Sec. Litig.)*, 754 F.3d 31, 46 (1st Cir. 2014) (noting that the court may grant a Rule 59(e) motion based on an intervening change in the law, a manifest error of law or fact underlying the judgment, or newly discovered evidence that could not have been produced before judgment was entered)." *Wood v. U.S. Bank*, Civil No. 1:22-cv-00235-JL Opinion No. 2023 DNH 070 at 2-3.

11. Having failed to meet this threshold, the plaintiffs' motion of reconsideration is properly denied.

12. No brief or memorandum in support of this objection is necessary, as it sets forth the applicable law.

Respectfully submitted,

**Craig S. Donais,**

**By His Counsel,**

**UPTON & HATFIELD, LLP**

Date:  September 13, 2023　　　　By: /s/ Russell F. Hilliard  
　　　　　　　　　　　　　　　　　　Russell F. Hilliard (NHBA #1159)  
　　　　　　　　　　　　　　　　　　159 Middle Street  
　　　　　　　　　　　　　　　　　　Portsmouth, NH  03801  
　　　　　　　　　　　　　　　　　　(603) 436-7046  
　　　　　　　　　　　　　　　　　　rhilliard@uptonhatfield.com

### CERTIFICATE OF SERVICE

　　I hereby certify that a copy of the foregoing was this day forwarded through the Court's electronic filing system to parties and counsel of record.

　　　　　　　　　　　　　　　　　　/s/ Russell F. Hilliard  
　　　　　　　　　　　　　　　　　　Russell F. Hilliard

Filed
File Date: 11/20/2020 10:04 AM
Merrimack Superior Court
E-Filed Document

EXHIBIT 1

## STATE OF NEW HAMPSHIRE

**MERRIMACK COUNTY**                                                              **SUPERIOR COURT**

#217-2020-cv-00567

Natalie Anderson

v.

New Hampshire Attorney Discipline Office, et al.

### PARTIALLY ASSENTED TO MOTION TO INTERVENE

Craig S. Donais moves, pursuant to Rule 15, to intervene in the above matter on the following grounds:

1. Craig S. Donais is the respondent attorney in the underlying proceedings pending at the Professional Conduct Committee and the Complaint Screening Committee that give rise to this matter.

2. Craig S. Donais has an interest in the resolution of the claims and issues raised in this matter.

3. Accordingly, the Court may properly permit Craig S. Donais to intervene.

4. Counsel for the defendants assent to this motion. The plaintiff objects to the motion.

Granted

*/s/ John C. Kissinger*

Honorable John C. Kissinger, Jr.
January 15, 2021

Clerk's Notice of Decision
Document Sent to Parties
on   01/19/2021

This is a Service Document For Case: 217-2020-CV-00567
Merrimack Superior Court
1/19/2021 12:45 PM

**EXHIBIT 1**

Respectfully requested,

**Craig S. Donais,**

**By His Counsel,**

**UPTON & HATFIELD, LLP**

Date: <u>November 20, 2020</u>     By: <u>/s/ Russell F. Hilliard</u>
                                                             Russell F. Hilliard
                                                             NHBA #1159
                                                             159 Middle Street
                                                             Portsmouth, NH  03801
                                                             (603) 436-7046
                                                             rhilliard@uptonhatfield.com

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was this day forwarded through the Court's electronic filing system to Natalie Anderson, *pro se,* and to all opposing counsel of record.

                                                             /s/ Russell F. Hilliard
                                                             Russell F. Hilliard

Case: 23-1765   Document: 00118054880   Page: 8   Date Filed: 09/22/2023   Entry ID: 6593219

Filed
File Date: 9/6/2022 10:07 AM
Hillsborough Superior Court Southern District
E-Filed Document

EXHIBIT 1

STATE OF NEW HAMPSHIRE

| | |
|---|---|
| HILLSBOROUGH COUNTY SOUTHERN DISTRICT | SUPERIOR COURT |

#226-2021-CV-00599

Andre Bisasor

v.

Brian Moushegian, et al.

### PARTIALLY ASSENTED TO MOTION TO INTERVENE

Craig S. Donais moves, pursuant to Rule 15, to intervene in the above matter on the following grounds:

1. Donais is the respondent attorney in the underlying proceedings at the Professional Conduct Committee, and has intervened in the similar action filed by the plaintiff's wife in Merrimack County, now on appeal to the New Hampshire Supreme Court.

2. Donais has an interest in the resolution of the claims and issues raised in this matter.

3. Accordingly, the Court may properly permit Donais to intervene.

4. The plaintiff will object to this motion.

Granted (See record of May 30, 2023 hearing for reasons.)

*[signature]*

Honorable Charles S. Temple
May 30, 2023

Clerk's Notice of Decision
Document Sent to Parties
on  05/30/2023

This is a Service Document For Case: 226-2021-CV-00599
Hillsborough Superior Court Southern District
5/30/2023 2:17 PM

**EXHIBIT 1**

Respectfully requested,

**Craig S. Donais,**

**By His Counsel,**

**UPTON & HATFIELD, LLP**

| | | |
|---|---|---|
| Date: September 6, 2022 | By: | /s/ Russell F. Hilliard |
| | | Russell F. Hilliard |
| | | NHBA #1159 |
| | | 159 Middle Street |
| | | Portsmouth, NH 03801 |
| | | (603) 436-7046 |
| | | rhilliard@uptonhatfield.com |

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was this day forwarded through the Court's electronic filing system to Andre Bisasor, *pro se,* and to all opposing counsel of record.

/s/ Russell F. Hilliard
Russell F. Hilliard