UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT
NO. 23-1765
Anderson, et al. v. Donovan, et al

**EXPEDITED MOTION TO EXTEND DEADLINE TO FILE
OBJECTION TO PROPOSED INTERVENOR'S MOTION TO INTERVENE.**

1. NOW COMES the Plaintiffs and respectfully requests this Court extend, by 21 days, the time to object to the proposed intervenor's motion to intervene.
2. As simple grounds therefor, the Plaintiffs states the following.
3. The plaintiffs have a family emergency that required travel (long distance to another distant state) on short notice concerning an elderly ailing parent. The plaintiffs have been unable to attend to litigation matters during this time of travel and family emergency.
4. Given the above, the plaintiffs needs additional time to carefully delineate several important reasons why the motion to intervene should be denied.[1]
5. Therefore, the plaintiffs request an extension of 21 days.
6. It is in the interest of justice and equity that the extension be allowed.
7. This is a reasonable request under the circumstances.
8. In the alternative, if the court prefers, the plaintiffs would settle for any other extension of time if that better pleases the court. This is preferable rather than an outright denial of the motion.
9. WHEREFORE, Plaintiffs respectfully request that this Court extend the deadline to file an objection to the proposed motion to intervene or any other relief the Court deems proper. Please also grant a pro se liberal approach to this request.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206,
Attleboro, MA 02703
T: 781-492-5675
Email: quickquantum@aol.com

October 5, 2023

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served to the parties that are required to be served in this case.

/s/ Andre Bisasor
Andre Bisasor

---

[1] NB: Some, though not all, of these reasons were stated in a notice of improper filing filed in the district court (see **Exhibit A)**, but there are other reasons that need proper time and space to be carefully delineated including but not limited to the irrelevancy and inapplicability of the proposed intervenor's purported interest in this case, adequacy of the government to represent the issues in this case, a history of abuse and vexatious disruptive conduct by proposed intervenor when allowed to intervene including filing numerous irrelevant or illicit filings in order to distract the court or to burden or oppress the pro se plaintiff, failure to confer with plaintiffs in both the district court and first circuit (as well as in other matters), irrelevancy of the right to know (RSA 91A) cases from state court attached to the motion to intervene (this appeal does not involve a right to know case but is a federal case involving different rights and issues separate and different from any state right to know case), and the contumacious impropriety of attaching an objection to the motion to reconsider to their motion to intervene as an end-run around the federal court rules, without first being granted intervention, in order to prejudice the plaintiffs, and the improper filing of the motion to intervene after a notice of appeal had been filed and while the case was in the process of being transferred to the first circuit, etc. Please also note that the district court **denied** the motion to intervene in the district court. This is further grounds to deny intervention in the first circuit. They were not allowed to intervene in the district court and should not be allowed to do so in the first circuit. See **Exhibit B**. See also the complete updated docket from district court showing Exhibit A and Exhibit B entered on the docket. See **Exhibit C.**

1

# Exhibit 1

UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE
CASE #: 1:22-cv-00264-SE
NATALIE ANDERSON and ANDRE BISASOR, Plaintiffs
V.
PATRICK DONOVAN et. al., Defendants

