UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

NO. 23-1765

Anderson, et al. v. Donovan, et al

**FINAL MOTION TO EXTEND DEADLINE TO FILE**
**RESPONSE TO SHOW CAUSE ORDER CONCERNING TIMELINESS OF APPEAL**

1. NOW COMES the Plaintiffs and respectfully request a final extension until December 4, 2023, of the Court's Order of November 9, 2023 requiring a response to a show cause order concerning the timeliness of appeal, to be filed in this Court by November 20, 2023.

2. As grounds therefor, the plaintiffs state the following.

3. As mentioned before, the plaintiffs had a family emergency that required travel (long distance to another distant state) on short notice concerning an elderly ailing parent. The plaintiffs were unable to attend to litigation matters during this time of travel and family emergency. As further indicated previously, due to the nature of the above circumstances, and due to unexpected car trouble experienced while returning home, the plaintiffs were delayed in returning home and only returned home from travel recently. As a result, the plaintiffs needed additional time to prepare and file the necessary response. And so plaintiff Bisasor, for the plaintiffs, filed a motion for extension on Tuesday 11/7/23 seeking extension until Monday 11/20/23.

4. It was then granted by the clerk in this first circuit case on 11/9/23 but the clerk's order stated there is a disinclination for further extension.

5. Plaintiff Bisasor had every intention to meet that deadline but have been recently stymied by two things.

    a) He was blindsided on 11/8/23 (literally the next day after he made the request for extension in the first circuit on 11/7/23) by another federal district court ordering him to file a major opposition filing by Friday 11/10/23, which bumped over to Monday 11/13/23 due to the veteran's holiday being observed on the Friday in federal court. Plaintiff Bisasor filed the filing on Monday 11/13/23, thinking that it was all set regarding his responsibilities on that major filing (which was 79 pages).

1

    b) Then on Wednesday 11/15/23 plaintiff Bisasor received a clerk's notice from the district court that he was required to refile the filing making significant changes and reworkings to it, and that he had 2 days until Friday 11/17/23 to do so. Plaintiff Bisasor then asked the district court clerk for an extension, but the district court clerk said to ask the district court judge instead. Plaintiff Bisasor then moved for an extension until Monday 11/27/23, which would fall right after the Thanksgiving holidays, but instead the district court judge gave him one business day extension until Monday11/20/23. The district court stated no further extensions will be granted.

6. It should be noted that the filing required to be refiled in a short space of time had to do with opposing a major multi-defendant motion to dismiss in a major case, and where the stakes involve possible automatic attorney fees under the antislapp statute if plaintiff Bisasor loses the motion, and also possible dismissal with prejudice if plaintiff Bisasor loses that motion (as an aggressive tricky dispositive motion by the defendants seeking such). The defendants in that case have 5 lawyers from 2 big downtown law firms working against plaintiff Bisasor as the sole pro se plaintiff in that case. If attorney fees are automatically awarded, it will be astronomical and plaintiff Bisasor will be bankrupted. So the stakes are very high for plaintiff Bisasor because he cannot afford to lose that motion.

7. So plaintiff Bisasor needed to work on complying with the district court's order up until midnight of 11/20/23, and have been unable to work on the two filings due in the first circuit on 11/20/23, which is a deadline for which the stakes are high also, because if plaintiff Bisasor misses the deadline for the appeal filings, then the appeal could be negatively affected or even forfeited, which plaintiff Bisasor does not want to occur. So the plaintiff Bisasor, on behalf of the plaintiffs (the other plaintiff being his wife) needed to ask for one final extension from this court, under the circumstances, until Monday, December 4, 2023.

8. Plaintiff Bisasor literally worked all night until 11.59pm to file his filing in federal district court. See screenshot below.

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**District of New Hampshire**

**Notice of Electronic Filing**

The following transaction was entered on 11/20/2023 at 11:59 PM EST and filed on 11/20/2023

9. If he had stopped working on the federal district court filing in order to work on the filings due in the First Circuit, he would have missed the deadline for the filing in federal district court. The federal district court judge was adamant that plaintiff Bisasor must meet the short deadline imposed on him by the judge (which was literally one business day encompassing the day of Monday 11/20/23 but including the intervening weekend), and that there would be no further extensions granted, with the implication that his failure to meet the deadline could be used against him as a failure to comply with a judge's order and with the implication that there would be deleterious consequences, or at least that is how it came across to him. The plaintiff Bisasor had no time to seek an extension on that district court order because he would not have heard back on that order in one day that day of 11/20/23. Moreover, the district court judge, again, was adamant that no further extensions would be granted.

10. Therefore, plaintiff Bisasor was in "a rock and a hard place". The stakes were crushingly high. There was no time to work on both the matter in federal district court and the matter in the first circuit, at the same time in such a short time period. He was faced with a "damned either way" "Hobson's choice".

11. This was the conflicting conundrum that plaintiff Bisasor found himself in, which was totally unexpected as he was blindsided by the series of events, outside of his control, that created the conundrum.

