UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

NO. 23-1765

Anderson, et al. v. Donovan, et al

**RESPONSE TO SHOW CAUSE ORDER CONCERNING TIMELINESS OF APPEAL**

1.  NOW COMES the plaintiffs and respectfully submit this response to a show cause order concerning the timeliness of appeal. As grounds therefor, the plaintiffs state the following.

**A.  Procedural Facts**

2.  On 8/2/23 the district court, sua sponte, dismissed this case for failure to prosecute.

3.  On 8/3/23 the district court clerk entered the order on the docket, as follows [See also **Exhibit A** for district court docket. See also **Exhibit B** for district court order of dismissal.].

> 08/02/2023   [12]  ORDER DISMISSING CASE (Case Closed). So Ordered by Judge Samantha D. Elliott.(vln) (Entered: 08/03/2023)

4.  On 8/17/23, the plaintiffs requested an extension of time to file a motion to reconsider the dismissal, until 9/5/23, as follows (see also **Exhibit C**).

> 08/17/2023   [13]  Emergency MOTION to Extend Time to September 5, 2023 EXPEDITED/EMERGENCY MOTION FOR CLARIFICATION ON PROCEDURE FOR SEEKING VACATUR OR RECONSIDERATION OF DISMISSAL AND IN THE ALTERNATIVE MOTION FOR EXTENSION OF TIME TO FILE MOTION TO RECONSIDER DISMISSAL

5.  On 8/18/23, the district court granted the extension of time to file a motion to reconsider dismissal until 9/5/23, as follows.

> 08/18/2023   ENDORSED ORDER granting 13 Motion to Extend Time to September 5, 2023. Text of Order: Granted to the extent that the plaintiff seeks an extension of time to file a motion for reconsideration until September 5, 2023, and denied to the extent that she seeks legal advice from the court. So Ordered by Judge Samantha D. Elliott.(vln) (Entered: 08/18/2023)

6.  On 9/1/23, the plaintiffs filed a motion for extension of time to file a notice of appeal in the district court pursuant to the applicable rule, as follows (see also **Exhibit D**).

> 09/01/2023   [14]  Emergency MOTION to Extend Time to 9/20/23 EXPEDITED/EMERGENCY MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL [IF NECESSARY]

7.  On 9/1/23, the district court granted that plaintiffs may file a notice of appeal after the 30 day deadline to file a notice of appeal, if plaintiffs filed a motion to reconsider by 9/5/23, as follows.

> 09/01/2023   ENDORSED ORDER granting 14 Motion to Extend Time. Text of Order: Granted. If the plaintiff files a motion for reconsideration on or before September 5, 2023, any notice of appeal must be filed within 30 days after the court decides the motion for reconsideration. If the plaintiff does not file a motion for reconsideration on or before September 5,

2023, the deadline to file a notice of appeal remains September 5, 2023. So Ordered by Judge Samantha D. Elliott.(vln) (Entered: 09/01/2023)

8. On 9/5/23, the plaintiffs filed a motion to reconsider dismissal, as follows (See also **Exhibit E).**

> 09/05/2023   [15]  MOTION for Reconsideration MOTION FOR RECONSIDERATION OF THE COURTS 8-3-23 DISMISSAL WITH PREJUDICE FOR FAILURE TO PROSECUTE AND INCORPORATED MEMORANDUM WITH AFFIDAVIT (Entered: 09/05/2023)

9. On 9/13/23, a proposed intervenor filed a motion to intervene in the district court case and included an objection to the motion to reconsider dismissal with his motion[1], as follows.

> 09/13/2023   [18]  MOTION to Intervene as Other filed by Craig S Donais. Attorney Russell F. Hilliard added to party Craig S Donais(pty:intv). (Entered: 09/13/2023)

10. On 9/13/23, the plaintiffs filed a notice of appeal in order to preserve plaintiffs' rights, as follows.

> 09/13/2023   [17]  NOTICE of Notice of Appeal of the District Court of New Hampshire Final Judgment and Order of Dismissal on 8-3-23 by Andre C. Bisasor.(Bisasor, Andre) (Entered: 09/13/2023)

11. On 9/13/23, the district court clerk entered the plaintiff's notice of appeal again, recording it with a stamped receipt of payment of the filing fee, as follows.

> 09/13/2023   [19]  NOTICE OF APPEAL as to 12 Order Dismissing Case by Natalie Anderson, Andre C. Bisasor. Filing fee $ 505, receipt number 940. File-stamped copy to be sent to parties/USCA by Clerks Office.

12. On 9/14/23, the district court clerk entered a cover sheet for the appeal, as follows.

> 09/14/2023   [20]  Appeal Cover Sheet as to 19 Notice of Appeal, filed by Natalie Anderson, Andre C. Bisasor (vln) (Entered: 09/14/2023)

13. On 9/14/23, the district court clerk entered a certificate of transmission of the record to the first circuit, as follows.

> 09/14/2023   [21] Clerk's Certificate transmitting Record on Appeal to US Court of Appeals, documents numbered 12, 19-21, re 19 Notice of Appeal. A copy of the Notice of Appeal mailed to all parties this date.(vln) (Entered: 09/14/2023)

14. On 9/15/23, the case was entered in the first circuit and assigned a case number in the first circuit, as follows.

> 09/15/2023   Appellate Case Number: First Circuit Court of Appeals 23-1765 re 19 Notice of Appeal, filed by Natalie Anderson, Andre C. Bisasor.(vln) (Entered: 09/15/2023)

15. On 9/15/23, the plaintiffs filed a notice of improper/invalid filing of motion by proposed intervenor, as follows (see also **Exhibit F**).

---

[1] NB: The district court case was in a dismissed closed posture as of 8-3-23. The case had not been served on the defendants as yet at that time and the case has not been served on the defendants to the present date. In this case, the plaintiffs are only parties appearing in the case prior to the dismissal. At no time prior to the dismissal did any party, save the plaintiffs, seek to enter an appearance, or file any pleadings in this case.

09/15/2023    [22] NOTICE OF IMPROPER/INVALID FILING OF MOTION BY PROPOSED INTERVENOR by Andre C. Bisasor(Bisasor, Andre) (Entered: 09/15/2023)

16. On 9/26/23, the district court denied the motion to reconsider, as follows.

09/26/2023    ENDORSED ORDER denying as moot 15 Motion for Reconsideration ; denying as moot 18 Motion to Intervene. Text of Order: The court granted the plaintiffs' motion for an extension of time to file a motion for reconsideration of the court's order of dismissal, clarifying that a motion for reconsideration extended the deadline to appeal until 30 days after the court decided the motion for reconsideration. Nevertheless, before the court could rule on the motion for reconsideration, the plaintiffs filed a notice of appeal of the court's order of dismissal. In light of the plaintiffs' appeal, this case is stayed and all pending motions are denied as moot without prejudice to refiling after plaintiffs' appeal is resolved. So Ordered by Judge Samantha D. Elliott.(vln) (Entered: 09/27/2023).

## B. Overall Reasons To Not Dismiss This Appeal

17. The appeal is timely because the appeal was filed in accord with the instructions from the district court judge. The plaintiffs thus filed this appeal[2] in a timely fashion.

18. Even if, assuming arguendo, the appeal is somehow technically untimely (which the plaintiffs do not concede), it should be allowed to move forward because of excusable neglect or for good cause. The plaintiffs relied upon the representation of the district court judge in determining the time compliance for the post-dismissal filings and appeal.

19. The district court judge denied without prejudice the motion for reconsideration (which was pending prior to the issuance of this show cause order), in favor of allowing the appeal to go forward.

20. The case should not have been dismissed (and certainly not with prejudice). This was unduly harsh and without warning. Cases should be resolved on the merits, not on the fortuitous concurrence of technicalities. The appeal is meritorious and justice requires fair resolution of the appeal.

21. Similarly, the plaintiffs are pro se and should be afforded some leeway in seeking to avail themselves of the equal access to the justice system and to the courts.

---

[2] The proposed intervenor tried to illicitly and improperly interfere with the district court case by seeking to intervene after dismissal and after plaintiffs' filing of a motion to reconsider dismissal, with the intent to obstruct the orderly processing and decision by the district court on the motion to reconsider the district court's dismissal with prejudice of 8/3/23 (which the district court was perfectly capable of properly disposing of without the unsolicited and impertinent imposition by the proposed intervenor at that stage of the proceedings) and by contumaciously using a motion to intervene as a vehicle to propound objection to the motion to reconsider as an exhibit which is an end-run around the court rules, so the plaintiffs had no choice but to file a notice of appeal prior to the district court's ruling on the motion to reconsider in order to protect the integrity of the case and to prevent the case from being bogged down by the vexatious interference by the proposed intervenor, which would also have only delayed the disposition of the motion to reconsider by the district court and which would led to the proposed intervenor tying up the case on appeal to the first circuit if the district court ruled against him (which is a pattern of conduct by the proposed intervenor in other cases). See also the **plaintiffs' objection to the motion to intervene** that is being concurrently being filed this day along with this response.

3

## C. Further Specific Reasons To Not Dismiss This Appeal

22. On 10/4/23, this court entered the following show cause order:

> ORDER to Show Cause entered directing appellant to show cause why this appeal should not be dismissed as untimely. Accordingly, it is hereby ordered that appellants either move for voluntary dismissal under Fed. R. App. P. 42(b) or show cause, in writing, why this appeal should not be dismissed. The failure to take either action by October 18, 2023 will lead to dismissal of the appeal for lack of diligent prosecution. See 1st Cir. R. 3.0(b). [23-1765] (AL) [Entered: 10/04/2023 05:29 PM]

23. This appeal should not be dismissed for the following reasons including but not limited to the fact that:

   a) The district court judge wrote the order of dismissal on 8/2/23. However, the district court clerk entered the dismissal on the docket on 8/3/23.

   b) Therefore, the date of the dismissal is 8/3/23 by operation of court rules because it is the clerk's entry of judgment that is the effective date of the judgment.

   c) A timely motion to extend time to file a motion to reconsider the district court's 8/3/23 dismissal was (conservatively) filed on 8/17/23 within 14 days of the 8/3/23 dismissal and it was granted on 8/18/23 by the district court to be thereafter due on 9/5/23.  [NB: The 8/2/23 date of the written district court's order of the dismissal cannot be a basis to determine that this appeal is untimely].

   d) A timely motion for extension of time to file a notice of appeal was filed in the district court pursuant to the applicable rule, on 9/1/23, and the district court granted on 9/1/23 that plaintiffs may file a notice of appeal after the 30 day deadline to file a notice of appeal, if plaintiffs filed a motion to reconsider by 9/5/23.

   e) The plaintiffs actually did timely file a notice of appeal prior to the expiration of the new relevant deadline to file a notice of appeal that was granted by the district court; and

   f) The district court ultimately denied the motion to reconsider as moot on 9/26/23, thus removing any question of timeliness of this appeal (i.e., since according to the applicable rule, the denial of the motion to reconsider operates to resolve the timing of the prior-filed notice of appeal and there is nothing further to be disposed of in the district court, meaning that the case is fully ripe for appeal). See again **Exhibit A** for the district court docket, updated with the last district court order entered on 9/26/23.

4

g) Therefore, the plaintiffs complied with and met all applicable deadlines and court orders of the district court, and followed all of the district court directions, and in so doing relied upon the district court's directions and orders, and thus the appeal is timely and should not be dismissed.

