UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

NO. 23-1765

Natalie Anderson, et al.

v.

Patrick Donovan, et al.

### REPLY TO PLAINTIFFS' OBJECTION TO PROPOSED INTERVENOR'S MOTION TO INTERVENE

Craig S. Donais, proposed intervenor in the above matter, hereby replies to the plaintiffs' objection to his motion to intervene, as follows:

1. Using the lettering of the plaintiffs' objection in their argument, Donais responds as follows:

    a. The district court, as reflected in the docket submitted by the plaintiffs, denied Donais' motion to intervene there without prejudice, as the matter had moved on to this Court for the time being. The district court did not take any other substantive action regarding it.

    b. While arguing that Donais' motion to intervene is "improper, invalid and ill-timed," the plaintiffs cite no authority for this proposition, and as is plain from the motion and its underlying reasons, Donais proposes to intervene in

order to defend against the plaintiffs' attempts to overturn the dismissal of their district court action.

  c. As reflected, again, in the district court docket, the named defendants have never been served, and have not appeared. Accordingly, no deference is due them in light of Donais' plain interest in the matter, and such defendants are free at any time to make such a position known if they wish.

  d. Donais' motion to intervene, and his proposed objection to the plaintiffs' motion for reconsideration now stayed in the district court, as well as the related litigation cited in such pleadings, document and justify his interest in the disposition of this matter as well.

  e. The plaintiffs claim a right to control the litigation, but here, more than a year has elapsed since its institution, no service on the defendants or filing of a promised amendment has occurred, and the matter remains pending and affecting Donais' interest in the documents being sought. This is no basis to deny Donais' intervention.

  f. The timing of the motion to intervene and Donais' evident standing have been addressed with respect to previous points of the plaintiffs' arguments.

  g. The plaintiffs cite no authority for the alleged proposition that they may delay service of process on the defendants indefinitely and defeat Donais' right to protect his interest with respect to litigation.

  h. The district court has made no findings regarding any improper appearance, nor has this Court.

  i. The plaintiffs' alleged right to control litigation has been addressed in argument e, *supra*.

  j. Given the record here, and in the plaintiffs' other litigation of record brought against Donais or against others involving allegations against Donais, it strains credulity for them to suggest that Donais' intervention will delay, confuse, or complicate the issues.

  k. As Donais and his counsel have said on numerous occasions in the face of the plaintiffs' repeated accusations of "Rambo-style" litigation tactics, the plaintiffs have not, and cannot, cite any examples to support their false allegations.  Donais and his counsel have done nothing to delay, but only sought to expedite the resolution of the many litigated matters by the plaintiffs involving him.

  L. The poverty of the plaintiffs' arguments is well illustrated by this allegation, as the fact that the plaintiffs sued Attorney Donais, his wife, and his undersigned counsel in the state court in Massachusetts, and upon removal later

3

transferred to the federal district court of New Hampshire, provides no grounds to deny the motion to intervene. The case referenced by the plaintiffs is now pending in the federal district court of New Hampshire, Docket No. 1:23-cv-00374-JL, and does not reflect any concession regarding jurisdiction in Massachusetts, or any legitimate reason for this Court not to exercise appellate authority over a matter arising from a district within this Circuit.

2.  Based on the motion to intervene and this reply, Donais' request is properly granted.

Respectfully submitted,

**Craig S. Donais**,

By his Counsel,

**UPTON & HATFIELD, LLP**

Date: December 7, 2023           By:    /s/ Russell F. Hilliard
Russell F. Hilliard
1st Circuit Court of Appeals #14103
159 Middle Street
Portsmouth, NH  03801
(603) 436-7046
rhilliard@uptonhatfield.com

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was this day forwarded via U.S. mail to Natalie Anderson and Andre Bisasor, *pro se*, and to all counsel of record.

/s/ Russell F. Hilliard
Russell F. Hilliard