UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT
NO. 23-1765
Anderson, et al. v. Donovan, et al

### PLAINTIFFS' NOTICE OF INTENT TO RESPOND
### TO PROPOSED INTERVENOR'S REPLY
### TO PLAINTIFFS' OBJECTION TO THE MOTION TO INTERVENE

1. The plaintiffs hereby submit this notice of intent to file a response to the reply of the proposed intervenor to plaintiffs' response to the court's show cause order.

2. It should be noted that a response by the plaintiffs is needed because the proposed intervenor has demonstrated what the plaintiffs have warned about regarding the filings that the proposed intervenor will make if allowed to intervene[1]. He has not been allowed to intervene and yet he already has been the petty unbecoming attacks and misleading statements designed to inflame the court. The plaintiffs need an opportunity to show the vexatious, misleading, deceptive nature of the proposed intervenor's reply.

3. The proposed intervenor has also included new information that must be addressed so that the court is not misled by one-sided information.

4. The plaintiff also intends to attach hard evidence/proof or cite further authority that the proposed intervenor alleges is purportedly missing from my objection. This will further cement the grounds for denial of the motion to intervene.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206,
Attleboro, MA 02703
T: 781-492-5675
Email: quickquantum@aol.com

/s/ Natalie Anderson
Natalie Anderson
679 Washington Street, Suite # 8-206,
Attleboro, MA 02703
T: 617-710-7093
Email: liberty_6@msn.com

December 7, 2023

---

[1] NB: This is also demonstrated by the fact that the proposed intervenor has filed a reply to the plaintiffs' response to the show cause order, without permission to do so from this court, having not been allowed to intervene and having no standing to respond to a show cause order not directed to the proposed intervenor. This exemplifies the contumacious conduct that will burden the plaintiffs with having to deal with multiplied excessive litigation from the proposed intervenor, in this court over a simply dismissal matter in the district court wherein the proposed intervenor waited too late to seek intervention in the district court and was denied intervention in the district court. Furthermore, in that reply to the show cause order, the proposed intervenor also attempts to mislead this court by mischaracterizing the plaintiffs' response stating that plaintiffs failed to address or rebut the timeliness issue regarding appeal being filed "more than forty (40) days after the district court's dismissal order," when in fact plaintiffs did address this issue by stating that plaintiffs relied on the timeline provided for reconsideration and assurances of timeliness of appeal by the district court, and where in fact that case supports plaintiffs' position for timeliness in that it meets "the unique circumstances exception" cited in that case ("The Supreme Court has recognized that an appellate court may relax the application of the aforementioned rules where an appellant has filed a belated motion for reconsideration and relied on the district court's statement that the motion was timely in forgoing the timeous filing of a notice of appeal. See Thompson v. INS, 375 U.S. 384, 386-87, 84 S.Ct. 397, 398-99, 11 L.Ed.2d 404 (1963)). i

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served to the parties that are required to be served in this case.

/s/ Andre Bisasor
Andre Bisasor
