UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

NO. 23-1765

Anderson, et al. v. Donovan, et. al.

**<u>OBJECTION TO RENEWED MOTION TO INTERVENE</u>**

1. Appellant Natalie Anderson ("Appellant"), objects to the renewed motion to intervene, by Craig Donais ("Donais") through his counsel. Appellant states as follows:

2. On 9-23-24, this Court denied the motion to intervene.

3. The renewed motion to intervene is not permitted. This further reflects the contumacious conduct by Donais, which was first outlined in the prior filed objection to the motion to intervene.

4. Donais' renewed motion to intervene is frivolous/bad faith. It simply repeats what was stated in the first motion to intervene. Moreover, what Donais failed to mention is that he was denied intervention in this case in the federal court. He was not a party to the federal district court case. Also, Donais' citing of two unrelated cases in state court is bad faith.

5. The successive repetitive filing of the same denied motion to intervene is bad faith. The court already considered the motion and it was denied. Donais is trying to use this filing as a proxy for registering an objection in a slick manner.

6. Donais is clearly trying to violate or circumvent the rules of this court.

7. Further, Donais stated in his renewed motion, at the end, that he wants to be permitted to object to appellant's motion to extend time file petition for rehearing. But the rules of the court provide that no objection is permitted to a motion for rehearing unless the court requests it. This ostensibly applies to the motions related to the petition for rehearing. Moreover, if allowed to intervene at this juncture, he will use it as occasion to object to the petition for rehearing. Donais clearly has no decorum or the temperament to be trusted with intervention, which he will abuse to end, which he has done in the two unrelated state court cases. But the key operative fact is that he was denied intervention in the lower court for this federal case. It is irrelevant what other state court cases he was allowed to intervene in. This federal district court denied his intervention in this case. He thus has no grounds to intervene in this appeal, and certainly not at this stage.

8. Rule 40 (Petition for Panel Rehearing) states:

    a. (1) Time. Unless the time is shortened or extended by order or local rule, a petition for panel rehearing may be filed within 14 days after entry of judgment.

    b. (2) Contents. The petition must state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended and must argue in support of the petition. Oral argument is not permitted.

    c. (3) Response. **Unless the court requests, no response to a petition for panel rehearing is permitted.** Ordinarily, rehearing will not be granted in the absence of such a request. If a response is requested, the requirements of Rule 40(b) apply to the response.

9. The court has not requested any response from Donais. He remains without authority to file anything in this case. He has not been permitted to intervene. Rather than abide by the ruling of the denial of intervention, and remain content with the victory thus far, he contumaciously and vexatiously seeks to pursue objecting even after denied intervention, ostensibly to harass and burden the appellant.
10. The appellant did not have legal representation. Donais is an attorney. He is not a party to this case.
11. Furthermore, the notes to Rule 40 state:

    Notes of Advisory Committee on Rules—1967

    This is the usual rule among the circuits, except that the express prohibition against filing a reply to the petition is found only in the rules of the Fourth, Sixth and Eighth Circuits (it is also contained in Supreme Court Rule 58(3)). **It is included to save time and expense to the party victorious on appeal. In the very rare instances in which a reply is useful, the court will ask for it.**

12. Under Federal Rule of Appellate Procedure 40(a)(1), the deadline to file a petition for rehearing is 14 days after entry of judgment. This deadline will therefore fall on 10-7-24.
13. The appellant needs a ruling on the motion expeditiously prior to the deadline of October 7, 2024.
14. Allowing intervention will delay the court's ruling. The court would have to rule on the motion to intervene and then wait for Donais to file an objection, all the while the deadline passes on October 7, 2024. This is prejudicial to the appellant.
15. It should be noted that the Appellant spoke to the clerk staff this week and they stated that the granting of extensions for petition of rehearing are customarily generously granted by the court. So, this is not an unusual request by appellant. Every fair opportunity should be given to the appellant to address "with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended…in support of the petition."
16. Donais should be sanctioned for flouting the rules of the court in bad faith. These successive motions by a non-party burdens the appellant and depletes the effort and resources of the appellant, which is unfair, and puts appellant at a disadvantage especially while attempting to seek counsel.
17. Again, the successive repetitive filing of the same denied motion to intervene is bad faith. The court already considered the motion and it was denied. Nothing has changed.
18. WHEREFORE, Appellant respectfully requests that this Court deny the renewed motion to intervene, and also sanction Donais for trying to violate and circumvent the rules of the court.

Respectfully submitted,
/s/ Natalie Anderson
Natalie Anderson
679 Washington Street, Suite # 8-206,
Attleboro, MA 02703
T: 617-710-7093
Email: liberty_6@msn.com

October 4, 2024

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served to any party that is required to be served in this case.

/s/ Natalie Anderson
Natalie Anderson
679 Washington Street, Suite # 8-206,
Attleboro, MA 02703
T: 617-710-7093
Email: liberty_6@msn.com