# NOTICE OF IMPROPER/INVALID FILING OF MOTION BY PROPOSED INTERVENOR

1. The plaintiffs file this notice of improper filing of a motion by the proposed intervenor and his counsel, which should be treated as null and void, of none effect, as invalid and/or stricken, based on the following.
2. On 8/2/23 the district court, sua sponte, dismissed this case for failure to prosecute.
3. On 8/3/23 the district court clerk entered the order on the docket.
4. At no time prior to the dismissal did any party, save the plaintiffs, seek to enter an appearance or file any pleadings in this case.
5. On 8/17/23, the plaintiffs requested an extension of time to file a motion to reconsider the dismissal, until 9/5/23.
6. On 8/17/23, the court granted the extension of time to file a motion to reconsider dismissal until 9/5/23.
7. On 9/5/23, the plaintiffs filed a motion to reconsider dismissal.
8. On 9/13/23 at or around 2pm, the plaintiffs filed a notice of appeal in order to preserve plaintiffs' rights. The plaintiffs also paid the filing fee with the district court clerk at or around the same time.
9. On 9/13/23, at 4.34pm, the proposed intervenor filed a motion to intervene in this case and included an objection to the motion to reconsider dismissal with his motion.
10. The proposed intervenor's filing is improper and invalid, and violates several court rules and should be stricken or treated as of none effect. The reasons for this are as follows.
11. The proposed intervenor filed his motion to intervene, after a notice of appeal was filed in the case. The proposed intervenor had no standing to move to intervene in the district court in an appealed case.
12. The proposed intervenor did not seek to obtain concurrence from both plaintiffs in this case (see Local Rule 7.1 (c) Concurrence. "Any party filing a motion other than a dispositive motion shall certify to the court that a good faith attempt has been made to obtain concurrence in the relief sought.").
    a. The proposed intervenor did not email, call, or contact plaintiff Anderson at all. The proposed intervenor's representation to the court in his motion that he sought concurrence in good faith from the "plaintiffs" is an utterly false statement. The proposed intervenor's representation in his motion that he did a good faith attempt to obtain concurrence is also a violation of Rule 11.
    b. Furthermore, the proposed intervenor emailed plaintiff Bisasor once on the afternoon of 9/13/23 at 1.32pm and then filed his motion at 4.34pm, only 3hrs later the same afternoon. The proposed intervenor did not call plaintiff Bisasor or leave a voicemail. The proposed intervenor did not email plaintiff Bisasor a second time but only once. The proposed intervenor did not allow even a day much less half a day for plaintiff Bisasor (but only 3hrs on a busy afternoon with emergency/inclement weather) to respond to his one and only email. That is not a good faith attempt to obtain concurrence. The rules and applicable case law show that emailing a party once on the same day that a motion is intended to be filed, and then rushing to file the motion without awaiting response or without allowing reasonable time to respond, is not good faith attempt at concurrence and violates Local Rule 7.1.
    c. The proposed intervenor's representation in his motion that he did a good faith attempt to obtain concurrence is thus also a violation of Rule 11. [NB: This is also on top of the fact that the proposed intervenor evidently did not obtain the assent of the defendants and rushed to file the motion after a notice of appeal had been filed in a closed dismissed case, which is improper and intended to burden or harass the plaintiffs with needless litigation and costs].
    d. Local Rule 7.1 is not a suggestion. The proposed intervenor was required to confer with both plaintiffs under Local Rule 7. The proposed intervenor violated Rule 7 by not contacting plaintiff Anderson at all, and by not attempting in good faith to obtain concurrence from plaintiff Bisasor. The proposed intervenor has misrepresented that he did so, which is also in violation of Rule 11.

1

    e. NB: It should be noted that plaintiff Bisasor contacted counsel for the proposed intervenor the next day of 9/14/23 to address the above issues and request that the improper motion be withdrawn, or otherwise face a motion for sanctions. It has been about 24 hrs since then and, in bad faith fashion, counsel for the proposed intervenor has failed or refused to respond. See **Exhibit 1**.