12. Plaintiff Bisasor could not have worked on the first circuit matter after returning home from his emergency travels, because the federal district court kept setting short deadlines back to back between the time he returned home up until the date of Monday 11/20/23. The first deadline was set with 2 days' notice for 11/10/23, which became 11/13/23 because of the holiday. After meeting that deadline, the clerk's office set another separate deadline with only 2 day's notice for 11/17/23. Then upon request

for an extension of the clerk's deadline because of the 2 days' notice, a deadline was set by the district court judge with only 1 business day notice. These successive back to back deadlines over the past 10 days, gave plaintiff Bisasor no chance to breathe and plaintiff Bisasor has effectively been on a "hamster wheel" or "treadmill" during this time. If he had known that these series of events were going to occur, he would have, on 11/7/23, asked the first circuit for a longer extension of time than simply 11/20/23. When he asked for an extension until 11/20/23 from this court, he was being measured and conservative as he did not want to appear to be asking for more time than he needed. And he really thought at the time that 11/20/23 would provide enough time to complete the filings in this first circuit. However, as detailed above, the very next day after seeking extension until 11/20/23 in this court, the federal district court began an unusual series of events that he could not have anticipated.

13. Also, notwithstanding the above events, he was hesitant to ask this court for another extension and had the intention of still trying to meet the deadline, which is part of the reason why he requested an extension of the 11/17/23 deadline in federal district court until 11/27/23[1], which would at least allow him the weekend through Monday 11/20/23, to work on the first circuit filings.

14. Although it would be difficult to do so over the weekend, this was his final hope that he could still try to minimally meet the deadline on 11/20/23 for the first circuit. But that hope was thoroughly dashed when on 11/17/23, the federal district court judge only gave him one business day until the very next business day of Monday 11/20/23 to complete the filing in the federal district court, which was the same deadline that had been set in this court.

15. Plaintiff Bisasor was at a loss as to what to do. So, due to the courts being closed on the weekend, he had to choose to work on the federal district court filings over the weekend. And then on Monday morning of 11/20/23, he promptly tried calling the first circuit court office to inform the court of the situation and to find out if it is permissible to seek a final extension. The plaintiff was concerned that

---

[1] Another reason was the fact that this would involve the holiday week of Thanksgiving and so he requested the Monday after Thanksgiving in order to clear the hectic Holiday period.

the clerk's order meant that he was not permitted to file another motion for extension. But no matter how he tried calling the first circuit on 11/20/23, he could not reach anyone as the phones kept going unanswered and eventually to voicemail. He did leave a voicemail explaining the situation and requesting a callback but there was no callback. He continued calling throughout the day but to no avail. So finally, in a state of desperation, he tried finding contact information for the clerk office or his case manager on the first circuit court website. But this too was to no avail. He continued searching but to no avail, until he found one piece of contact information for someone called the First Circuit executive who apparently handles media inquiries and certain other administrative matters of the first circuit. See **Exhibit 1**.

16. So plaintiff Bisasor emailed that person, desperately seeking assistance or to ask to have the case manager contact him. This finally worked as the case manager did eventually contact plaintiff Bisasor in the afternoon. The plaintiff Bisasor explained the situation and his concerns, and he was advised to file a motion informing the court and seeking an extension. The case manager also explained that just because the clerk's order said "disinclination", it does not mean that a motion could not be filed seeking another extension explaining the circumstances requiring the need for it. Plaintiff Bisasor asked if such were to be filed that day, would he hear back the same day. The case manager explained that it was unlikely because there was likely a backlog of filings over the weekend that would need to be addressed before Bisasor's was addressed and that it would likely be addressed tomorrow. He also said that plaintiff Bisasor did not necessarily need to file it right away given the above, but could do so up until midnight. After hearing these things, plaintiff Bisasor was somewhat relieved and followed the information and recommendation provided.

17. Hence, plaintiff Bisasor is now filing this motion seeking a final extension. He tried filing it last night but was unable to do so before midnight as he literally filed the federal district court filing at 11.59pm last night as shown above. He was tired and worn out and unable to file this motion until first thing this morning.

18. This is a reasonable request under the circumstances.

19. NB: It is plaintiff Bisasor's understanding that when lawyers have conflicting deadlines that fall on or around the same dates, courts usually allow that as a consideration for granting an extension of a deadline, which is the same situation facing Bisasor, even though he is a nonlawyer.

20. The extension until Monday 12/4/23 is requested for several reasons including:

    a. There are two major filings due in this court which require careful treatment and adequate time is needed to complete those.

    b. There is a major holiday period coming up this week.[2]

    b. Plaintiff Bisasor has further court deadlines coming up in the federal district court matter as well as medical appointments etc., that will affect his time availability, and he needs to ensure that he asks for adequate time so that he does not need to come back to the court for more time and it is better to ask for the time needed upfront rather than to keep coming back to the court, which mistake was evidently made last time. As noted below, this is the final request for extension, and if granted, he does not intend to come back to the court for more extension on this issue.

    c. Another consideration for this motion relates to plaintiffs' pro se status and that this should allow some consideration of that. As a pro se, the plaintiffs are not trained as lawyers and may take more time to formulate responses and arguments than a trained lawyer would. Also, the plaintiffs do not have assistants or a law office to support them and have ongoing work, family, medical and other obligations that impede their ability to focus on legal matters in the way a lawyer, as one paid to do so work, would or could do.

    a. Plaintiff Bisasor has certain health challenges as an older citizen which is not unusual for older citizens, that may impede his ability to meet every court requirement.