24. Hence, the only basis for suggesting that this appeal is to be treated "as untimely" is to suggest that it was filed prematurely before the entry of a final judgment.

25. The reasons why this appeal should not be dismissed as premature will be further addressed in the next section below.

### D. Timeliness of Notice of Appeal

26. Courts of appeals may only hear appeals from "final decisions" of district courts. 28 U.S.C. § 1291.

27. "[T]he term 'final decision' normally refers to a final judgment." Sell v. United States, 539 U.S. 166, 176, 123 S.Ct. 2174, 156 L.Ed.2d 197 (2003).

28. "[A] judgment is final only where it 'leaves nothing for the court to do but execute the judgement.'" Consol. Rail Corp. v. Fore River Ry. Co., 861 F.2d 322, 325 (1st Cir.1988) (quoting Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945)).

29. The district court entered a judgment of dismissal in this case on August 3, 2023.

30. The plaintiffs filed a timely motion for reconsideration on September 5, 2023.

31. The district court issued an order on the motion for reconsideration on September 26, 2023, which was the last order issued by the district court in this case.

32. The plaintiffs appealed the judgment of dismissal by filing a notice of appeal filed on September 13, 2023 — which was 5 weeks after the entry of dismissal but two weeks before the district court's decision on a motion for reconsideration of that dismissal.

33. Therefore, either the dismissal on August 3, 2023 was a final appealable judgment or the order denying the motion for reconsideration on September 26, 2023 was effectively a final appealable judgment because either instance all claims in the case were or would have been disposed of in this case. The fact that the

dismissal was with prejudice further underscores the final appealable nature of the dismissal by the district court on August 3, 2023.

34. Thus, in order to exercise jurisdiction over this action, this court must find that either: (1) the September 13, 2023 appeal was timely because the order of dismissal underlying that appeal were final; or, if the orders were not final (2) the premature appeal ripened into a timely notice of appeal following the district court's final order entered in this case, on September 26, 2023. See Estate of Barrett ex rel. Estate of Barrett v. United States, 462 F.3d 28 (2006).

35. Even if the order appealed from on September 13, 2023 was not final and thus not appealable, the court must determine whether Plaintiffs' purportedly premature September 13, 2023 appeal nevertheless ripened into a timely notice of appeal after the entry of the district court's last order on the motion for reconsideration on September 26, 2023. See Estate of Barrett ex rel. Estate of Barrett v. United States, 462 F.3d 28 (2006).

36. The Federal Rule of Appellate Procedure 4(a)(2) addresses premature notices of appeal, stating that "[a] notice of appeal filed after the court announces a decision or order — but before the entry of judgment or order — is treated as filed on the date of and after the entry."

37. In FirsTier Mortgage Co. v. Investors Mortgage Insurance Co., 498 U.S. 269, 111 S.Ct. 648, 112 L.Ed.2d 743 (1991), the US Supreme Court held that "Rule 4(a)(2) permits a notice of appeal filed from certain nonfinal decisions to serve as an effective notice from a subsequently entered final judgment." Id. at 274, 111 S.Ct. 648. [NB: The US Supreme Court noted, however, that Rule 4(a)(2) does not render all premature notices of appeal effective upon the entry of final judgment. Then it further noted that, "Rule 4(a)(2) permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that would be appealable if immediately followed by the entry of judgment." Id. at 276, 111 S.Ct. 648.]

38. Here, the district court in this case had ordered the dismissal of all of Plaintiffs claims against all Defendants prior to Plaintiffs appeal, and had entered a last order on reconsideration after the Plaintiffs appeal. If the

last order on reconsideration is treated as the final entry of judgment, then (under FirsTier) since the orders of dismissal would have been appealable once the perfunctory entry of judgment was made, Plaintiffs' premature notice of appeal would ripen into a timely notice after the entry of final judgment. See id. at 277, 111 S.Ct. 648 (holding that premature appeal of bench ruling which "purported] to dispose of all of [plaintiffs] claims" ripened upon entry of final judgment).

39. Here, the district court in this case ordered the dismissal of Plaintiffs claims against all Defendants prior to Plaintiffs appeal. Thus, the orders appealed from were literally decisions that would be appealable if immediately followed by the entry of judgment. See Clausen v. Sea-3, Inc., 21 F.3d 1181, 1186 (1st Cir.1994).

### E. Rule 54(b) Certification is Inapplicable In This Instance

40. Rule 54(b) certification by a district court is generally required by the first circuit if a dismissal disposes only of some but not all claims in a case.

41. However, the district court's dismissal on August 3, 2023 did dispose of all the claims in this case. Therefore, final judgment could perfunctorily be entered following that ruling, absent the certification called for by Rule 54(b).

42. Yet if, assuming arguendo, Rule 54(b) certification was required in this instance (which it was not), then the district court did effectively certify the appealability of its order in its decision on September 26, 2023 when it stated:

> ENDORSED ORDER denying as moot 15 Motion for Reconsideration; denying as moot 18 Motion to Intervene. Text of Order: The court granted the plaintiffs' motion for an extension of time to file a motion for reconsideration of the court's order of dismissal, clarifying that a motion for reconsideration extended the deadline to appeal until 30 days after the court decided the motion for reconsideration. Nevertheless, before the court could rule on the motion for reconsideration, the plaintiffs filed a notice of appeal of the court's order of dismissal. In light of the plaintiffs' appeal, this case is stayed and all pending motions are denied as moot without prejudice to refiling after plaintiffs' appeal is resolved. So Ordered by Judge Samantha D. Elliott

43. The premature notice in the Clausen case ripened upon the entry of a Rule 54(b) certification.

44. Technically speaking, the decision in this case was not needed to be certified because all claims were dismissed by the district court. But even if certification was required and even if it had never been certified, final judgment was eventually entered disposing of all claims.

45. A decision underlying a premature notice is appealable immediately following entry of judgment.

46. See *Outlaw v. Airtech Air Conditioning and Heating, Inc.*, 412 F.3d 156, 162 (D.C.Cir.2005) ("[FirsTier] asks hypothetically whether the nonfinal decision from which an appeal was noted would be appealable if immediately followed by the entry of judgment.").

47. All that is required is that "[t]here must at some point prior to consideration of the appeal actually have been a final appealable judgment of some sort entered."

48. Therefore, the plaintiffs' premature notice of appeal ripened upon the entry of final judgment on September 26, 2023.

49. See *Ruiz v. McDonnell*, 299 F.3d 1173, 1179-80 (10th Cir.2002) (holding that plaintiffs notice of appeal filed after the dismissal of all except one defendant ripened upon the district court's entry of default judgment against the remaining defendant); *id.* at 1179 ("[A] notice of appeal filed before the district court disposes of all claims is nevertheless effective if the appellant obtains either certification pursuant to [Rule 54(b) ] or final adjudication before the court of appeals considers the case on its merits.").

50. This court therefore has jurisdiction to consider the plaintiffs' appeal. The appeal is timely and should not be dismissed. See again *Estate of Barrett ex rel. Estate of Barrett v. United States*, 462 F.3d 28 (2006).

### F. Conclusion

51. WHEREFORE, the plaintiffs respectfully request that this court grant this response to the show cause order concerning timeliness of the appeal and allow this appeal to go forward, or any other relief the court deems proper.  Please also grant a pro se liberal approach to this request.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206,
Attleboro, MA 02703
T: 781-492-5675
Email: quickquantum@aol.com

/s/ Natalie Anderson
Natalie Anderson
679 Washington Street, Suite # 8-206,
Attleboro, MA 02703
T: 617-710-7093
Email: liberty_6@msn.com

December 4, 2023

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served to any party that is required to be served in this case.

/s/ Andre Bisasor

Andre Bisasor

679 Washington Street, Suite # 8-206

Attleboro, MA 02703

T: 781-492-5675

Email: quickquantum@aol.com

# EXHIBIT A

12/4/23, 5:23 PM  Case: 23-1765    Document: 00118081092    Page: 11    Date Filed: 12/04/2023    Entry ID: 6607692
CM/ECF - US District Court

APPEAL,CLOSED,JLrecused

# U.S. District Court
## District of New Hampshire (Concord)
## CIVIL DOCKET FOR CASE #: 1:22-cv-00264-SE

| | |
|---|---|
| Anderson et al v. Donovan et al | Date Filed: 07/19/2022 |
| Assigned to: Judge Samantha D. Elliott | Date Terminated: 08/02/2023 |
| Case in other court: First Circuit Court of Appeals, 23-01765 | Jury Demand: Plaintiff |
| Cause: 28:1983 Civil Rights | Nature of Suit: 440 Civil Rights: Other |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Natalie Anderson**                     represented by   **Natalie Anderson**
679 Washington St, Ste # 8-206
Attleboro, MA 02703
617 710-7093
PRO SE

**Plaintiff**

**Andre C. Bisasor**                     represented by   **Andre C. Bisasor**
679 Washington Street
Suite # 8-206
Attleboro, MA 02703
781 492-5675
Email: quickquantum@aol.com
PRO SE

V.

**Defendant**

**Patrick Donovan**

**Defendant**

**NH Supreme Court**

**Defendant**

**NH Rules Advisory Committee**

**Defendant**

**NH Professional Conduct Committee**

**Defendant**

**Lorrie Platt**

**Intervenor**

**Craig S Donais**                       represented by   **Russell F. Hilliard**
Upton & Hatfield LLP
159 Middle St
Portsmouth, NH 03801

603 436-7046
Email: rhilliard@upton-hatfield.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/19/2022 | 1 | COMPLAINT against Patrick Donovan, NH Professional Conduct Committee, NH Rules Advisory Committee, NH Supreme Court, Lorrie Platt with Jury Demand (Filing fee $ 402 receipt number 14649021492) filed by Natalie Anderson, Andre Bisasor.(mc) (Entered: 07/20/2022) |
| 07/19/2022 | | Case assigned to Judge Joseph N. Laplante. The case designation is: 1:22-cv-264-JL. Please show this number with the judge designation on all future pleadings. (mc) (Entered: 07/20/2022) |
| 07/20/2022 | | NOTICE. This case has been designated for Electronic Case Filing. All further submissions shall be filed in compliance with the Administrative Procedures for Electronic Case Filing. Pro se litigants are not required to file electronically and may continue to file documents in paper format. Persons filing electronically are strongly encouraged to complete the interactive training modules available on the courts website. To access these modules, click HERE. (mc) (Entered: 07/20/2022) |
| 07/20/2022 | 2 | **ORDER OF RECUSAL. Judge Joseph N. Laplante recused. So Ordered by Judge Joseph N. Laplante.(jb)** (Entered: 07/20/2022) |
| 07/20/2022 | 3 | MOTION for Immediate Injunctive Relief and Preliminary Injunction, filed by Natalie Anderson, Andre Bisasor.(mc) (Entered: 07/20/2022) |
| 07/20/2022 | 4 | SUPPLEMENT TO MOTION FOR INJUNCTIVE RELIEF/ TRO filed by Natalie Anderson, Andre Bisasor.(mc) (Entered: 07/20/2022) |
| 07/20/2022 | | Case reassigned to Judge Samantha D. Elliott. The new case designation is: 1:22-cv-264-SE. Please show this number with the correct judge designation on all further pleadings. (mc) (Entered: 07/20/2022) |
| 07/20/2022 | 5 | MOTION to Participate in Electronic Filing, filed by Natalie Anderson, Andre Bisasor. (vln) (Entered: 07/20/2022) |
| 07/21/2022 | 6 | **ORDER denying 3 Motion for Immediate Injunctive Relief to the extent it requests a temporary restraining order. The court will rule on the portion of the motion that requests a preliminary injunction after the defendants have had an opportunity to respond. So Ordered by Judge Samantha D. Elliott.(vln)** (Entered: 07/21/2022) |
| 07/27/2022 | | **ENDORSED ORDER denying 5 Motion for to Participate in Electronic Filing. *Text of Order: Denied. The motion is signed by only plaintiff Bisasor, not plaintiff Anderson. Under Local Rule 83.6(b), a pro se party must represent himself or herself and "may not authorize another person who is not a member of the bar of this court to appear on his or her behalf. That includes a spouse or relative and any other party on the same side who is not represented by an attorney." So Ordered by Judge Samantha D. Elliott.(vln)*** (Entered: 07/27/2022) |
| 11/10/2022 | | **ENDORSED ORDER :**<br><br>*Text of Order: On or before December 9, 2022, the plaintiffs shall show cause why the court should not conclude that they have abandoned their claims against the defendants. If they fail to file a status report, the court will dismiss their claims without prejudice for* |