13. The proposed intervenor also evidently did not seek or obtain concurrence or assent from the defendants to intervene in this case at this stage. If concurrence was sought from the defendants but they denied concurrence or assent, the proposed intervenor failed, in bad faith, to represent to the court the position of the defendants. The intervenor cannot supersede the rights and standing of the defendants. The intervenor seeks to improperly place himself in the position of the defendants, while the defendants have not concurred or assented to him doing so. This is totally disorderly and chaotic and makes a mockery of the proper order, procedures, and decorum of the court. This is totally unfair to the plaintiffs and the defendants.
14. The proposed intervenor combined his motion with an objection, which violates the court rules. (see Local Rule 7.1 Motions (a) Form. (1) Title and Content. …."Objections to pending motions and affirmative motions for relief shall not be combined in one filing."). Furthermore, by so doing, the proposed intervenor has sought to unfairly prejudice the rights of the plaintiffs.
15. The proposed intervenor did attach any affidavit or memorandum to his motion as required by court rule. It is therefore improper and invalid. (See again Rule 7.1 Motions (a) Form. (2) Memorandum and Supporting Documents. "Every motion and objection shall be accompanied by a memorandum with citations to supporting authorities or a statement explaining why a memorandum is unnecessary. Every motion and objection which require consideration of facts not in the record shall be accompanied by affidavits or other documents showing those facts.").
16. The proposed intervenor did not enter an appearance in the district court with the filing of the motion to intervene. A party, much less a proposed intervenor, cannot file motions in a case without entering an appearance. Any such filing made by any party without first filing an appearance is improper.
17. The case was in a dismissed closed posture as of 8-3-23. The proposed intervenor has no standing to intervene in a case that is dismissed or in a closed posture. Only certain limited post-judgment motions, as defined by the rules of procedure, are allowed to be filed after a judgment has been issued. In this case, only by the plaintiffs as the only parties appearing in the case as of the dismissal are allowed to file certain limited post judgment motions pertaining to the dismissal. The rules of procedure do not allow for an entirely new party to seek to intervene in a district court case after dismissal and certainly not after the case has been appealed to the first circuit. This is a violation of the letter as well as the intent and spirit of the rules.
18. The case has not been served on the defendants as yet. The proposed intervenor has no standing to intervene in a case that process has not been served on the defendants or ordered by the court as yet.
19. The proposed intervenor's filing is premature at best and represents vexatious and contumacious conduct at worst.
20. The proposed intervenor's improper and invalid rushed filing violates several rules of the court and should be stricken and is otherwise sanctionable[1].
21. The proposed intervenor evidently does not respect the court rules. The proposed intervenor should not be allowed to flout the rules with such wanton impunity.
22. The proposed intervenor's filing is in bad faith and intended to burden, oppress, and harass the plaintiffs, and is otherwise intended to delay or bog down this litigation or to increase the costs of this litigation.
23. The plaintiffs ask that the district court take note of this notice of improper filing.
24. Given that a notice of appeal has been filed, and the case has been appealed, it is not clear if the plaintiffs can file further pleadings to object to or strike the improper filing, but the plaintiffs hereby give notice of their intent to preserve all rights with respect to objecting or moving to strike this improper filing, as may be allowed at the proper time, and the plaintiffs also reserves the right to seek sanctions or disciplinary action against the proposed intervenor in relation to this matter.

---

[1] A district court may assess sanctions when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Concord Mem.* at 10 (quoting *Dubois v. United States Dep't of Agric.*, 270 F.3d 77, 80 (1st Cir.2001)).

Respectfully submitted,  
/s/ Andre Bisasor  
Andre Bisasor  
679 Washington Street, Suite # 8-206  
Attleboro, MA 02703  
Email: quickquantum@aol.com  

/s/ Natalie Anderson  
Natalie Anderson  
679 Washington Street, Suite # 8-206  
Attleboro, MA 02703  
Email: liberty_6@msn.com

Dated: 9-15-23

3

# **EXHIBIT 1**

## Re: Case No. 1:22-cv-264-SE

| | |
|---|---|
| From: | Andre Bisasor (quickquantum@aol.com) |
| To: | rhilliard@uptonhatfield.com |
| Date: | Thursday, September 14, 2023 at 12:54 PM EDT |

Mr. Hilliard,

You emailed me once yesterday afternoon at 1.32pm and then filed your motion at 4.34pm.

That is not a good faith attempt to obtain concurrence. The rules and applicable case law show that emailing a party on the same day you intend to file, and then rushing to file without awaiting response or without allowing reasonable time to respond, is not good faith attempt at concurrence and violates Local Rule 7. Your representation in your motion that you did a good faith attempt to obtain concurrence is also a violation of Rule 11.

This is also on top of the fact that you evidently did not obtain the assent of the defendants and you rushed to file the motion after a notice of appeal had been filed in closed dismissed case, which is improper and intended to burden or harass the plaintiffs with needless litigation and costs.