---

[2] Most people begin travels for Thanksgiving to be with family or to prepare for Thanksgiving day and related activities of that day from the Tuesday or Wednesday before Thanksgiving day depending on how far they have to travel and/or depending on if they have the time off from work, etc., among other reasons. Then the day after that is Thanksgiving day (11/23/23). And the day after that is Friday 11/24/23, which is normally treated as a holiday and which most people continue to enjoy holiday time with family and continue the Thanksgiving holiday activities, going into the Thanksgiving holiday weekend.

    b. Finally, the plaintiffs are African-American and of little resources, which further creates disadvantages for them in dealing with or navigating the legal system. There are certain limitations on access to resources, access to information, access to certain tools and access to networks that make this more difficult for persons of color and who are of limited resources.

21. Given the stakes involved, the plaintiffs ask that the court allow the plaintiffs a final opportunity to provide the filings, with adequate time that will allow them to be properly and meaningfully heard.

22. This will be final request for an extension on this issue.

23. WHEREFORE, the Plaintiffs respectfully request that this Court extend the deadline by an additional 14 days until December 4, 2023, to file a response to the show cause order concerning timeliness of the appeal or any other relief the Court deems proper. Please also grant a pro se liberal approach to this request.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206,
Attleboro, MA 02703
T: 781-492-5675
Email: quickquantum@aol.com

/s/ Natalie Anderson
Natalie Anderson
679 Washington Street, Suite # 8-206,
Attleboro, MA 02703
T: 617-710-7093
Email: liberty_6@msn.com

November 21, 2023

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served to any party that is required to be served in this case.

/s/ Andre Bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
T: 781-492-5675
Email: quickquantum@aol.com

# EXHIBIT 1

# Re: Urgent Contact | Litigant | 23-1765 Anderson, et al v. Donovan, et al

From:    Susan Goldberg (susan_goldberg@ca1.uscourts.gov)

To:       quickquantum@aol.com

Date:    Monday, November 20, 2023 at 01:29 PM EST

I have contacted the Clerk's Office and someone will call you today, if they haven't already.

> On Nov 20, 2023, at 1:08 PM, Andre Bisasor <quickquantum@aol.com> wrote:
>
> **CAUTION - EXTERNAL:**
>
> Dear First Circuit Executive,
>
> I am reaching out to you because I have been trying to reach the clerk's office for some time but have been unable to get to speak to someone. It keeps going to voicemail each time I call. I did leave a message but time is of the essence and need to speak to someone today for the following reasons.
>
> I have a deadline today to file two documents in a case I have before the first circuit. [23-1765 Anderson, et al v. Donovan, et al].
>
> But I have an emergency situation that I did not anticipate and which was sprung upon me recently, and which has prevented me from being able to complete the filings by today's deadline.
>
> I do not know what to do because I asked for an extension in this first circuit on 11/7/23 until today 11/20/23. It was granted by the clerk in this first circuit case on 11/9/23 but the first circuit clerk's order stated there is a disinclination for further extension. I had every intention to meet today's deadline but I have been recently stymied by two things. 1) I was blindsided on 11/8/23 (literally the next day after I made my request for extension in the first circuit) by another federal district court ordering me to file a major filing by Friday 11/10/23, which bumped over to Monday 11/13/23 due to the veteran's holiday. I filed the filing on Monday 11/13/23, thinking that I was all set. Then on Wednesday 11/15/23 I received a clerk's notice from the district court that I was required to refile the filing making significant changes and reworkings to it,  and that I had 2 days until Friday 11/17/23 to do so. I asked the district court clerk for an extension but the district court clerk said to ask the district court judge. I then moved for an extension until Monday 11/27/23, right after the Thanksgiving holidays, but instead the district court gave me one business day extension until today Monday11/20/23.  The court stated no further extensions. The filing has to do with opposing a major multi-defendant motion to dismiss in a major case, and where the stakes involves possible automatic attorney fees under the antislapp statute if I lose the motion, and also dismissal with prejudice if I lose. The defendants have 5 lawyers from 2 big downtown law firms working against me as the sole pro se plaintiff in that case. If attorney fees are automatically awarded, it will be astronomical and I will be bankrupted. So I needed to work on complying with the court's order today and have been unable to work on the two filings due today in the first circuit. Yet, I have a deadline today as well in the first circuit, which the stakes are high too because if I miss the deadline I could forfeit my appeal, which I do not want to do. So I need to ask for one final extension under the circumstances until December 1, 2023. I believe my case manager is Antonio. I do not have an email or

phone number for him. Could you assist me with this matter, or have Antonion contact me at this email or at 781-492-5675

I would be eternally grateful.

Thanks
Andre Bisasor

**CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.**