| | | *lack of prosecution pursuant to Rule 41(b).* So Ordered by Judge Samantha D. Elliott. (vln) (Entered: 11/14/2022) |
|---|---|---|
| 12/09/2022 | 7 | STATUS REPORT by Natalie Anderson, Andre Bisasor (vln) (Entered: 12/12/2022) |
| 12/09/2022 | 8 | MOTION to Participate in Electronic Filing filed by Natalie Anderson, Andre Bisasor.(vln) (Entered: 12/12/2022) |
| 12/12/2022 | | **ENDORSED ORDER granting 8 Motion for to Participate in Electronic Filing.** *Text of Order: Granted.* So Ordered by Judge Samantha D. Elliott.(vln) (Entered: 12/12/2022) |
| 12/12/2022 | | **ENDORSED ORDER re 7 Status Report.** *Text of Order: As requested in the plaintiffs' filing, they may file an amended complaint on or before January 11, 2023.* So Ordered by Judge Samantha D. Elliott.(vln) (Entered: 12/12/2022) |
| 01/09/2023 | 9 | MOTION to Extend Time filed by Natalie Anderson, Andre Bisasor.Follow up on Objection on 1/23/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(vln) (Entered: 01/10/2023) |
| 01/11/2023 | | **ENDORSED ORDER granting 9 Motion to Extend Time to Amend Complaint.** *Text of Order: : Granted. As requested the plaintiffs may file an amended complaint on or before April 1, 2023.* So Ordered by Judge Samantha D. Elliott. (vln) (Entered: 01/11/2023) |
| 03/31/2023 | 10 | Emergency MOTION to Extend Time to File Amended Complaint filed by Natalie Anderson.Follow up on Objection on 4/14/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Bisasor, Andre) (Entered: 03/31/2023) |
| 04/03/2023 | | **ENDORSED ORDER granting 10 Emergency MOTION to Extend Time to File Amended Complaint filed.** *Text of Order: Granted. No further extensions should be expected.* So Ordered by US Magistrate Judge Andrea K Johnstone. (vln) (Entered: 04/03/2023) |
| 05/12/2023 | 11 | MOTION to Extend Time to File Amended Complaint filed by Natalie Anderson.Follow up on Objection on 5/26/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Bisasor, Andre) (Entered: 05/12/2023) |
| 06/09/2023 | | **ENDORSED ORDER granting 11 Motion to Extend Time Amended Complaint.** *Text of Order: Based on the representations of the plaintiff that there shall be no further requests for an extension of time the motion is granted.* So Ordered by Magistrate Judge Andrea K. Johnstone. (vln) (Entered: 06/09/2023) |
| 08/02/2023 | 12 | **ORDER DISMISSING CASE** *(Case Closed).* So Ordered by Judge Samantha D. Elliott.(vln) (Entered: 08/03/2023) |
| 08/17/2023 | 13 | Emergency MOTION to Extend Time to September 5, 2023 *EXPEDITED/EMERGENCY MOTION FOR CLARIFICATION ON PROCEDURE FOR SEEKING VACATUR OR RECONSIDERATION OF DISMISSAL AND IN THE ALTERNATIVE MOTION FOR EXTENSION OF TIME TO FILE MOTION TO RECONSIDER DISMISSAL* filed by Natalie Anderson.Follow up on Objection on 8/31/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Bisasor, Andre) (Entered: 08/17/2023) |
| 08/18/2023 | | **ENDORSED ORDER granting 13 Motion to Extend Time to September 5, 2023.** *Text of Order: Granted to the extent that the plaintiff seeks an extension of time to file a motion for reconsideration until September 5, 2023, and denied to the extent that she* |

| | | *seeks legal advice from the court.* **So Ordered by Judge Samantha D. Elliott.(vln) (Entered: 08/18/2023)** |
|---|---|---|
| 09/01/2023 | 14 | Emergency MOTION to Extend Time to 9/20/23 *EXPEDITED/EMERGENCY MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL [IF NECESSARY]* filed by Natalie Anderson.Follow up on Objection on 9/15/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Bisasor, Andre) (Entered: 09/01/2023) |
| 09/01/2023 | | **ENDORSED ORDER granting 14 Motion to Extend Time.** *Text of Order: Granted. If the plaintiff files a motion for reconsideration on or before September 5, 2023, any notice of appeal must be filed within 30 days after the court decides the motion for reconsideration. If the plaintiff does not file a motion for reconsideration on or before September 5, 2023, the deadline to file a notice of appeal remains September 5, 2023.* **So Ordered by Judge Samantha D. Elliott.(vln) (Entered: 09/01/2023)** |
| 09/05/2023 | 15 | MOTION for Reconsideration *MOTION FOR RECONSIDERATION OF THE COURTS 8-3-23 DISMISSAL WITH PREJUDICE FOR FAILURE TO PROSECUTE AND INCORPORATED MEMORANDUM WITH AFFIDAVIT* filed by Andre C. Bisasor.Follow up on Objection on 9/19/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Bisasor, Andre) (Entered: 09/05/2023) |
| 09/07/2023 | 16 | NOTICE of Notice of Errata *NOTICE OF ERRATA FOR MOTION FOR RECONSIDERATION OF THE COURTS 8-3-23 DISMISSAL WITH PREJUDICE FOR FAILURE TO PROSECUTE AND INCORPORATED MEMORANDUM WITH AFFIDAVIT* by Andre C. Bisasor.(Bisasor, Andre) (Entered: 09/07/2023) |
| 09/13/2023 | 17 | NOTICE of Notice of Appeal of the District Court of New Hampshire Final Judgment *and Order of Dismissal on 8-3-23* by Andre C. Bisasor.(Bisasor, Andre) (Entered: 09/13/2023) |
| 09/13/2023 | | **NOTICE of ECF Filing Error re: 17 Notice (Other) filed by Andre C. Bisasor.** **Filer used wrong event.** **Filer shall refile using the** *Appeal Documents / Notice of Appeal* **event and enter in docket text:** *Replaces document no. 7.* **If the filing party has any questions concerning this notice, please contact the judge's case manager at 603-226-7733. Compliance Deadline set for 9/20/2023.** (vln) (Entered: 09/13/2023) |
| 09/13/2023 | 18 | MOTION to Intervene as Other filed by Craig S Donais. Attorney Russell F. Hilliard added to party Craig S Donais(pty:intv).Follow up on Objection on 9/27/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Exhibit 1 - Objection to Motion for Reconsider Dismissal, # 2 Exhibit 2 - 1st Order on Mo to Intervene, # 3 Exhibit 3 - 2d Order on Mo to Intervene) (Hilliard, Russell) (Entered: 09/13/2023) |
| 09/13/2023 | 19 | NOTICE OF APPEAL as to 12 Order Dismissing Case by Natalie Anderson, Andre C. Bisasor. Filing fee $ 505, receipt number 940. File-stamped copy to be sent to parties/USCA by Clerks Office. **NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel and pro se parties should also review the First Circuit requirements for electronic filing by** |

| | | visiting the CM/ECF Information section at **http://www.ca1.uscourts.gov/cmecf**(vln) (Entered: 09/14/2023) |
|---|---|---|
| 09/14/2023 | 20 | Appeal Cover Sheet as to 19 Notice of Appeal, filed by Natalie Anderson, Andre C. Bisasor (vln) (Entered: 09/14/2023) |
| 09/14/2023 | 21 | Clerk's Certificate transmitting Record on Appeal to US Court of Appeals, documents numbered 12, 19-21, re 19 Notice of Appeal. A copy of the Notice of Appeal mailed to all parties this date.(vln) (Entered: 09/14/2023) |
| 09/15/2023 | | Appellate Case Number: First Circuit Court of Appeals 23-1765 re 19 Notice of Appeal, filed by Natalie Anderson, Andre C. Bisasor.(vln) (Entered: 09/15/2023) |
| 09/15/2023 | 22 | NOTICE OF IMPROPER/INVALID FILING OF MOTION BY PROPOSED INTERVENOR by Andre C. Bisasor(Bisasor, Andre) (Entered: 09/15/2023) |
| 09/26/2023 | | **ENDORSED ORDER denying as moot 15 Motion for Reconsideration ; denying as moot 18 Motion to Intervene.** *Text of Order: The court granted the plaintiffs' motion for an extension of time to file a motion for reconsideration of the court's order of dismissal, clarifying that a motion for reconsideration extended the deadline to appeal until 30 days after the court decided the motion for reconsideration. Nevertheless, before the court could rule on the motion for reconsideration, the plaintiffs filed a notice of appeal of the court's order of dismissal. In light of the plaintiffs' appeal, this case is stayed and all pending motions are denied as moot without prejudice to refiling after plaintiffs' appeal is resolved.* **So Ordered by Judge Samantha D. Elliott.(vln)** (Entered: 09/27/2023) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/03/2023 17:36:31 | | |
| **PACER Login:** | hermeneutics | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:22-cv-00264-SE |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Natalie Anderson, et al

   v.

                                 Case No. 22-cv-264-SE

Patrick Donovan, et al

ORDER OF DISMISSAL

    In accordance with the provisions of Federal Rule of Civil
Procedure 41(b), this case is dismissed with prejudice for plaintiffs'
failure to comply with the court's orders and failure to prosecute.


    SO ORDERED.

                              _____
                                Samantha D. Elliott
                                United States District Judge



Date: August 2, 2023

cc:  Natalie Anderson, pro se
     Andre C. Bisasor, pro se

# Exhibit C

UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE

CIVIL ACTION NO: 1:22-cv-00264-SE

NATALIE ANDERSON, et. al., Plaintiffs,

V.

PATRICK DONOVAN et. al., Defendants

## EXPEDITED/EMERGENCY MOTION FOR CLARIFICATION ON PROCEDURE FOR SEEKING VACATUR OR RECONSIDERATION OF DISMISSAL
## AND
## IN THE ALTERNATIVE MOTION TO EXTENSION OF TIME TO FILE MOTION TO RECONSIDER DISMISSAL

1. I hereby request clarification on procedure for seeking vacatur or reconsideration of the court's 8/3/23 dismissal. In the alternative, I request an extension of time of 2 weeks until Tuesday, September 5, 2023, for the plaintiffs to file a motion to reconsider the dismissal (which is a modest request), as outlined below.