I intend to move for sanctions unless you withdraw the motion. Please advise if you will withdraw the motion promptly.

Sincerely,
Andre Bisasor

# Exhibit 2

Case: 23-1765 Document: 00118060079 Page: 9 Date Filed: 10/05/2023 Entry ID: 6596024

10/5/23, 2:42 PM AOL Mail - Activity in Case 1:22-cv-00264-SE Anderson et al v. Donovan et al Order on Motion for Reconsideration

# Activity in Case 1:22-cv-00264-SE Anderson et al v. Donovan et al Order on Motion for Reconsideration

From: ecf_bounce@nhd.uscourts.gov

To: nef@nhd.uscourts.gov

Date: Wednesday, September 27, 2023 at 11:32 AM EDT

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

District of New Hampshire

## Notice of Electronic Filing

The following transaction was entered on 9/27/2023 at 11:30 AM EDT and filed on 9/26/2023

**Case Name:** Anderson et al v. Donovan et al
**Case Number:** 1:22-cv-00264-SE
**Filer:**
**WARNING: CASE CLOSED on 08/02/2023**
**Document Number:** No document attached

**Docket Text:**
**ENDORSED ORDER denying as moot [15] Motion for Reconsideration ; denying as moot [18] Motion to Intervene.** *Text of Order: The court granted the plaintiffs' motion for an extension of time to file a motion for reconsideration of the court's order of dismissal, clarifying that a motion for reconsideration extended the deadline to appeal until 30 days after the court decided the motion for reconsideration. Nevertheless, before the court could rule on the motion for reconsideration, the plaintiffs filed a notice of appeal of the court's order of dismissal. In light of the plaintiffs' appeal, this case is stayed and all pending motions are denied as moot without prejudice to refiling after plaintiffs' appeal is resolved.* So Ordered by Judge Samantha D. Elliott.(vln)

**1:22-cv-00264-SE Notice has been electronically mailed to:**

Andre C. Bisasor      quickquantum@aol.com

Russell F. Hilliard      rhilliard@upton-hatfield.com, smallon@upton-hatfield.com

**1:22-cv-00264-SE Notice, to the extent appropriate, must be delivered conventionally to:**

Natalie Anderson
679 Washington St, Ste # 8-206
Attleboro, MA 02703

# Exhibit 3

# U.S. District Court
## District of New Hampshire (Concord)
## CIVIL DOCKET FOR CASE #: 1:22-cv-00264-SE

| | |
|---|---|
| Anderson et al v. Donovan et al | Date Filed: 07/19/2022 |
| Assigned to: Judge Samantha D. Elliott | Date Terminated: 08/02/2023 |
| Case in other court: First Circuit Court of Appeals, 23-01765 | Jury Demand: Plaintiff |
| Cause: 28:1983 Civil Rights | Nature of Suit: 440 Civil Rights: Other |
| | Jurisdiction: Federal Question |

**Plaintiff**

Natalie Anderson     represented by     **Natalie Anderson**
679 Washington St, Ste # 8-206
Attleboro, MA 02703
617 710-7093
PRO SE

**Plaintiff**

Andre C. Bisasor     represented by     **Andre C. Bisasor**
679 Washington Street
Suite # 8-206
Attleboro, MA 02703
781 492-5675
Email: quickquantum@aol.com
PRO SE

V.

**Defendant**

Patrick Donovan

**Defendant**

NH Supreme Court

**Defendant**

NH Rules Advisory Committee

**Defendant**

NH Professional Conduct Committee

**Defendant**

Lorrie Platt

**Intervenor**

Craig S Donais     represented by     **Russell F. Hilliard**
Upton & Hatfield LLP
159 Middle St
Portsmouth, NH 03801
603 436-7046
Email: rhilliard@upton-hatfield.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/19/2022 | 1 | COMPLAINT against Patrick Donovan, NH Professional Conduct Committee, NH Rules Advisory Committee, NH Supreme Court, Lorrie Platt with Jury Demand (Filing fee $ 402 receipt number 14649021492) filed by Natalie Anderson, Andre Bisasor.(mc) (Entered: 07/20/2022) |
| 07/19/2022 | | Case assigned to Judge Joseph N. Laplante. The case designation is: 1:22-cv-264-JL. Please show this number with |