2. I recently received a notice of dismissal for this case (last week) indicating that on Wednesday 8/2/23 the judge dismissed this case but that the clerk entered the order on Thursday 8/3/23. I am not clear on why the case was dismissed, especially with prejudice and without any warning.

3. Also, the notice indicated that the dismissal was with prejudice. I am not exactly sure what that means. So I inquired of the clerk about that on Monday 8/14, but he was out of the office.

4. Upon returning to the office next day on Tuesday 8/15/23, the clerk said he was not able to clarify or answer my questions, except he said I can file a motion to reconsider.

5. On the same day, I then asked: "Is there a time limit to file a motion for reconsideration of the dismissal? or any other time limit I should be aware of?"

6. The clerk took until the following day until Wednesday 8/16/23 to respond and then finally stated:

   According to our Pro Se Civil Litigation Guide:

   Motion for Reconsideration A motion to reconsider an order of the court (other than a motion governed by Federal Rules of Civil Procedure 59 or 60) must be filed within fourteen (14) days from the date of the order in question.

7. I also asked the following:
   a. Is the date of the order (of dismissal by the court), 8/2 when the judge wrote the order or is it 8/3 when it was entered on the docket by the clerk, for purposes of counting the 14 days for a motion to reconsider? In other words, does the 14 days count from the date of the clerk's entry on 8/3 (which would mean tomorrow) or from 8/2 which would mean today? Also, can the timeline for a motion to reconsider be extended?
   b. In light of your reference to Rule 59 or 60, is a sua sponte order of dismissal for failure to prosecute, as in this case, governable by Rule 59 or 60? In other words, am I procedurally allowed to file a motion under rule 59 or 60 for this kind of dismissal, instead of a regular motion for reconsideration? If so, is there a time limit for that?

8. The clerk stated: "I cannot make any computations of time for you , nor can I answer any part of question 2. You'll have to refer to the Rules. If you need more time, you can file a motion to extend time to file."

9. See attached email chain as Exhibit 1. I also asked another question about filing but the clerk has not answered, as yet.

10. It appears to me that the date to start counting from is the date of the clerk's entry.

11. However, at this juncture, I am not still sure if I can only file a 14 day motion to reconsider or if I am allowed to file a motion under rule 59 or 60 with a different time limit. I ask the court to clarify whether a sua sponte order of dismissal for failure to prosecute, as was just done in this case, is

governable by Rule 59 or 60. If not and/or if the court is not inclined to clarify this, then I ask for an extension of time to file a motion to reconsider. As I am pro se, I would need time to figure this out.

12. Also, as I was only recently apprised of these things, I need a little more time to file a motion and to figure out what to file.

13. My spouse has had certain health challenges. For example, both yesterday and today my spouse medical procedure that tied up most of the day for which I was required to be at the hospital with him until he was ready to be discharged, as required by hospital policy as his sole caretaker and given that he would be disoriented from the procedure. I am now able to file this emergency motion to extend time.

14. We have every intention of pursuing this case and have good reasons for having to need more time to file an amended complaint, which I plan to explain in detail to the court (including but not limited to the fact the defendants have acted to impede our ability to file an amended complaint and also have even requested of us to wait over 30 days to receive information from them needed for the amended complaint and which they knew we were intending to file amended complaint, among other things, etc.), and thus I would like to ask the court to undo or reconsider the dismissal and provide the valid grounds for that based on this and other grounds including also the impact of other personal and medical issues, which will be outlined in detail. We need a little time to carefully lay out these grounds so that the court can see that we have good cause.

15. So I ask the court to clarify whether only a motion to reconsider can be filed under the rules to reverse or vacate the dismissal or whether a motion under Rule 59 or 60 is procedurally allowed to be filed and accepted by the court to vacate the dismissal and has a different timeline for that to be timely filed; and if only a motion to reconsider can be filed and only that will be accepted as valid, then I request an extension of time to file a motion to reconsider the dismissal until September 5, 2023.

16. I ask that this motion be ruled on an expedited basis so that we can know where we stand.

17. I ask the court to grant a pro se liberal construction to what I am seeking.

18. I ask that this request be granted, or any relief deemed just and proper.

Respectfully submitted,
s/ Natalie Anderson
Natalie Anderson
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
Email: liberty_6@msn.com

Dated: 8-17-23

# EXHIBIT 1

Re: Anderson et al v. Donovan et

Liberty _6
Wed 8/16/2023 4:04 PM
To:Vincent Negron <Vincent_Negron@nhd.uscourts.gov>

Dear Vincent,

As you suggested, I plan on filing something seeking an extension of time to file a motion.

What time does the judge leave the court today? If I can file something real quick asking for extension to file a motion, would it be possible for the judge to get it today and rule on it today before she leaves the court? or would it not matter since it won't get to her until tomorrow or she won't rule on it until tomorrow?

-Natalie

**From:** Vincent Negron <Vincent_Negron@nhd.uscourts.gov>
**Sent:** Wednesday, August 16, 2023 2:59 PM
**To:** Liberty _6 <liberty_6@msn.com>
**Subject:** RE: Anderson et al v. Donovan et

I cannot make any computations of time for you , nor can I answer any part of question 2. You'll have to refer to the Rules. If you need more time, you can file a motion to extend time to file.

*Vincent L. Negron*
Case Manager
United States District Court
55 Pleasant Street
Concord, NH 03301
603-226-7733
vincent_negron@nhd.uscourts.gov



**From:** Liberty _6 <liberty_6@msn.com>
**Sent:** Wednesday, August 16, 2023 2:28 PM
**To:** Vincent Negron <Vincent_Negron@nhd.uscourts.gov>
**Subject:** Re: Anderson et al v. Donovan et

**CAUTION - EXTERNAL:**

Dear Vincent

Thanks for the information.

Just a couple more quick procedural questions:

1) Is the date of the order (of dismissal by the court), 8/2 when the judge wrote the order or is it 8/3 when it was entered on the docket by the clerk, for purposes of counting the 14 days for a motion to reconsider? In other words, does the 14 days count from the date of the clerk's entry on 8/3 (which would mean tomorrow) or from 8/2 which would mean today? Also, can the timeline for a motion to reconsider be extended (as I am only recently finding out these things and may need a little more time to file a proper motion)?

2) In light of your reference to Rule 59 or 60, is a sua sponte order of dismissal for failure to prosecute, as in this case, governable by Rule 59 or 60? In other words, am I procedurally allowed to file a motion under rule 59 or 60 for this kind of dismissal, instead of a regular motion for reconsideration? If so, is there a time limit for that?

I hope I am making sense.

I look forward to your reply and ask if you can let me know as soon as you can, since time appears to be of the essence.

Sincerely
Natalie Anderson

---

**From:** Vincent Negron <Vincent_Negron@nhd.uscourts.gov>
**Sent:** Wednesday, August 16, 2023 2:17 PM
**To:** Liberty _6 <liberty_6@msn.com>
**Subject:** RE: Anderson et al v. Donovan et

According to our Pro Se Civil Litigation Guide:

## 7. Motion for Reconsideration

A motion to reconsider an order of the court (other than a motion governed by Federal Rules of Civil Procedure 59 or 60) must be filed within fourteen (14) days from the date of the order in question.

*Vincent L. Negron*
Case Manager
United States District Court
55 Pleasant Street
Concord, NH 03301
603-226-7733
vincent_negron@nhd.uscourts.gov



8/24/23, 4:23 PM                                    Mail - Liberty _6 - Outlook

**From:** Liberty _6 <liberty_6@msn.com>
**Sent:** Wednesday, August 16, 2023 10:24 AM
**To:** Vincent Negron <Vincent_Negron@nhd.uscourts.gov>
**Subject:** Re: Anderson et al v. Donovan et

**CAUTION - EXTERNAL:**

Dear Vincent,

Could you please let me know the answer to the below procedural question?

Natalie

**From:** Liberty _6 <liberty_6@msn.com>
**Sent:** Tuesday, August 15, 2023 10:22 AM
**To:** Vincent Negron <Vincent_Negron@nhd.uscourts.gov>
**Subject:** Re: Anderson et al v. Donovan et

Dear Vincent,

Is there a time limit to file a motion for reconsideration of the dismissal? or any other time limit I should be aware of?

-Natalie

**From:** Vincent Negron <Vincent_Negron@nhd.uscourts.gov>
**Sent:** Tuesday, August 15, 2023 10:03 AM
**To:** Liberty _6 <liberty_6@msn.com>
**Subject:** RE: Anderson et al v. Donovan et

Good morning.

The order dismissing your case explains why your case was dismissed.

Unfortunately, I cannot assist you with advice as to how you might remedy this, or define legal terms for you.

If you wish for the judge to reconsider her order, make that request in a motion.

Thank you,

*Vincent L. Negron*
Case Manager
United States District Court

55 Pleasant Street
Concord, NH 03301
603-226-7733
vincent_negron@nhd.uscourts.gov



**From:** Liberty _6 <liberty_6@msn.com>
**Sent:** Monday, August 14, 2023 10:58 AM
**To:** Vincent Negron <Vincent_Negron@nhd.uscourts.gov>
**Subject:** Re: Anderson et al v. Donovan et

**CAUTION - EXTERNAL:**

Dear Vincent,

It is my understanding that a notice of dismissal was recently sent for this case. I also understand that the dismissal is with prejudice. What does mean? and why was this dismissed?   We have every intention of pursuing this case. We have good reasons for needing more time to file an amended complaint. Is there a way to get the court to undo or reconsider the dismissal?

Please let me know.

Thanks,
Natalie

---

**From:** Liberty _6 <liberty_6@msn.com>
**Sent:** Monday, May 15, 2023 1:44 PM
**To:** Vincent Negron <Vincent_Negron@nhd.uscourts.gov>
**Subject:** Re: Anderson et al v. Donovan et

Hi Vincent,

I just wanted to confirm that you received my below email, and also to inquire as to whether the judge got a chance to review the filing or make a ruling.