| | | |
|---|---|---|
| | | the judge designation on all future pleadings. (mc) (Entered: 07/20/2022) |
| 07/20/2022 | | NOTICE. This case has been designated for Electronic Case Filing. All further submissions shall be filed in compliance with the Administrative Procedures for Electronic Case Filing. Pro se litigants are not required to file electronically and may continue to file documents in paper format. Persons filing electronically are strongly encouraged to complete the interactive training modules available on the courts website. To access these modules, click HERE. (mc) (Entered: 07/20/2022) |
| 07/20/2022 | 2 | **ORDER OF RECUSAL. Judge Joseph N. Laplante recused. So Ordered by Judge Joseph N. Laplante.**(jb) (Entered: 07/20/2022) |
| 07/20/2022 | 3 | MOTION for Immediate Injunctive Relief and Preliminary Injunction, filed by Natalie Anderson, Andre Bisasor. (mc) (Entered: 07/20/2022) |
| 07/20/2022 | 4 | SUPPLEMENT TO MOTION FOR INJUNCTIVE RELIEF/ TRO filed by Natalie Anderson, Andre Bisasor.(mc) (Entered: 07/20/2022) |
| 07/20/2022 | | Case reassigned to Judge Samantha D. Elliott. The new case designation is: 1:22-cv-264-SE. Please show this number with the correct judge designation on all further pleadings. (mc) (Entered: 07/20/2022) |
| 07/20/2022 | 5 | MOTION to Participate in Electronic Filing, filed by Natalie Anderson, Andre Bisasor.(vln) (Entered: 07/20/2022) |
| 07/21/2022 | 6 | **ORDER denying 3 Motion for Immediate Injunctive Relief to the extent it requests a temporary restraining order. The court will rule on the portion of the motion that requests a preliminary injunction after the defendants have had an opportunity to respond. So Ordered by Judge Samantha D. Elliott.**(vln) (Entered: 07/21/2022) |
| 07/27/2022 | | **ENDORSED ORDER denying 5 Motion for to Participate in Electronic Filing.** *Text of Order: Denied. The motion is signed by only plaintiff Bisasor, not plaintiff Anderson. Under Local Rule 83.6(b), a pro se party must represent himself or herself and "may not authorize another person who is not a member of the bar of this court to appear on his or her behalf. That includes a spouse or relative and any other party on the same side who is not represented by an attorney."* So Ordered by Judge Samantha D. Elliott.(vln) (Entered: 07/27/2022) |
| 11/10/2022 | | **ENDORSED ORDER :** *Text of Order: On or before December 9, 2022, the plaintiffs shall show cause why the court should not conclude that they have abandoned their claims against the defendants. If they fail to file a status report, the court will dismiss their claims without prejudice for lack of prosecution pursuant to Rule 41(b).* So Ordered by Judge Samantha D. Elliott.(vln) (Entered: 11/14/2022) |
| 12/09/2022 | 7 | STATUS REPORT by Natalie Anderson, Andre Bisasor (vln) (Entered: 12/12/2022) |
| 12/09/2022 | 8 | MOTION to Participate in Electronic Filing filed by Natalie Anderson, Andre Bisasor.(vln) (Entered: 12/12/2022) |
| 12/12/2022 | | **ENDORSED ORDER granting 8 Motion for to Participate in Electronic Filing.** *Text of Order: Granted.* So Ordered by Judge Samantha D. Elliott.(vln) (Entered: 12/12/2022) |
| 12/12/2022 | | **ENDORSED ORDER re 7 Status Report.** *Text of Order: As requested in the plaintiffs' filing, they may file an amended complaint on or before January 11, 2023.* So Ordered by Judge Samantha D. Elliott.(vln) (Entered: 12/12/2022) |
| 01/09/2023 | 9 | MOTION to Extend Time filed by Natalie Anderson, Andre Bisasor.Follow up on Objection on 1/23/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (vln) (Entered: 01/10/2023) |
| 01/11/2023 | | **ENDORSED ORDER granting 9 Motion to Extend Time to Amend Complaint.** *Text of Order: : Granted. As requested the plaintiffs may file an amended complaint on or before April 1, 2023.* So Ordered by Judge Samantha D. Elliott. (vln) (Entered: 01/11/2023) |
| 03/31/2023 | 10 | Emergency MOTION to Extend Time to File Amended Complaint filed by Natalie Anderson.Follow up on Objection on 4/14/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Bisasor, Andre) (Entered: 03/31/2023) |
| 04/03/2023 | | **ENDORSED ORDER granting 10 Emergency MOTION to Extend Time to File Amended Complaint filed.** *Text of Order: Granted. No further extensions should be expected.* So Ordered by US Magistrate Judge Andrea K Johnstone. (vln) (Entered: 04/03/2023) |
| 05/12/2023 | 11 | MOTION to Extend Time to File Amended Complaint filed by Natalie Anderson.Follow up on Objection on 5/26/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Bisasor, Andre) (Entered: 05/12/2023) |
| 06/09/2023 | | **ENDORSED ORDER granting 11 Motion to Extend Time Amended Complaint.** *Text of Order: Based on the representations of the plaintiff that there shall be no further requests for an extension of time the motion is* |