Thanks,
Natalie

---

**From:** Liberty _6 <liberty_6@msn.com>
**Sent:** Friday, May 12, 2023 3:14 PM
**To:** Vincent Negron <Vincent_Negron@nhd.uscourts.gov>
**Subject:** Re: Anderson et al v. Donovan et

Hello Vincent,

# Exhibit D

UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE
CIVIL ACTION NO: 1:22-cv-00264-SE

NATALIE ANDERSON, et. al., Plaintiffs,
V.
PATRICK DONOVAN et. al., Defendants

**EXPEDITED/EMERGENCY MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL [IF NECESSARY]**

1. I, for the plaintiffs, move under Rule 4(a)(5) of the Federal Rules of Appellate Procedure for an extension of time to file a notice of appeal in this action. I am requesting an extension of time (of 2 weeks until September 20, 2023) for the plaintiffs to file a notice of appeal (which is a modest request). Grounds are outlined below.
2. On 8/2/23 the court, sua sponte, dismissed this case for failure to prosecute.
3. On 8/3/23 the clerk entered the order on the docket.
4. On 8/17/23, I requested an extension of time to file a motion to reconsider until 9/5/23.
5. On 8/17/23, the court granted the extension of time to file a motion to reconsider until 9/5/23.
6. If reconsideration is not successful, then I would like to appeal the judgment entered in this action.
7. However, I realize that there may be an overlap of the timelines for reconsideration and for timely appeal.
8. I am not clear on whether the granting of the extension of time for filing the post-judgment motion for reconsideration extends the time to file a notice of appeal by 30 days from the date the district court decides the post-judgment motion for reconsideration.
9. Hence, in the abundance of caution, I now seek to extend the time to file a notice of appeal because the motion to reconsider is due on 9/5/23. But the filing of a notice of appeal is also due on 9/5/23 because of the long holiday weekend (i.e., for labor day) and how the calendar falls and interplays with the federal rules for computing time.
10. So I would like to file a motion to reconsider and receive a ruling on it, prior to having to file a notice of appeal because if the motion to reconsider is successful, then I would not need to file a notice of appeal. This would serve judicial economy and conserve costs and the resources of the judicial system.
11. It is my understanding that, under the rules of procedure, the time to file a notice of appeal can be extended by motion to the judge in the district court and that I am supposed to direct such motion to the judge in the district court.[1]
12. Hence, I am filing this motion now and I am doing so simply out of the abundance of caution in order to preserve my rights. NB: I have not missed the deadline to file an appeal. I am preemptively seeking to avoid missing the deadline to file an appeal, by seeking to extend the time to file an appeal pursuant to the desire to allow the district court time to decide the motion to reconsider the judgment, before my needing to file a notice of appeal should it be necessary. I am not sure if I am going about this in exactly the best way but I am doing my best to try to comply with the deadlines provided by the rules and to avail myself of any extensions and such relief allowed for in the rules.
13. I ask the court to grant a pro se liberal construction to what I am seeking.
14. I ask that this motion be ruled on an expedited basis so that we can know where we stand.
15. I ask that this request be granted, or any relief deemed just and proper.

Respectfully submitted,
s/ Natalie Anderson
Natalie Anderson
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
Email: liberty_6@msn.com

Dated: 9-1-23

---

[1] See Rule 4 (1)(A) – "*In a civil case…the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.*" See also Rule 4(5)(A) – "*The district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires..*"

# Exhibit E

UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE

CIVIL ACTION NO: 1:22-cv-00264-SE

NATALIE ANDERSON, et. al., Plaintiffs,

V.

PATRICK DONOVAN et. al., Defendants

## MOTION FOR RECONSIDERATION OF THE COURT'S 8-3-23 DISMISSAL WITH PREJUDICE FOR FAILURE TO PROSECUTE
## AND
## INCORPORATED MEMORANDUM WITH AFFIDAVIT

1. The plaintiffs hereby move for vacatur or reconsideration of the court's 8/3/23 dismissal with prejudice for failure to prosecute. NB: The plaintiffs also does hereby saith and depose that he following averments are true and correct to the best of our belief, knowledge and understanding.

2. Grounds for reconsideration are delineated, as follows.

## I.  FACTS

3. On 7/19/22, the plaintiffs filed the complaint in this court.

4. On 7/20/22, the plaintiffs filed a Motion for Immediate Injunctive Relief and Preliminary Injunction, with a supplement for TRO.

5. After recusal of another judge, on 7/2/22, the case was reassigned to Judge Samantha D. Elliott.

6. On 7/20/22, the plaintiff filed a Motion to Participate in Electronic Filing.

7. On 7/21/22, the court denied the Motion for Immediate Injunctive Relief "to the extent it requests a temporary restraining order. The court will rule on the portion of the motion that requests a preliminary injunction after the defendants have had an opportunity to respond. So Ordered by Judge Samantha D. Elliott."

8. On 7/27/22, the court denied Motion for to Participate in Electronic Filing, stating that: "Denied. The motion is signed by only plaintiff Bisasor, not plaintiff Anderson. Under Local Rule 83.6(b), a pro se party must represent himself or herself and "may not authorize another person who is not a member of the bar of this court to appear on his or her behalf. That includes a spouse or relative and any other party on the same side who is not represented by an attorney." So Ordered by Judge Samantha D. Elliott."

9. On 11/10/22, the court issued a show cause order with instructions to file a status report by a certain date of 12/9/22.

10. On 12/9/22, the plaintiffs filed a status report. See **Exhibit 1.**

11. On 12/9/22, the plaintiffs filed another Motion to Participate in Electronic Filing.

12. On 12/12/22, the court granted the second Motion for to Participate in Electronic Filing.

13. On 12/12/2022, the court stated the following regarding the Status Report: "As requested in the plaintiffs' filing, they may file an amended complaint on or before January 11, 2023. So Ordered by Judge Samantha D. Elliott."

14. On 1/9/23, the plaintiffs filed a Motion to Extend Time to File Amended Complaint, which was based on the plaintiff Bisasor undergoing major surgery which would result in the plaintiff Bisasor needing several months for recovery. See **Exhibit 2.**

15. On 1/11/23, the court granted the Motion to Extend Time to File Amended Complaint.

16. On 3/31/23, the plaintiffs filed a second Motion to Extend Time to File Amended Complaint, (due to certain complications regarding plaintiff's post-surgery medical situation).

17. On 4/3/23, the court granted the second Motion to Extend Time to File Amended Complaint.

18. On 5/12/23, the plaintiffs filed a Third Motion to Extend Time to File Amended Complaint (seeking extension until 7/31/23 as a result of information needed pursuant to or from a June 2, 2023 public hearing of the rules committee). See **Exhibit 3.**

19. On 6/9/23, the court granted Motion to Extend Time Amended Complaint, stating: "Based on the representations of the plaintiff that there shall be no further requests for an extension of time the motion is granted. So Ordered by Magistrate Judge Andrea K. Johnstone."

1

20. On 8/3/23, the court ordered a dismissal of the case which was entered on the docket.

## II. FURTHER IMPORTANT FACTS

21. On 6/9/23, when the court granted the plaintiffs' request to extend time to amend the complaint, the court simply allowed the request. The plaintiffs did not understand this to be a court order that could be violated in the true sense of the word.

22. Similarly, it was the plaintiffs' request to amend complaint. The court did not on its own ask or instruct the plaintiffs to amend the complaint. This was a voluntary request to amend the complaint. Therefore, by allowing the plaintiffs' request to amend the complaint, the court did not issue an order in the true sense of the word. The court simply facilitated the plaintiffs' request. Therefore, the plaintiff did not understand that there was a court order that could be violated in any real sense. To the extent the court treated the delay in filing an amended complaint, as a violation of a court order, the plaintiffs apologize if they misunderstood this issue. However, the plaintiffs have not violated any other court order, assuming that this is counted as such.

23. Additionally, the delay in filing an amended complaint was largely due to the fact that the defendants sought an extension of time to respond to the plaintiffs' request for information needed from the public rules committee hearing that took place on June 3, 2023. See **Exhibit 4.**  The extension sought was 30 days from June 26, 2023. However, the defendants did not provide a response until August 7, 2023. See **Exhibit 5**. This was after the July 31, 2023 timeline for plaintiffs to file amended complaint. It was also after this court dismissed the case.

24. There were also other impediments to my having access to participate in the June 2, 2023 rules committee public hearing, resulting in my having to wait to obtain a tape recording from the defendants of the hearing. See also **Exhibit 6**. This information was critical to the amending of the complaint, without which the plaintiffs were impeded from completing the amended complaint.

25. The plaintiffs have also been seeking legal advice but it has been hard to find counsel in NH because of the conflicts relating to this matter.

26. The plaintiffs have also been befuddled and impeded by certain health challenges as will be further referenced below.

27. Because there was no warning that preceded dismissal, the plaintiffs were surprised by the dismissal of the case.

28. Similarly, the plaintiffs had reached out to the clerk but he was essentially non-responsive, in the time period after the filing of the last motion and up to prior to dismissal.

## III. ARGUMENT

29. The plaintiffs have generally pursued this case demonstrating intent to prosecute. The docket shows about 12 entries prior to dismissal. The plaintiffs have also been diligently seeking procedural clarification from the clerk or the court. There is ample evidence that the plaintiffs did not abandon the case.

30. The plaintiffs have not engaged in egregious or extreme conduct. Dismissal "should be employed only when a plaintiffs misconduct is particularly egregious or extreme," id. at 107 (citing Estate of Solis-Rivera v. United States, 993 F.2d 1, 2 (1st Cir.1993)).

31. The plaintiff's behavior was not intentional, egregious, or repetitive. Dismissal with prejudice is too harsh given the circumstances. Keane v. HSBC Bank USA, 874 F.3d 763 (2017).

32. The plaintiffs did not violate a court order. Similarly, even assuming arguendo that it could be said that the plaintiffs violated one court order (of 6/9/23), still there is no pattern of the plaintiffs repeatedly flouting court orders. Cf. e.g., Crossman v. Raytheon Long Term Disability Plan, 316 F.3d 36, 39 & n. 2 (1st Cir.2002) (noting the importance generally of finding a pattern or series of disobedience and reversing an order of dismissal where all of the alleged infractions stemmed from noncompliance with a single order).

33. Also, there has been no serious delay. On 5/12/23, the plaintiffs' Motion to Extend Time to File Amended Complaint, seeking extension until 7/31/23[1]. On 6/9/23, the court granted plaintiffs' Motion to Extend Time Amended Complaint, stating: "Based on the representations of the plaintiff that there shall be no further requests for an extension of time the motion is granted. So Ordered by Magistrate Judge Andrea K.

---

[1] NB: Prior to that, the plaintiffs only sought an extension a couple of times, including due to plaintiff Bisasor undergoing major surgery.

Johnstone.". Therefore, the extension of time expired on 7/31/23. On 8/3/23, the court ordered a dismissal of the case which was entered on the docket. Hence, only about one month of delay occurred before dismissal occurred.

34. It should be noted that, in the Pomoles case, a four-month delay "did not alone constitute misconduct sufficiently extreme to justify dismissal with prejudice." 342 F.3d at 49.

35. The plaintiffs' delay here is not a case of extreme delay warranting dismissal. Dismissal with prejudice for failure to prosecute is appropriate in the face of "extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance." Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir.1987); see 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2369 (2d ed.1995).

36. The one-month delay by plaintiffs here is hardly the kind of "extremely protracted inaction ('measured in years)," Cosme Nieves, 826 F.2d at 2 (emphasis added), that ordinarily accompanies dismissals for failure to prosecute. See Pomales v. Celulares Telefónica, Inc., 342 F.3d 44 (2003).

37. The first circuit has stated that: "We tend to reserve dismissal with prejudice for delays measured in years, see Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir.1987) (collecting cases), while reversing dismissals for conduct resulting in delays of merely a few months. Pomales v. Celulares Telefónica, Inc., 342 F.3d 44, 48 (1st Cir.2003); see also Benítez-García, 468 F.3d at 5."

38. Moreover, only just over a month passed after dismissal before the plaintiffs reached out to the clerk seeking clarification on the reason for dismissal and for reversing dismissal, and only 2 weeks passed before plaintiffs sought relief from the dismissal via a filed motion. The plaintiffs thus reacted quickly and diligently. See Ortiz-Anglada, 183 F.3d at 67 (holding dismissal with prejudice improper and emphasizing that the plaintiff, who had no reason to suspect her case was at risk, "responded promptly to the unexpected dismissal with a motion to reconsider it"); Cosme Nieves, 826 F.2d at 2 (holding dismissal with prejudice improper and noting that the plaintiffs "responded immediately to the only warning they received — the sua sponte dismissal — with a motion to the court").