| | | |
|---|---|---|
| | | *granted.* So Ordered by Magistrate Judge Andrea K. Johnstone. (vln) (Entered: 06/09/2023) |
| 08/02/2023 | 12 | **ORDER DISMISSING CASE** *(Case Closed).* **So Ordered by Judge Samantha D. Elliott.**(vln) (Entered: 08/03/2023) |
| 08/17/2023 | 13 | Emergency MOTION to Extend Time to September 5, 2023 *EXPEDITED/EMERGENCY MOTION FOR CLARIFICATION ON PROCEDURE FOR SEEKING VACATUR OR RECONSIDERATION OF DISMISSAL AND IN THE ALTERNATIVE MOTION FOR EXTENSION OF TIME TO FILE MOTION TO RECONSIDER DISMISSAL* filed by Natalie Anderson.Follow up on Objection on 8/31/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Bisasor, Andre) (Entered: 08/17/2023) |
| 08/18/2023 | | **ENDORSED ORDER granting** 13 **Motion to Extend Time to September 5, 2023.** *Text of Order: Granted to the extent that the plaintiff seeks an extension of time to file a motion for reconsideration until September 5, 2023, and denied to the extent that she seeks legal advice from the court.* **So Ordered by Judge Samantha D. Elliott.**(vln) (Entered: 08/18/2023) |
| 09/01/2023 | 14 | Emergency MOTION to Extend Time to 9/20/23 *EXPEDITED/EMERGENCY MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL [IF NECESSARY]* filed by Natalie Anderson.Follow up on Objection on 9/15/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Bisasor, Andre) (Entered: 09/01/2023) |
| 09/01/2023 | | **ENDORSED ORDER granting** 14 **Motion to Extend Time.** *Text of Order: Granted. If the plaintiff files a motion for reconsideration on or before September 5, 2023, any notice of appeal must be filed within 30 days after the court decides the motion for reconsideration. If the plaintiff does not file a motion for reconsideration on or before September 5, 2023, the deadline to file a notice of appeal remains September 5, 2023.* **So Ordered by Judge Samantha D. Elliott.**(vln) (Entered: 09/01/2023) |
| 09/05/2023 | 15 | MOTION for Reconsideration *MOTION FOR RECONSIDERATION OF THE COURTS 8-3-23 DISMISSAL WITH PREJUDICE FOR FAILURE TO PROSECUTE AND INCORPORATED MEMORANDUM WITH AFFIDAVIT* filed by Andre C. Bisasor.Follow up on Objection on 9/19/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Bisasor, Andre) (Entered: 09/05/2023) |
| 09/07/2023 | 16 | NOTICE of Notice of Errata *NOTICE OF ERRATA FOR MOTION FOR RECONSIDERATION OF THE COURTS 8-3-23 DISMISSAL WITH PREJUDICE FOR FAILURE TO PROSECUTE AND INCORPORATED MEMORANDUM WITH AFFIDAVIT* by Andre C. Bisasor.(Bisasor, Andre) (Entered: 09/07/2023) |
| 09/13/2023 | 17 | NOTICE of Notice of Appeal of the District Court of New Hampshire Final Judgment *and Order of Dismissal on 8-3-23* by Andre C. Bisasor.(Bisasor, Andre) (Entered: 09/13/2023) |