39. Additionally, the plaintiffs did not know that a dismissal was possible, nor that it could be with prejudice. The court gave no warning of a dismissal, especially one with prejudice. This court gave no notice that failure to file amended complaint would result in dismissal with prejudice. Dismissal with prejudice is far too much to ask under these circumstances. See Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir.2005) ("Where, as here, the court appropriately forewarns a plaintiff of the consequences of future noncompliance with an unambiguous order, the court need not exhaust less toxic sanctions before dismissing a case with prejudice.").

40. Dismissal with prejudice is also too harsh in light of the isolated nature of the conduct at issue, which is not sufficiently egregious to warrant the "death knell" of a lawsuit, see Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir.1989)."[dismissal with prejudice 'is a harsh sanction,'" Benjamin v. Aroostook Medical Ctr., Inc., 57 F.3d 101, 107 (1st Cir.1995) (quoting Richman v. General Motors Corp., 437 F.2d 196, 199 (1st Cir.1971)), "which runs counter to [this Circuit's] 'strong policy favoring the disposition of cases on the merits,'" id. (quoting Zavala Santiago v. Gonzalez Rivera, 553 F.2d 710, 712 (1st Cir.1977)).

41. Dismissal with prejudice is an extraordinary action which is too drastic in this instance. The sanction of dismissal with prejudice for want of prosecution is a unique and awesome one, foreclosing forever the plaintiffs opportunity to obtain judicial redress. See Ortiz-Anglada v. Ortiz-Perez, 183 F.3d 65, 67 (1st Cir.1999) (describing dismissal with prejudice for failure to prosecute as "drastic"); Velazquez-Rivera v. Sea-Land Serv., Inc., 920 F.2d 1072, 1075-76 (1st Cir.1990) ("the most severe sanction"); Richman v. Gen. Motors Corp., 437 F.2d 196, 199 (1st Cir.1971) ("a harsh sanction"). Disposition on the merits is favored. Ortiz-Ang-lada, 183 F.3d at 66. "Dismissal with prejudice for want of prosecution is a unique and awesome [sanction]" to which courts should not resort lightly. Pomales v. Celulares Telefónica, Inc., 342 F.3d 44, 48 (1st Cir. 2003) (collecting cases)…and is appropriate "in the face of extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or -some other aggravating circumstance." Id. Dismissal for failure to prosecute is usually not appropriate for garden-variety, isolated instances of negligence.

42. A dismissal sanction should be reserved for cases of "extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance." Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir.1987).

43. See also Pomoles v. Celulares Telefonica, Inc., 342 F.3d 44, 48-49 (1st Cir.2003) (reversing a dismissal with prejudice for lack of prosecution); Ortiz-Anglada v. Ortiz-Perez, 183 F.3d 65, 66-67 (1st Cir.1999) (same).

44. Where dismissal with prejudice is involved, it has long been rule in the first circuit that a case should not be dismissed with prejudice except "when a plaintiffs misconduct is particularly egregious or extreme." Benjamin v. Aroostook Med. Ctr., Inc., 57 F.3d 101, 107 (1st Cir.1995); see also Tower Ventures, 296 F.3d at 46 (explaining that not "every breach of a scheduling order warrants" dismissal with prejudice, and noting that we will not "rubber-stamp the use of dismissal as a sanction"). In addition, "fairness requires that some limits be placed on [the] use" of a sanction of this severity. Velazquez-Rivera v. Sea-Land Serv., Inc., 920 F.2d 1072, 1075-76 (1st Cir.1990). These fairness concerns encompass both the law's preference that cases be disposed of on the merits, see Pomoles, 342 F.3d at 48, and procedural aspects such as notice and an opportunity to be heard, see Ortiz-Anglada, 183 F.3d at 67.

45. Hence, dismissal with prejudice is not appropriate in this case. Several considerations underlie this argument: (1) Plaintiffs have generally prosecuted their claims except for the one month delay prior to dismissal; (2) the district court did not give plaintiffs' fair warning of its inclination to employ so severe a sanction; and (3) the one-month delay caused did not alone constitute misconduct sufficiently extreme to justify dismissal with prejudice.

46. Similarly, the plaintiffs had little reason to believe they were facing imminent dismissal of their complaint. As laypersons, the plaintiffs did not have appreciate the risk inherent in delay. See, e.g., Cintron-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 526 (1st Cir.2002) (protracted noncompliance with court orders, "in the teeth of explicit warnings," justified dismissal with prejudice); Chamorro, 304 F.3d at 4-5 (dismissal justified where the plaintiff, despite being "suitably forewarned," nevertheless disobeyed a court order). In the absence of any such warning, Plaintiffs' conduct was not sufficiently "extreme" to justify dismissal with prejudice. See Velazquez-Rivera, 920 F.2d at 1078 (emphasizing the lack of fair warning to the plaintiff in reversing district court's dismissal for failure to prosecute).

47. The plaintiffs brought this action in good faith to defend or vindicate their rights. The case should be heard on the merits. This court found that there may be merit to the plaintiff's case subject to further information and response by defendants. A potentially meritorious case should be resolved on the merits. The law also manifests a strong preference that cases be resolved on their merits. See Ortiz-Anglada v. Ortiz-Perez, 183 F.3d 65, 66 (1st Cir. 1999) ("[Disposition on the merits is favored.... "). There is strong preference in this circuit for adjudicating disputes on the merits, which counsels against sua sponte dismissals where there has never been any consideration of the merits.

48. The plaintiffs have further things to add to the case so that they can file one suit bringing all issues before the court rather than piecemeal in various cases. This will redound to judicial economy.

49. The plaintiffs have every intention of pursuing this case and have good reasons for having to need more time to file an amended complaint (including but not limited to the fact the defendants have acted to impede plaintiffs' ability to file an amended complaint and also have even requested a wait over 30 days to receive information from them needed for the amended complaint and which they knew we were intending to file amended complaint, among other things, etc.).

50. Thus, the plaintiffs asks the court to undo or reconsider the dismissal.

51. Additional valid grounds for reconsideration and vacatur of dismissal also includes the impact of other personal and medical issues. Plaintiff Bisasor, who is critical to the prosecution of this case, has experienced significant health challenges, which has hampered their ability to amend the complaint. Plaintiff Bisasor has had about 4 hospital procedures and over 20 medical appointments over the time since May 12, 2023, due to significant medical issues. For example, recently plaintiff Bisasor had a medical procedure that required admission to a hospital for which plaintiff Anderson also has been required to be at the hospital with him until he was ready to be discharged, as required by hospital policy as his sole caretaker and given that he would be disoriented from the procedure. NB: The plaintiffs can provide medical documentation to the court if necessary but it would need to be sealed because of privacy concerns.

52. Moreover, there is no prejudice to the defendants, who have not yet entered an appearance in this case, as it is still relatively early procedurally-speaking. Similarly, this court has not expended a significant amount of time on this case due to the procedural posture of the case.

## IV. CONCLUSION

53. The plaintiffs ask for consideration to be given to the fact that we are pro se parties.

4

54. The plaintiffs ask the court to grant a pro se liberal construction to our pleading.

55. The plaintiffs ask that this request be granted, or any relief deemed just and proper.

56. WHEREFORE, the plaintiffs respectfully request that this Court:

    a.   allow the motion for reconsideration;

    b.   allow a pro se liberal construction of this pleading;

    c.   grant the other relief requested in the plaintiff's pleadings;

    d.   or grant such further relief as is reasonable, right, just, fair, equitable and proper.

**Signed under the pains and penalties of perjury.**

Respectfully submitted,
s/ Natalie Anderson
Natalie Anderson
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
Email: liberty_6@msn.com

Respectfully submitted,
s/ Andre Bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
Email: quickquantum@aol.com

Dated: 9-5-23

# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

CIVIL ACTION NO: 1:22-cv-00264-SE

NATALIE ANDERSON, et. al.
Plaintiffs,

V.

PATRICK DONOVAN et. al.
Defendants

## MOTION FOR EXTENSION OF TIME PURSUANT TO THE COURT'S 12-12-22 ORDER

1. The court issued an order on 12/12/22 stating that the plaintiffs may file an amended complaint on or before January 11, 2023.
2. However, due to certain developments, the plaintiffs need an extension of time to file an amended complaint until April 1, 2023.
3. The grounds are as follows.
4. First, in their 12-9-22 status report, the plaintiffs had indicated a need to obtain legal assistance regarding the amendment of the complaint. However, due to the intervening holidays, this has been impeded. NB: In our endeavor to be conservative, we asked only for 30 days. In hindsight, the plaintiffs should have requested more time upfront.
5. Second, due to developments with his health situation, plaintiff Bisasor has several important medical appointments and procedures during the month of January and February relating to the need to address serious medical issues[1]. Consequently, his ability to fully and properly prosecute this case will be impeded, over the next 3 months.[2]
6. Plaintiff Bisasor anticipates completion of procedures, treatment and recovery by late March.
7. The plaintiffs ask for an extension of the time to file an amended complaint until April 1, 2023.
8. This will allow time for Plaintiff Bisasor to address his medical issues and be in better health. It will also allow adequate time to obtain proper legal assistance or representation regarding the substantial and complex matters involved in this case.
9. The plaintiffs ask that this request be granted, or any relief deemed just and proper.

Respectfully submitted,

/s/ Andre Bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
T: 781-492-5675
Email: quickquantum@aol.com

/s/ Natalie Anderson
Natalie Anderson
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
T: 617-710-7093
Email: liberty_6@msn.com

Dated: 1-9-23

[1] If the court would like to see medical documentation, plaintiff Bisasor could provide such to the court. However, the plaintiffs ask for the impoundment/sealing of this information to be allowed because of the further private medical information that would be included.

[2] NB: Plaintiff Anderson will also be his main caretaker during this period.

# <u>Exhibit 2</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

CIVIL ACTION NO: 1:22-cv-00264-SE

NATALIE ANDERSON, et. al.
Plaintiffs,

V.

PATRICK DONOVAN et. al.
Defendants

## FINAL MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT

1. The plaintiffs requested until April 1, 2023 to file an amended complaint, which was allowed by the court.
2. However, due to certain developments/complications with the plaintiff's post-surgery medical situation, the plaintiffs need a final extension of time of 45 more days to file an amended complaint until May 15, 2023.
3. The grounds are as follows.
4. As mentioned previously, Plaintiff Bisasor (who is critical to the prosecution of this case) had several important medical appointments and procedures to address serious medical issues[1], including required recovery and healing time, and thus, consequently, his ability to fully and properly prosecute this case would be impeded.
5. However, due to certain complications regarding his post-surgery medical situation, Plaintiff Bisasor was not able to resume prosecution of this case[2] in a manner timely enough to meet the previously requested timeline of April 1, 2023. Hence, in light of the above and with the additional several medical appointments, testing and hospital visits scheduled post-surgery and with all of backlog of the issues built up since the previous motion, the plaintiffs underestimated the total time needed to meet the deadline of filing the amended complaint and now requests a final extension of 45 more days.
6. The plaintiffs do not intend to ask for another extension of time to file the amended complaint, if this motion is granted.
7. The plaintiffs ask that this request be granted, or any relief deemed just and proper.

Respectfully submitted,

/s/ Andre Bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
T: 781-492-5675
Email: quickquantum@aol.com

/s/ Natalie Anderson
Natalie Anderson
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
T: 617-710-7093
Email: liberty_6@msn.com

Dated: 3-29-23

---

[1] If necessary, medical documentation for plaintiff Bisasor could be provided to the court (subject to allowance of the impoundment/sealing of this information because of the private medical information that would be included). NB. Plaintiff Anderson is the sole caretaker for Plaintiff Bisasor during this time.

[2] Similarly, due to the attendant medical complications mentioned, the plaintiffs have also been stymied in obtaining proper legal assistance or representation regarding the substantial and complex matters involved in this case.

# Exhibit 3

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

CIVIL ACTION NO: 1:22-cv-00264-SE

NATALIE ANDERSON, et. al.
Plaintiffs,

V.

PATRICK DONOVAN et. al.
Defendants

**MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT**

1. The plaintiffs requested until May 15, 2023, to file an amended complaint due to certain issues related to Plaintiff Bisasor's medical situation, which was allowed by the court.
2. However, due to certain developments with the defendants, the plaintiffs need a final extension of time of 45 more days to file an amended complaint until June 30, 2023.
3. The grounds are as follows.
4. There are new developments with the defendants. This includes a public hearing of the NH advisory rules committee (which is also a defendant in this case) that has been scheduled for June 2, 2023 (to be presided over also by Defendant Patrick Donovan), where some of the matters that are related to the complaint are on the agenda to be discussed directly. The plaintiffs may also be allowed to speak at that public hearing. See attached **Exhibit 1**.
5. Depending on the outcome of that public hearing, certain facts to be articulated in any to be amended complaint may be impacted.
6. The plaintiffs believe it is in the interest of judicial economy to wait until this public hearing before filing an amended complaint. Certain claims or the presentation of certain claims may be affected by this public hearing and its aftermath.
7. Similarly, without first being able to attend this public hearing and then to address the facts that flow therefrom, the plaintiffs believe their ability to effectively amend the complaint, and to properly prosecute this case, would be impeded.
8. The plaintiffs need the extra time to allow for the public hearing to occur, and to know the outcome thereof, and to process the implication thereof, including with the assistance of any legal counsel that plaintiffs may be able to seek or obtain.
9. This will be the final request for an extension of time to file an amended complaint, if this motion is granted.
10. The plaintiffs ask that this request be granted, or any relief deemed just and proper.

Respectfully submitted,

/s/ Andre Bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
T: 781-492-5675
Email: quickquantum@aol.com

/s/ Natalie Anderson
Natalie Anderson
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
T: 617-710-7093
Email: liberty_6@msn.com

Dated: 5-12-23

# Exhibit 1

**NEW HAMPSHIRE SUPREME COURT ADVISORY COMMITTEE ON RULES**

**PUBLIC HEARING NOTICE**

The New Hampshire Supreme Court Advisory Committee on Rules will hold a PUBLIC HEARING at **12:30 p.m. on Friday, June 2, 2023** at the Supreme Court Building on Charles Doe Drive in Concord, to receive the views of any member of the public, the bench, or the bar as the Committee considers whether to recommend that the Supreme Court adopt proposed amendments to several court rules.

Written comments on any of the proposed amendments must be submitted to the secretary of the Committee no later than **May 16, 2023**. Comments may be emailed to the Committee on or before **May 16, 2023** at:

rulescomment@courts.state.nh.us

Comments may also be mailed or delivered to the Committee at the following address by **May 16, 2023**:

N.H. Supreme Court
Advisory Committee on Rules
1 Charles Doe Drive
Concord, NH 03301

Any suggestions for rule amendments other than those set forth below may be submitted in writing to the secretary of the Committee for consideration by the Committee in the future.

**ANY PERSON WHO WISHES TO ATTEND THE JUNE 2, 2023 PUBLIC HEARING REMOTELY SHOULD NOTIFY THE CLERK OF COURT AS FAR IN ADVANCE AS POSSIBLE SO THAT THE REQUIRED EQUIPMENT CAN BE AVAILABLE.**

# <u>Exhibit 4</u>

## Re: June 16, 2023 request to the Supreme Court Advisory Committee on Rules

From:   GeneralCounsel (generalcounsel@courts.state.nh.us)

To:     quickquantum@aol.com

Date:   Monday, June 26, 2023 at 01:39 PM EDT

Good afternoon Mr. Bisasor,

I am writing to you on behalf of the Supreme Court Advisory Committee on Rules.  The purpose of this e-mail is to acknowledge receipt of your requests to the Advisory Committee that you e-mailed on June 16, 2023.

Due to the number and nature of the requests in the email, the Advisory Committee requires additional time to provide a response.  The Advisory Committee expects to be able to provide you a response within 30 additional business days.

Sincerely,
Dianne Martin
Director and Interim General Counsel
New Hampshire Judicial Branch

# Exhibit 5

# Response to your 6/16/23 Records Request

From:  Erin Creegan (ecreegan@courts.state.nh.us)

To:    quickquantum@aol.com

Date:  Monday, August 7, 2023 at 01:10 PM EDT

Good afternoon Mr. Bisasor,

Please see the attached response to your 6/16/23 request for records from the New Hampshire Supreme Court Advisory Committee on Rules.

Best,
Erin Creegan

 Aug 2023 letter to Mr Bisasor.pdf
95kB

# Exhibit 6

# Fwd: Request for Copy of Recording

From: GeneralCounsel (generalcounsel@courts.state.nh.us)

To:     quickquantum@aol.com

Cc:    TGudas@courts.state.nh.us

Date:   Tuesday, June 13, 2023 at 10:20 AM EDT

Good morning, Mr. Bisasor,

The fee for a copy of a recording of a court proceeding is $25.00, as set by the Supreme Court's order of January 25, 2013, pursuant to the provision that is now Supreme Court Rule 59(4)(b).  This is the standard fee in the judicial branch.  See, for example, Superior Court Rule 201, Probate Division Rule 169, and Family Division Rule 1.3. Although Mary Ann Dempsey may have provided you a copy of a previous recording without charge, the standard fee remains $25.00.

The $5.00 quoted to you for the recording of the June 2, 2023 public hearing of the Advisory Committee on Rules represents the approximate cost to the judicial branch of the flash drive itself.  The reduced fee ($5.00 instead of the standard $25.00) reflected the technical difficulties that you claim to have encountered during the first several minutes of the public hearing.  To move this along, the recording will be provided, on this occasion, without charge on a flash drive, which will be mailed today to the address that you have provided.  In the future, please note the standard rate of $25.00.

As previously stated, there is no recording of the March 10, 2023 meeting.

The remaining statements, characterizations, and demands in your email do not warrant a response.

Thanks very much,
Dianne Martin, Esq.
Interim General Counsel

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Saturday, June 10, 2023 7:45 AM
**To:** GeneralCounsel <GeneralCounsel@courts.state.nh.us>; Timothy Gudas <TGudas@courts.state.nh.us>
**Subject:** Re: Request for Copy of Recording

**EXTERNAL EMAIL WARNING!** This email originated outside of the New Hampshire Judicial Branch network. Do not click on links or open attachments unless you recognize the sender and are expecting the email. Mouse over links to confirm the target before you click. Do not enter your username and password on sites that you have reached through an email link. Forward suspicious and unexpected messages to 'suspicious@courts.state.nh.us'.

Dear Tim and Diane,

Also, please note further the following regarding my request for copy of the recording of the rules committee hearing:

1) Because I obtained remote access to the hearing based on a disability request for reasonable accommodation, I am also asking for a waiver of cost of the recording as part of my disability request for reasonable accommodation.

UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE - CASE #: 1:22-cv-00264-SE

NATALIE ANDERSON, et. al., Plaintiffs V. PATRICK DONOVAN et. al., Defendants

<u>**NOTICE OF ERRATA**</u>
**FOR**
**MOTION FOR RECONSIDERATION OF THE COURT'S 8-3-23 DISMISSAL WITH PREJUDICE**
**FOR FAILURE TO PROSECUTE AND INCORPORATED MEMORANDUM WITH AFFIDAVIT**

1. The plaintiffs provide this <u>notice of errata</u> for grammatical and other scrivener errors in their **motion for reconsideration of the court's 8-3-23 dismissal with prejudice for failure to prosecute and incorporated memorandum and affidavit** ("motion to reconsider dismissal"), as follows. Corrections are in **bold**.

___

2. Paragraph 5 of the motion to reconsider dismissal states:

    5. After recusal of another judge, on 7/2/22, the case was reassigned to Judge Samantha D. Elliott.

3. The correction is as follows:

    5. After recusal of another judge, on **7/20/22**, the case was reassigned to Judge Samantha D. Elliott.

___

4. Paragraph 10 of the motion to reconsider dismissal states:

    10. On 12/9/22, the plaintiffs filed a status report. See Exhibit 1.

5. Correction: **The plaintiffs attached the wrong document as Exhibit 1 in terms of the correct sequence. The plaintiffs inadvertently attached the document that was intended to be Exhibit 2 (the first motion to extend time) as Exhibit 1. The plaintiffs here incorporate by reference the correct document (the status report as the docket #7 ) for Exhibit 1, but still intend to keep the prior document as Exhibit 1 (the first motion to extend time), so that together they now form Exhibit 1. This is to avoid having to renumber all other subsequent exhibits. The plaintiffs trust that this makes sense and that the court will adjust accordingly as may be necessary.**

___

6. Paragraph 16 of the motion to reconsider dismissal states:

    16. On 3/31/23, the plaintiffs filed a second Motion to Extend Time to File Amended Complaint, (due to certain complications regarding plaintiff's post-surgery medical situation).

7. The correction is as follows:

    16. On 3/31/23, the plaintiffs filed a second Motion to Extend Time to File Amended Complaint, (due to certain complications regarding **plaintiff Bisasor's** post-surgery medical situation).

___

8. Paragraph 18 of the motion to reconsider dismissal states:

    18. On 5/12/23, the plaintiffs filed a Third Motion to Extend Time to File Amended Complaint (seeking extension until 7/31/23 as a result of information needed pursuant to or from a June 2, 2023 public hearing of the rules committee). See Exhibit 3..

9. The correction is as follows:

    18. On 5/12/23, the plaintiffs filed a Third Motion to Extend Time to File Amended Complaint (seeking extension until **6/30/23** as a result of information needed pursuant to or from a June 2, 2023 public hearing of the rules committee). See Exhibit 3.

___

10. Paragraph 23 of the motion to reconsider dismissal states:

    23.    Additionally, the delay in filing an amended complaint was largely due to the fact that the defendants sought an extension of time to respond to the plaintiffs' request for information needed from the public rules committee hearing that took place on June 3, 2023. See Exhibit 4.  The extension sought was 30 days from June 26, 2023.

However, the defendants did not provide a response until August 7, 2023. See Exhibit 5. This was after the July 31, 2023 timeline for plaintiffs to file amended complaint. It was also after this court dismissed the case.

11. The correction is as follows:

23.      Additionally, the delay in filing an amended complaint was largely due to the fact that the defendants sought an extension of time to respond to the plaintiffs' request for information needed from the public rules committee hearing that took place on June **2**, 2023. See Exhibit 4.  The extension sought **by the defendants** was 30 days from June 26, 2023. However, the defendants **took instead 42 days extension as they** did not provide a response **to the information requested**, until August 7, 2023. See Exhibit 5. This was after the **June 30**, 2023 timeline for plaintiffs to file amended complaint. It was also after this court dismissed the case **on August 3, 2023**.

---

12. Paragraph 34 of the motion to reconsider dismissal states:

34.      Also, there has been no serious delay. On 5/12/23, the plaintiffs' Motion to Extend Time to File Amended Complaint, seeking extension until 7/31/23 . On 6/9/23, the court granted plaintiffs' Motion to Extend Time Amended Complaint, stating: "Based on the representations of the plaintiff that there shall be no further requests for an extension of time the motion is granted. So Ordered by Magistrate Judge Andrea K. Johnstone.". Therefore, the extension of time expired on 7/31/23. On 8/3/23, the court ordered a dismissal of the case which was entered on the docket. Hence, only about one month of delay occurred before dismissal occurred.

13. The correction is as follows:

34.      Also, there has been no serious delay. On 5/12/23, the plaintiffs' Motion to Extend Time to File Amended Complaint, seeking extension until **6/30/23**. On 6/9/23, the court granted plaintiffs' Motion to Extend Time Amended Complaint, stating: "Based on the representations of the plaintiff that there shall be no further requests for an extension of time the motion is granted. So Ordered by Magistrate Judge Andrea K. Johnstone.". Therefore, the extension of time expired on **6/30/23**. On 8/3/23, the court ordered a dismissal of the case which was entered on the docket. Hence, only about one month of delay occurred before dismissal occurred.

---

14. Paragraph 49 of the motion to reconsider dismissal states:

49.      The plaintiffs have every intention of pursuing this case and have good reasons for having to need more time to file an amended complaint (including but not limited to the fact the defendants have acted to impede plaintiffs' ability to file an amended complaint and also have even requested a wait over 30 days to receive information from them needed for the amended complaint and which they knew we were intending to file amended complaint, among other things, etc.).

15. The correction is as follows:

49.      The plaintiffs have every intention of pursuing this case and have good reasons for having **needed** more time to file an amended complaint (including but not limited to the fact the defendants acted to impede plaintiffs' ability to file an amended complaint and also even requested a **wait of** 30 days to **provide** information needed for the amended complaint and which they knew we were intending to **use for filing an** amended complaint, among other things, etc.).

---

16. Wherefore, I ask the court to take note of the above errata/corrections.

Respectfully submitted,
s/ Natalie Anderson
Natalie Anderson
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
Email: liberty_6@msn.com

s/ Andre Bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
Email: quickquantum@aol.com

Dated: 9-6-23

# Exhibit F

UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE
CASE #: 1:22-cv-00264-SE

NATALIE ANDERSON and ANDRE BISASOR, Plaintiffs
V.
PATRICK DONOVAN et. al., Defendants

**NOTICE OF IMPROPER/INVALID FILING OF MOTION BY PROPOSED INTERVENOR**

1. The plaintiffs file this notice of improper filing of a motion by the proposed intervenor and his counsel, which should be treated as null and void, of none effect, as invalid and/or stricken, based on the following.
2. On 8/2/23 the district court, sua sponte, dismissed this case for failure to prosecute.
3. On 8/3/23 the district court clerk entered the order on the docket.
4. At no time prior to the dismissal did any party, save the plaintiffs, seek to enter an appearance or file any pleadings in this case.
5. On 8/17/23, the plaintiffs requested an extension of time to file a motion to reconsider the dismissal, until 9/5/23.
6. On 8/17/23, the court granted the extension of time to file a motion to reconsider dismissal until 9/5/23.
7. On 9/5/23, the plaintiffs filed a motion to reconsider dismissal.
8. On 9/13/23 at or around 2pm, the plaintiffs filed a notice of appeal in order to preserve plaintiffs' rights. The plaintiffs also paid the filing fee with the district court clerk at or around the same time.
9. On 9/13/23, at 4.34pm, the proposed intervenor filed a motion to intervene in this case and included an objection to the motion to reconsider dismissal with his motion.
10. The proposed intervenor's filing is improper and invalid, and violates several court rules and should be stricken or treated as of none effect. The reasons for this are as follows.
11. The proposed intervenor filed his motion to intervene, after a notice of appeal was filed in the case. The proposed intervenor had no standing to move to intervene in the district court in an appealed case.
12. The proposed intervenor did not seek to obtain concurrence from both plaintiffs in this case (see Local Rule 7.1 (c) Concurrence. "Any party filing a motion other than a dispositive motion shall certify to the court that a good faith attempt has been made to obtain concurrence in the relief sought.").
    a. The proposed intervenor did not email, call, or contact plaintiff Anderson at all. The proposed intervenor's representation to the court in his motion that he sought concurrence in good faith from the "plaintiffs" is an utterly false statement. The proposed intervenor's representation in his motion that he did a good faith attempt to obtain concurrence is also a violation of Rule 11.
    b. Furthermore, the proposed intervenor emailed plaintiff Bisasor once on the afternoon of 9/13/23 at 1.32pm and then filed his motion at 4.34pm, only 3hrs later the same afternoon. The proposed intervenor did not call plaintiff Bisasor or leave a voicemail. The proposed intervenor did not email plaintiff Bisasor a second time but only once. The proposed intervenor did not allow even a day much less half a day for plaintiff Bisasor (but only 3hrs on a busy afternoon with emergency/inclement weather) to respond to his one and only email. That is not a good faith attempt to obtain concurrence. The rules and applicable case law show that emailing a party once on the same day that a motion is intended to be filed, and then rushing to file the motion without awaiting response or without allowing reasonable time to respond, is not good faith attempt at concurrence and violates Local Rule 7.1.
    c. The proposed intervenor's representation in his motion that he did a good faith attempt to obtain concurrence is thus also a violation of Rule 11. [NB: This is also on top of the fact that the proposed intervenor evidently did not obtain the assent of the defendants and rushed to file the motion after a notice of appeal had been filed in a closed dismissed case, which is improper and intended to burden or harass the plaintiffs with needless litigation and costs].
    d. Local Rule 7.1 is not a suggestion. The proposed intervenor was required to confer with both plaintiffs under Local Rule 7. The proposed intervenor violated Rule 7 by not contacting plaintiff Anderson at all, and by not attempting in good faith to obtain concurrence from plaintiff Bisasor. The proposed intervenor has misrepresented that he did so, which is also in violation of Rule 11.

1

e.  NB: It should be noted that plaintiff Bisasor contacted counsel for the proposed intervenor the next day of 9/14/23 to address the above issues and request that the improper motion be withdrawn, or otherwise face a motion for sanctions. It has been about 24 hrs since then and, in bad faith fashion, counsel for the proposed intervenor has failed or refused to respond. See **Exhibit 1**.

13.  The proposed intervenor also evidently did not seek or obtain concurrence or assent from the defendants to intervene in this case at this stage. If concurrence was sought from the defendants but they denied concurrence or assent, the proposed intervenor failed, in bad faith, to represent to the court the position of the defendants. The intervenor cannot supersede the rights and standing of the defendants. The intervenor seeks to improperly place himself in the position of the defendants, while the defendants have not concurred or assented to him doing so. This is totally disorderly and chaotic and makes a mockery of the proper order, procedures, and decorum of the court.  This is totally unfair to the plaintiffs and the defendants.

14.  The proposed intervenor combined his motion with an objection, which violates the court rules. (see Local Rule 7.1 Motions (a) Form. (1) Title and Content. ….”Objections to pending motions and affirmative motions for relief shall not be combined in one filing.”). Furthermore, by so doing, the proposed intervenor has sought to unfairly prejudice the rights of the plaintiffs.

15.  The proposed intervenor did attach any affidavit or memorandum to his motion as required by court rule. It is therefore improper and invalid. (See again Rule 7.1 Motions (a) Form. (2) Memorandum and Supporting Documents. “Every motion and objection shall be accompanied by a memorandum with citations to supporting authorities or a statement explaining why a memorandum is unnecessary. Every motion and objection which require consideration of facts not in the record shall be accompanied by affidavits or other documents showing those facts.”).

16.  The proposed intervenor did not enter an appearance in the district court with the filing of the motion to intervene. A party, much less a proposed intervenor, cannot file motions in a case without entering an appearance. Any such filing made by any party without first filing an appearance is improper.

17.  The case was in a dismissed closed posture as of 8-3-23. The proposed intervenor has no standing to intervene in a case that is dismissed or in a closed posture. Only certain limited post-judgment motions, as defined by the rules of procedure, are allowed to be filed after a judgment has been issued. In this case, only by the plaintiffs as the only parties appearing in the case as of the dismissal are allowed to file certain limited post judgment motions pertaining to the dismissal. The rules of procedure do not allow for an entirely new party to seek to intervene in a district court case after dismissal and certainly not after the case has been appealed to the first circuit.  This is a violation of the letter as well as the intent and spirit of the rules.

18.  The case has not been served on the defendants as yet. The proposed intervenor has no standing to intervene in a case that process has not been served on the defendants or ordered by the court as yet.

19.  The proposed intervenor’s filing is premature at best and represents vexatious and contumacious conduct at worst.

20.  The proposed intervenor’s improper and invalid rushed filing violates several rules of the court and should be stricken and is otherwise sanctionable[1].

21.  The proposed intervenor evidently does not respect the court rules. The proposed intervenor should not be allowed to flout the rules with such wanton impunity.

22.  The proposed intervenor’s filing is in bad faith and intended to burden, oppress, and harass the plaintiffs, and is otherwise intended to delay or bog down this litigation or to increase the costs of this litigation.

23.  The plaintiffs ask that the district court take note of this notice of improper filing.

24.  Given that a notice of appeal has been filed, and the case has been appealed, it is not clear if the plaintiffs can file further pleadings to object to or strike the improper filing, but the plaintiffs hereby give notice of their intent to preserve all rights with respect to objecting or moving to strike this improper filing, as may be allowed at the proper time, and the plaintiffs also reserves the right to seek sanctions or disciplinary action against the proposed intervenor in relation to this matter.

---

[1] A district court may assess sanctions when a party has “acted in bad faith, vexatiously, wantonly, or for oppressive reasons.” *Concord Mem.* at 10 (quoting *Dubois v. United States Dep’t of Agric.,* 270 F.3d 77, 80 (1st Cir.2001)).

Respectfully submitted,
<u>/s/ Andre Bisasor</u>
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
Email: quickquantum@aol.com


<u>/s/ Natalie Anderson</u>
Natalie Anderson
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
Dated: 9-15-23                                           Email: liberty_6@msn.com

# EXHIBIT 1

Re: Case No. 1:22-cv-264-SE

From: Andre Bisasor (quickquantum@aol.com)

To: rhilliard@uptonhatfield.com

Date: Thursday, September 14, 2023 at 12:54 PM EDT

Mr. Hilliard,

You emailed me once yesterday afternoon at 1.32pm and then filed your motion at 4.34pm.

That is not a good faith attempt to obtain concurrence. The rules and applicable case law show that emailing a party on the same day you intend to file, and then rushing to file without awaiting response or without allowing reasonable time to respond, is not good faith attempt at concurrence and violates Local Rule 7. Your representation in your motion that you did a good faith attempt to obtain concurrence is also a violation of Rule 11.

This is also on top of the fact that you evidently did not obtain the assent of the defendants and you rushed to file the motion after a notice of appeal had been filed in closed dismissed case, which is improper and intended to burden or harass the plaintiffs with needless litigation and costs.

I intend to move for sanctions unless you withdraw the motion. Please advise if you will withdraw the motion promptly.

Sincerely,
Andre Bisasor