| 09/13/2023 | | **NOTICE of ECF Filing Error re:** 17 **Notice (Other) filed by Andre C. Bisasor.** **Filer used wrong event.** **Filer shall refile using the** *Appeal Documents / Notice of Appeal* **event and enter in docket text:** *Replaces document no. 7.* **If the filing party has any questions concerning this notice, please contact the judge's case manager at 603-226-7733. Compliance Deadline set for 9/20/2023.** (vln) (Entered: 09/13/2023) |
| 09/13/2023 | 18 | MOTION to Intervene as Other filed by Craig S Donais. Attorney Russell F. Hilliard added to party Craig S Donais(pty:intv).Follow up on Objection on 9/27/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Exhibit 1 - Objection to Motion for Reconsider Dismissal, # 2 Exhibit 2 - 1st Order on Mo to Intervene, # 3 Exhibit 3 - 2d Order on Mo to Intervene)(Hilliard, Russell) (Entered: 09/13/2023) |
| 09/13/2023 | 19 | NOTICE OF APPEAL as to 12 Order Dismissing Case by Natalie Anderson, Andre C. Bisasor. Filing fee $ 505, receipt number 940. File-stamped copy to be sent to parties/USCA by Clerks Office. **NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel and pro se parties should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf**(vln) (Entered: 09/14/2023) |
| 09/14/2023 | 20 | Appeal Cover Sheet as to 19 Notice of Appeal, filed by Natalie Anderson, Andre C. Bisasor (vln) (Entered: 09/14/2023) |
| 09/14/2023 | 21 | Clerk's Certificate transmitting Record on Appeal to US Court of Appeals, documents numbered 12, 19-21, re 19 Notice of Appeal. A copy of the Notice of Appeal mailed to all parties this date.(vln) (Entered: 09/14/2023) |
| 09/15/2023 | | Appellate Case Number: First Circuit Court of Appeals 23-1765 re 19 Notice of Appeal, filed by Natalie Anderson, |

| | | |
|---|---|---|
| | | Andre C. Bisasor.(vln) (Entered: 09/15/2023) |
| 09/15/2023 | 22 | NOTICE OF IMPROPER/INVALID FILING OF MOTION BY PROPOSED INTERVENOR by Andre C. Bisasor(Bisasor, Andre) (Entered: 09/15/2023) |
| 09/26/2023 | | **ENDORSED ORDER denying as moot 15 Motion for Reconsideration ; denying as moot 18 Motion to Intervene.** *Text of Order: The court granted the plaintiffs' motion for an extension of time to file a motion for reconsideration of the court's order of dismissal, clarifying that a motion for reconsideration extended the deadline to appeal until 30 days after the court decided the motion for reconsideration. Nevertheless, before the court could rule on the motion for reconsideration, the plaintiffs filed a notice of appeal of the court's order of dismissal. In light of the plaintiffs' appeal, this case is stayed and all pending motions are denied as moot without prejudice to refiling after plaintiffs' appeal is resolved.* So Ordered by Judge Samantha D. Elliott.(vln) (Entered: 09/27/2023) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 10/05/2023 14:45:48 | | | |
| **PACER Login:** | hermeneutics | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:22-cv-00264-SE |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |