UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 23-1765

NATALIE ANDERSON, ET. AL.
Plaintiffs-Appellants,
v.
PATRICK DONOVAN, ET. AL,
Defendant-Appellees.

## APPELLANT'S OBJECTION TO CRAIG DONAIS' RENEWED MOTION TO INTERVENE

1. The Plaintiff-Appellant Andre Bisasor ("Plaintiff-Appellant" or "Appellant") respectfully object to Craig S. Donais' ("Donais" or "proposed intervenor") renewed motion to intervene and request that this Court deny the motion for the following reasons:

### I. THE MOTION IS UNTIMELY, PROCEDURALLY IMPROPER, AND REFLECTS CONTUMACIOUS CONDUCT

2. Donais' renewed motion to intervene is not only untimely and procedurally improper but also reflects contumacious conduct.

3. Here, Donais' original motion was already denied by this Court on September 23, 2024.

4. The present "renewed" motion is an improper attempt to circumvent the Court's prior ruling. Donais' filing of this so-called renewed motion, after judgment issued by this court and after the original motion was denied, is clearly contumacious conduct.

5. As the First Circuit has held, "We have repeatedly emphasized that a motion to intervene after entry of judgment should be denied except in extraordinary circumstances" [Banco Popular de Puerto Rico v. Greenblatt, 964 F.2d 1227, 1231 (1st Cir. 1992)].

6. Donais has not demonstrated any such extraordinary circumstances here.

7. Furthermore, this successive filing of the same denied motion to intervene is a clear indication of bad faith. The court has already considered and denied the motion, and nothing has materially changed to warrant reconsideration. This behavior is consistent with the contumacious conduct outlined in appellants' prior objection to Donais' initial motion to intervene filed in this court. See **Exhibit 1.**

8. The renewed motion to intervene should be denied because the proposed intervenor was not allowed to intervene in the underlying federal district court case for this matter. It would be improper to allow the proposed intervenor to intervene in an appeal where he was denied intervention in the underlying district court case.

9. Furthermore, the proposed intervenor has no standing to intervene in an appeal where he was not allowed to intervene in the district court case. If the proposed intervenor wanted to appeal his denial of intervention in the district court, then that is a separate matter, but the proposed intervenor did not file such an appeal in this court, that is even if, assuming arguendo, such an appeal is even proper. But in this instance, the

proposed intervenor was denied intervention in the district court case. The proposed intervenor cannot use his motion to intervene in this court as an "end-run" appeal of his denial of intervention in the district court. There are certain procedural requirements for filing an appeal and Donais has circumvented those requirements, thus forfeiting any grounds to intervene in this appeal.

10. The proposed intervenor's filing of a renewed motion to intervene is further improper and invalid, and violates several court rules and should be denied, stricken or treated as of none effect.

11. Furthermore, the proposed intervenor filed his motion to intervene in the district court, **after a notice of appeal was filed in the case. He waited too long until the end of the case, after dismissal to see intervention in the district court. This is inordinately untimely.** The proposed intervenor therefore had no standing to move to intervene in the district court in an appealed case. This flaw of severe untimeliness therefore carries over and applies to intervention in this court. Donais cannot wait until after the end of a case, to then seek to interlope in an appeal, for which he could have sought intervention all along in the district court but instead chose to sit back and watch the case, failing to intervene then, until it was too late. This is severely prejudicial to the plaintiff. It is unfair to force the plaintiff to now have to address arguments from an intervenor in an appeal that was never advanced or litigated in the district court. As federal courts have said "it is unseemly to allow a party to intervene in order to seek to shoot the wounded in the battlefield" or something to that effect.

12. In addition, the proposed intervenor did not seek to obtain concurrence on his motion to intervene from both plaintiffs in this case in the district court (see Local Rule 7.1 (c) Concurrence. "Any party filing a motion other than a dispositive motion shall certify to the court that a good faith attempt has been made to obtain concurrence in the relief sought.").

13. Similarly, the proposed intervenor also evidently did not seek or obtain concurrence or assent from the defendants to intervene in this case at this stage. This can be inferred from the fact that he failed to mention this in the first motion to intervene in the district court, the original motion to intervene in this court and the renewed motion to intervene in this court. And if concurrence was sought from the defendants but they denied concurrence or assent, the proposed intervenor has failed, in bad faith, to represent to the district court (and to this court) the position of the defendants. Also, the proposed intervenor cannot supersede the rights and standing of the defendants, by circumventing the requirement to seek their assent in the district court when he filed a motion to intervene in the district court. The intervenor seeks to improperly place himself in the position of the defendants, while the defendants have not concurred or assented to him doing so (especially since the defendants are state government entities/officials represented by the state attorney general's office who are capable of adequately defending this case).

14. This contumacious, disorderly, and chaotic approach by Donais makes a mockery of the proper order, procedures, and decorum of both the district court and now this court. This is unfair to the plaintiffs (and also to the defendants).

15. Donais makes mention of the fact that the defendants were not served as yet in the district court nor entered an appearance in the district court. But that is irrelevant because the intervenor was not served either; he is not named party. Moreover, the case was dismissed before the defendants was served, on technicalities regarding not timely amending the complaint by a certain timeline. The dismissal was not ion the merits or based on arguments from any party. Therefore, the symmetrical issue in this appeal should be focused on that technicality prior to service; not on after-the-fact arguments by a proposed intervenor who waited until the case ended to seek intervention in the district court case but was denied.

16. Again, in his renewed motion to intervene, Donais neglected to mention that he was denied intervention in the district court. Instead he deflects or diverts to unrelated state court cases, which is not valid, in order to avoid the direct fact that the district court in this case denied his motion to intervene in the district court. A closer look at those two state court cases reveal that this federal case involving ADA and civil rights claims are different from the pure right to know cases in state court.

17. Further, Donais' renewed motion to intervene in this court is untimely and improper because procedurally it is not proper to seek intervention in this court after being denied intervention in the district court, after waiting until the end of the district court case (i.e., after dismissal in the district court), to seek intervention in the district court.

## II. DONAIS LACKS A SUFFICIENT INTEREST TO WARRANT INTERVENTION

18. Even if the Court were to consider the merits of the untimely motion (which it should not consider because procedurally it is not proper to seek intervention in this court after being denied intervention in the district court, after waiting until the end of the district court case (i.e. after dismissal in the district court), to seek intervention in the district court, and after being denied intervention in this court), Donais fails to demonstrate a sufficient interest to warrant intervention under Federal Rule of Civil Procedure 24.

19. The First Circuit has held that to intervene as of right, an applicant must demonstrate: "(1) a timely application for intervention; (2) an interest relating to the property or transaction which is the subject of the action; (3) a risk that the disposition of the action may impair or impede its ability to protect that interest; and (4) inadequate representation of its interest by existing parties" [Travelers Indem. Co. v. Dingwell, 884 F.2d 629, 637 (1st Cir. 1989)].

20. Similarly, as outlined in United States v. Virgin Islands, 748 F.3d 514, 519 (3d Cir. 2014), an applicant must satisfy four criteria to intervene as of right:

    a) The application for intervention is timely;

    b) The applicant has a sufficient interest in the litigation;

c) The interest may be affected or impaired, as a practical matter by the disposition of the action; and

d) The interest is not adequately represented by an existing party in the litigation.

21. Donais fails to meet these requirements:

   e) As noted above, the application is untimely.

   f) While Donais claims to be "referenced throughout the complaint," mere reference does not equate to a legally protectable interest. The First Circuit has emphasized that the interest must be "direct, significant, and legally protectable" [Conservation Law Found. of New England, Inc. v. Mosbacher, 966 F.2d 39, 42 (1st Cir. 1992)].

   g) Mr. Donais has not demonstrated how his interests would be impaired by the disposition of this appeal, which concerns procedural matters related to the dismissal of the case. The First Circuit requires that the impairment be "practical and significant" [Pub. Serv. Co. of N.H. v. Patch, 136 F.3d 197, 207 (1st Cir. 1998)].

   h) The existing parties, particularly the named defendants (government entities of the state of NH represented by the state attorney general office), are presumed to adequately represent any tangential interests Mr. Donais may have in the outcome of this appeal. As noted in United States v. Virgin Islands, "A presumption of adequacy attaches...if one party is a government entity charged by law with representing the interests of the applicant for intervention."

   i) The First Circuit has held that "the burden of persuasion to demonstrate inadequacy of representation is on the proposed intervenor" [B. Fernández & Hnos., Inc. v. Kellogg USA, Inc., 440 F.3d 541, 545 (1st Cir. 2006)], which Mr. Donais has failed to do.

### III. PERMISSIVE INTERVENTION IS NOT WARRANTED

22. The standards for permissive intervention under Rule 24(b) are also not met.

23. The Court must consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights [Fed. R. Civ. P. 24(b)(3)].

24. Allowing Donais to intervene at this late stage would unnecessarily complicate and delay the proceedings, particularly given that the appeal has already been dismissed by this Court, and the matter is in the reconsideration period in which obtaining a rehearing typically has a high hurdle to overcome.

25. The First Circuit has noted that "the timeliness of a motion for permissive intervention is evaluated even more strictly than one for intervention of right" [R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp., 584 F.3d 1, 11 (1st Cir. 2009)].

### IV. THE MOTION IS FRIVOLOUS AND IN BAD FAITH

26. Donais' renewed motion to intervene is frivolous and filed in bad faith. It merely repeats the arguments from his first motion to intervene, which was already denied. Significantly, Mr. Donais fails to disclose that

he was denied intervention in this case at the federal district court level. His citation of two unrelated state court cases where he was permitted to intervene is irrelevant and misleading.

27. The First Circuit has held that "repetitive filings, unfounded requests for reconsideration, and the like" can be indicative of bad faith [Cruz v. Savage, 896 F.2d 626, 632 (1st Cir. 1990)].

28. Mr. Donais' conduct fits squarely within this description.

## V. INTERVENTION WOULD PREJUDICE THE APPELLANT AND DELAY PROCEEDINGS

29. Allowing intervention, at this juncture, would unfairly prejudice the Appellant and unnecessarily delay the proceedings.

30. The Appellant's deadline to file a petition for rehearing under Federal Rule of Appellate Procedure 40(a)(1) is October 7, 2024, which is today's date. Granting intervention would require the court to rule on the motion to intervene and then wait for Donais to file an objection, potentially causing the Appellant to miss this crucial deadline.

31. Moreover, Rule 40(a)(3) explicitly states that "Unless the court requests, **no response** to a petition for panel rehearing is permitted." The Advisory Committee Notes to Rule 40 further emphasize that this prohibition is "included to save time and expense to the party victorious on appeal."

32. Donais' attempt to intervene for the purpose of objecting to the Appellant's motion to extend time to file a petition for rehearing is therefore improper and contrary to the rules of this court.

## VI. STATE COURT INTERVENTION IS IRRELEVANT

33. Donais' intervention in related state court actions is irrelevant to the federal appellate proceedings.

34. Different standards and considerations apply in state and federal courts, and in trial versus appellate proceedings.

35. The First Circuit has consistently held that "federal courts are not bound by state court rules of procedure" [Hanna v. Plumer, 380 U.S. 460, 465 (1965)].

36. Therefore, Donais' success in intervening in state court actions has no bearing on this federal appellate matter.

## VII. REQUEST FOR SANCTIONS

37. Given Donais' repeated attempts to intervene despite prior denials, his misleading representations to the court, and his apparent disregard for the rules of procedure, appellant respectfully requests that the court consider imposing sanctions for this vexatious and contumacious conduct.

38. The First Circuit has recognized its inherent power to impose sanctions for bad faith conduct [see Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991)].

39. Donais' conduct, which appears designed to harass and burden the Plaintiff-Apellant, warrants such consideration.

## VIII. CONCLUSION

40. The motion is untimely, procedurally improper, frivolous, and fails to demonstrate a sufficient interest or justification for intervention at this stage of the appellate proceedings.

41. Furthermore, granting the motion would unfairly prejudice the Plaintiff-Appellant and unnecessarily complicate and delay the proceedings.

42. For the foregoing reasons, this Court should deny Craig S. Donais' renewed motion to intervene.

Respectfully submitted by:
/s/andre bisasor
Plaintiff Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
Tel. 781-492-5675
Email: quickquantum@aol.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served to any party that is required to be served in this case.

/s/andre bisasor
Plaintiff Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
Tel. 781-492-5675
Email: quickquantum@aol.com

# EXHIBIT 1

UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT
NO. 23-1765
Anderson, et al. v. Donovan, et al

**PLAINTIFFS' OBJECTION TO PROPOSED INTERVENOR'S MOTION TO INTERVENE**

1. NOW COMES the plaintiffs and submits this objection to the proposed intervenor's motion to intervene.

2. As grounds therefor, the plaintiffs state the following.

## I.  PROCEDURAL FACTS

3. On 8/2/23 the district court, sua sponte, dismissed this case for failure to prosecute.

4. On 8/3/23 the district court clerk entered the order on the docket, as follows [See also **Exhibit A** for district court docket. See also accompanying plaintiffs' response to show cause order filed concurrently on today's date.].

> 08/02/2023    [12]  ORDER DISMISSING CASE (Case Closed). So Ordered by Judge Samantha D. Elliott.(vln) (Entered: 08/03/2023)

5. On 8/17/23, the plaintiffs requested an extension of time to file a motion to reconsider the dismissal, until 9/5/23, as follows.

> 08/17/2023    [13]  Emergency MOTION to Extend Time to September 5, 2023 EXPEDITED/EMERGENCY MOTION FOR CLARIFICATION ON PROCEDURE FOR SEEKING VACATUR OR RECONSIDERATION OF DISMISSAL AND IN THE ALTERNATIVE MOTION FOR EXTENSION OF TIME TO FILE MOTION TO RECONSIDER DISMISSAL

6. On 8/18/23, the district court granted the extension of time to file a motion to reconsider dismissal until 9/5/23, as follows.

> 08/18/2023    ENDORSED ORDER granting 13 Motion to Extend Time to September 5, 2023. Text of Order: Granted to the extent that the plaintiff seeks an extension of time to file a motion for reconsideration until September 5, 2023, and denied to the extent that she seeks legal advice from the court. So Ordered by Judge Samantha D. Elliott.(vln) (Entered: 08/18/2023)

7. On 9/1/23, the plaintiffs filed a motion for extension of time to file a notice of appeal in the district court pursuant to the applicable rule, as follows.

> 09/01/2023    [14]  Emergency MOTION to Extend Time to 9/20/23 EXPEDITED/EMERGENCY MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL [IF NECESSARY]

8. On 9/1/23, the district court granted that plaintiffs may file a notice of appeal after the 30 day deadline to file a notice of appeal, if plaintiffs filed a motion to reconsider by 9/5/23, as follows.

09/01/2023     ENDORSED ORDER granting 14 Motion to Extend Time. Text of Order: Granted. If the plaintiff files a motion for reconsideration on or before September 5, 2023, any notice of appeal must be filed within 30 days after the court decides the motion for reconsideration. If the plaintiff does not file a motion for reconsideration on or before September 5, 2023, the deadline to file a notice of appeal remains September 5, 2023. So Ordered by Judge Samantha D. Elliott.(vln) (Entered: 09/01/2023)

9. On 9/5/23, the plaintiffs filed a motion to reconsider dismissal, as follows.

09/05/2023   [15]  MOTION for Reconsideration MOTION FOR RECONSIDERATION OF THE COURTS 8-3-23 DISMISSAL WITH PREJUDICE FOR FAILURE TO PROSECUTE AND INCORPORATED MEMORANDUM WITH AFFIDAVIT (Entered: 09/05/2023)

10. On 9/13/23 at or around 2pm, the plaintiffs filed a notice of appeal in order to preserve plaintiffs' rights.

The plaintiffs also paid the filing fee with the district court clerk at or around the same time.

11. On 9/13/23, the district court clerk entered the plaintiff's notice of appeal again, recording it with a

stamped receipt of payment of the filing fee, as follows.

09/13/2023   [19]  NOTICE OF APPEAL as to 12 Order Dismissing Case by Natalie Anderson, Andre C. Bisasor. Filing fee $ 505, receipt number 940. File-stamped copy to be sent to parties/USCA by Clerks Office.

12. On 9/13/23, at 4.34pm, a proposed intervenor filed a motion to intervene in the district court case and

included an objection to the motion to reconsider dismissal with his motion[1], as follows.

09/13/2023   [18]  MOTION to Intervene as Other filed by Craig S Donais. Attorney Russell F. Hilliard added to party Craig S Donais(pty:intv). (Entered: 09/13/2023)

13. On 9/14/23, the district court clerk entered a cover sheet for the appeal, as follows.

09/14/2023   [20]  Appeal Cover Sheet as to 19 Notice of Appeal, filed by Natalie Anderson, Andre C. Bisasor (vln) (Entered: 09/14/2023)

14. On 9/14/23, the district court clerk entered a certificate of transmission of the record to the first circuit,

as follows.

09/14/2023   [21]  Clerk's Certificate transmitting Record on Appeal to US Court of Appeals, documents numbered 12, 19-21, re 19 Notice of Appeal. A copy of the Notice of Appeal mailed to all parties this date.(vln) (Entered: 09/14/2023)

15. On 9/15/23, the case was entered in the first circuit and assigned a case number in the first circuit, as

follows.

09/15/2023   Appellate Case Number: First Circuit Court of Appeals 23-1765 re 19 Notice of Appeal, filed by Natalie Anderson, Andre C. Bisasor.(vln) (Entered: 09/15/2023)

---

[1] NB: The district court case was in a dismissed closed posture as of 8-3-23. The case had not been served on the defendants as yet at that time and the case has not been served on the defendants to the present date. In this case, the plaintiffs are only parties appearing in the case prior to the dismissal. At no time prior to the dismissal did any party, save the plaintiffs, seek to enter an appearance, or file any pleadings in this case.

16. On 9/15/23, the plaintiffs filed a notice of improper/invalid filing of motion by proposed intervenor, as follows.

> 09/15/2023 [22] NOTICE OF IMPROPER/INVALID FILING OF MOTION BY PROPOSED INTERVENOR by Andre C. Bisasor(Bisasor, Andre) (Entered: 09/15/2023)

17. On 9/26/23, the district court denied the motion to reconsider, as follows.

> 09/26/2023 ENDORSED ORDER denying as moot 15 Motion for Reconsideration ; denying as moot 18 Motion to Intervene. Text of Order: The court granted the plaintiffs' motion for an extension of time to file a motion for reconsideration of the court's order of dismissal, clarifying that a motion for reconsideration extended the deadline to appeal until 30 days after the court decided the motion for reconsideration. Nevertheless, before the court could rule on the motion for reconsideration, the plaintiffs filed a notice of appeal of the court's order of dismissal. In light of the plaintiffs' appeal, this case is stayed and all pending motions are denied as moot without prejudice to refiling after plaintiffs' appeal is resolved. So Ordered by Judge Samantha D. Elliott.(vln) (Entered: 09/27/2023).

18. NB: After, the first circuit docketed the appeal, the proposed intervenor filed another motion to intervene in this first circuit court of appeals, attaching the same improper objection to the plaintiffs' motion for reconsideration of dismissal as an attachment. The filing of a motion by the proposed intervenor and his counsel is improper and should be treated as null and void, of none effect, as invalid and/or stricken, based on the following.

## II. ARGUMENT

### A. THE COURT SHOULD DENY THE MOTION TO INTERVENE BECAUSE THE PROPOSED INTERVENOR WAS NOT ALLOWED TO INTERVENE IN THE UNDERLYING DISTRICT COURT CASE

19. The motion to intervene should be denied because the intervenor was not allowed to intervene in the underlying district court case.

20. It would be improper to allow the proposed intervenor to intervene in an appeal where he was denied intervention in the underlying district court case.

21. The proposed intervenor has no standing to intervene in an appeal where he was not allowed to intervene in the district court case.

22. If the proposed intervenor wanted to appeal his denial of intervention in the district court, then that is a separate matter, but the proposed intervenor did not file such an appeal in this court, that is even if, assuming arguendo, such an appeal is even proper.

23. But in this instance, the proposed intervenor was denied intervention in the district court case.

24. The proposed intervenor cannot use his motion to intervene in this court as an end-run appeal of his denial of intervention in the district court.

## B. THE COURT SHOULD DENY THE MOTION TO INTERVENE BECAUSE THE PROPOSED INTERVENOR'S MOTION IS IMPROPER, INVALID AND ILL-TIMED

25. The proposed intervenor's filing is improper and invalid, and violates several court rules and should be denied, stricken or treated as of none effect. The reasons for this are as follows.

26. The proposed intervenor filed his motion to intervene, after a notice of appeal was filed in the case. The proposed intervenor had no standing to move to intervene in the district court in an appealed case.

27. The proposed intervenor did not seek to obtain concurrence from both plaintiffs in this case (see Local Rule 7.1 (c) Concurrence. "Any party filing a motion other than a dispositive motion shall certify to the court that a good faith attempt has been made to obtain concurrence in the relief sought.").

    a. The proposed intervenor did not email, call, or contact plaintiff Anderson at all. The proposed intervenor's representation to the court in his motion that he sought concurrence in good faith from the "plaintiffs" is an utterly false statement. The proposed intervenor's representation in his motion that he did a good faith attempt to obtain concurrence is also a violation of Rule 11.

    b. Furthermore, the proposed intervenor emailed plaintiff Bisasor once on the afternoon of 9/13/23 at 1.32pm and then filed his motion at 4.34pm, only 3hrs later the same afternoon. The proposed intervenor did not call plaintiff Bisasor or leave a voicemail. The proposed intervenor did not email plaintiff Bisasor a second time but only once. The proposed intervenor did not allow even a day much less half a day for plaintiff Bisasor (but only 3hrs on a busy afternoon with emergency/inclement weather) to respond to his one and only email. That is not a good faith attempt to obtain concurrence. The rules and applicable case law show that emailing a party once on the same day that a motion is intended to be filed, and then rushing to file the motion without awaiting response or without allowing reasonable time to respond, is not good faith attempt at concurrence and violates Local Rule 7.1.

    c. The proposed intervenor's representation in his motion that he did a good faith attempt to obtain concurrence is thus also a violation of Rule 11. [NB: This is also on top of the fact that the proposed intervenor evidently did not obtain the assent of the defendants and rushed to file the motion after a notice of appeal had been filed in a closed dismissed case, which is improper and intended to burden or harass the plaintiffs with needless litigation and costs].

    d. Local Rule 7.1 is not a suggestion. The proposed intervenor was required to confer with both plaintiffs under Local Rule 7. The proposed intervenor violated Rule 7 by not contacting plaintiff Anderson at all, and by not attempting in good faith to obtain concurrence from

plaintiff Bisasor. The proposed intervenor has misrepresented that he did so, which is also in violation of Rule 11.

 e. NB: It should be noted that plaintiff Bisasor contacted counsel for the proposed intervenor the next day of 9/14/23 to address the above issues and request that the improper motion be withdrawn, or otherwise face a motion for sanctions. It has been about 24 hrs since then and, in bad faith fashion, counsel for the proposed intervenor has failed or refused to respond. See **Exhibit B** for notice of improper and invalid filing filed in the district court.

28. The proposed intervenor also evidently did not seek or obtain concurrence or assent from the defendants to intervene in this case at this stage. If concurrence was sought from the defendants but they denied concurrence or assent, the proposed intervenor failed, in bad faith, to represent to the court the position of the defendants. The intervenor cannot supersede the rights and standing of the defendants. The intervenor seeks to improperly place himself in the position of the defendants, while the defendants have not concurred or assented to him doing so. This is totally disorderly and chaotic and makes a mockery of the proper order, procedures, and decorum of the court. This is totally unfair to the plaintiffs and the defendants.

29. The proposed intervenor combined his motion with an objection, which violates the court rules. (see Local Rule 7.1 Motions (a) Form. (1) Title and Content. ….”Objections to pending motions and affirmative motions for relief shall not be combined in one filing.”). Furthermore, by so doing, the proposed intervenor has sought to unfairly prejudice the rights of the plaintiffs.

30. The proposed intervenor did not attach any affidavit or memorandum to his motion as required by court rule. It is therefore improper and invalid. (See again Rule 7.1 Motions (a) Form. (2) Memorandum and Supporting Documents. “Every motion and objection shall be accompanied by a memorandum with citations to supporting authorities or a statement explaining why a memorandum is unnecessary. Every motion and objection which require consideration of facts not in the record shall be accompanied by affidavits or other documents showing those facts.”).

31. The proposed intervenor did not enter an appearance in the district court with the filing of the motion to intervene. A party, much less a proposed intervenor, cannot file motions in a case without entering an appearance. Any such filing made by any party without first filing an appearance is improper.

32. The case was in a dismissed closed posture as of 8-3-23. The proposed intervenor has no standing to intervene in a case that is dismissed or in a closed posture. Only certain limited post-judgment motions, as defined by the rules of procedure, are allowed to be filed after a judgment has been issued. In this case, only by the plaintiffs as the only parties appearing in the case as of the dismissal are allowed to file certain limited post judgment motions pertaining to the dismissal. The rules of

procedure do not allow for an entirely new party to seek to intervene in a district court case after dismissal and certainly not after the case has been appealed to the first circuit. This is a violation of the letter as well as the intent and spirit of the rules.

33. The case has not been served on the defendants as yet. The proposed intervenor has no standing to intervene in a case that process has not been served on the defendants or ordered by the court as yet.

34. The proposed intervenor's filing is premature at best and represents vexatious and contumacious conduct at worst.

35. The proposed intervenor's improper and invalid rushed filing violates several rules of the court and should be denied or stricken and is otherwise sanctionable[2].

36. The proposed intervenor evidently does not respect the court rules. The proposed intervenor should not be allowed to flout the rules with such wanton impunity.

37. The proposed intervenor's filing is in bad faith and intended to burden, oppress, and harass the plaintiffs, and is otherwise intended to delay or bog down this litigation or to increase the costs of this litigation.

38. The plaintiffs ask that the court deny the motion to intervene.

39. Given that a notice of appeal has been filed, and the case has been appealed, the plaintiffs also reserves the right to seek sanctions or disciplinary action against the proposed intervenor in relation to this matter.

### C. THE COURT SHOULD DENY THE MOTION TO INTERVENE OUT OF DEFERENCE TO THE CONSTITUTIONAL ROLE OF THE ATTORNEY GENERAL

40. The defendants in this case, who are state actors, are represented by the NH Attorney General Office ("Attorney General" or "AG") who is perfectly capable of defending this case and who is perfectly capable of explaining the position of the defendants and the merits of any action they have taken or not taken. Allowing Mr. Donais to intervene will muddy the waters, distracting away from the core matter of this case.

41. The Attorney General is a constitutional officer with the duty to defend the Constitution and to administer the State's laws (establishing the Attorney General's duty to "[r]epresent the public interest in the administration of the department of justice and be responsible to the governor, the general court, and the public for such administration.").

42. Out of deference to the constitutional role of such officials, courts routinely apply a presumption of adequacy when a state agency or official is defending the constitutionality of its own laws or actions.

---

[2] A district court may assess sanctions when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Concord Mem.* at 10 (quoting *Dubois v. United States Dep't of Agric.,* 270 F.3d 77, 80 (1st Cir.2001)).

See, e.g., Daggett v. Comm'n on Governmental Ethics & Election Practices, 172 F.3d 104, 111 (1st Cir. 1999) (noting the presumption that "the government in defending the validity of the statute is presumed to be representing adequately the interests of all citizens who support the statute."); See also Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1909 (3d ed.) (courts permit intervention by individuals on the side of government entities defending laws only in the "rare cases" in which they make a "very strong showing" of inadequate representation).

43. In such cases, courts require the proposed intervenor to show "something more than speculation as to the purported inadequacy" of representation. See Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll. (Harvard Corp.), 807 F.3d 472, 475 (1st Cir. 2015).

44. The proposed intervenor offers no reason why the state Attorney General would not adequately defend the issues; and there has been no indication that the Defendants are unprepared to litigate this case. See Daggett v. Comm'n on Governmental Ethics & Election Practices, 172 F.3d 104, 112 (1st Cir. 1999) (affirming the denial of a motion to intervene, because "the [Maine] Attorney General is prepared to defend the constitutionality of the [challenged legislation] in full…"); id. ("Of course, the use of different arguments as a matter of litigation judgment is not inadequate representation per se.").

45. Since the Attorney General, and the defendants themselves, are the most appropriate parties to defend the position and actions of the defendants, and because the proposed-intervenor's presence would be duplicative of the State's and do nothing but delay this action, the Court should deny the proposed-intervenor's motion to intervene.

### D. THE COURT SHOULD DENY THE MOTION TO INTERVENE BECAUSE THE INTERVENOR HAS NO ACTIONABLE RIGHT AND/OR WOULD NOT SUFFER IF WERE THE COURT TO DENY THE PRIVILEGE

46. "The right to intervene has been usually determined as a matter of discretion by the Trial Court." Scamman v. Sundheim, 97 N.H. 280, 281, 86 A.2d 329, 330 (1952). Thus, whether to grant a motion to intervene is a question committed to this Court's discretion. Snyder v. N.H. Savings Bank, 134 N.H. 32, 35 (1991).

47. The standard a trial court should use in deciding whether to grant a motion to intervene is: "[A] person who seeks to intervene in a case must have a right involved in the trial and his interest must be 'direct and apparent; such as would suffer if not indeed be sacrificed were the court to deny the privilege.'" R. Wiebusch, 4 New Hampshire Practice, Civil Practice and Procedure § 176, at 129-30 (1984). See also Snyder v. N.H. Savings Bank, 134 N.H. 32, 35 (1991) at 35 (noting that a proposed intervenor must have "an actionable right" involved in the cause of action).

48. The proposed intervenor has no actionable right in this case. The proposed intervenor has failed to establish any actionable right in this case.

49. Accordingly, intervention must be denied.

50. The proposed intervenor also makes a blanket assertion, without support or specificity, that he "has an interest in the resolution of the claims and issues raised in this matter." This is not an appropriate interest for purposes of intervention. And, indeed, by this logic if the proposed intervenor were right (and he is not), any lawsuit directly or indirectly would require intervention by any party or anyone who involved in the case as a witness or any member of the public who has a generalized interest in the resolution of the claims and issues in the matter, etc. Moreover, the proposed intervenor has not stated why or what such interests are. In order to have an actionable right, the movant must demonstrate that right with specificity and support. The proposed intervenor has not done so.

51. Hence, the proposed intervenor has failed to articulate a judicially cognizable legal interest in this case, resting instead on a blanket assertion of an "interest".

52. And whatever interests he has barely or non-specifically stated, these interests are insufficient to warrant intervention, especially here, when the risk of delay, disturbance, confusion, complication, and burden faced by the plaintiffs is great.

53. Moreover, to the extent the proposed intervenor argues any cognizable interest, it is merely a generally stated interest; that interest is already more than adequately represented by the state Attorney General. This is nothing more than the same generalized interest that any New Hampshire citizen might have in an action, and it is well-settled that a generalized interest in the outcome of a case does not provide a right to be involved in a trial sufficient to support intervention. See, e.g., Pub. Serv. Co. v. Patch, 136 F.3d 197, 205 (1st Cir. 1998) ("[A]n undifferentiated, generalized interest in the outcome of an ongoing action is too porous a foundation on which to premise intervention as of right.").

54. Accordingly, the proposed intervenor is not entitled to intervene, and intervention should be denied.

### E. THE COURT SHOULD DENY THE MOTION TO INTERVENE BECAUSE THE PLAINTIFF IS ENTITLED TO CONTROL THE LITIGATION

55. Traditionally, the party who initiates an action controls the litigation. The courts generally adhere to the notion that those who seek a forum should be protected from the actions of other claimants. See McCoid, A Single Package for Multiparty Disputes, 28 STAN. L. REv. 707, 713- 14 (1976); see also Friedenthal, Increased Participation by Non Parties: The Need/or Limitations and Conditions, 13 U.C.D. L. REv. 259, 262 (1980) (an individual plaintiff "should be given every fair chance to control his own suit").

56. "A plaintiff ordinarily is free to decide who shall be parties to his lawsuit." Simpson v. Providence Washington Ins. Group, 608 F.2d 1171, 1174 (9th Cir. 1979). See also McDonald v. General Mills, Inc., 387 F. Supp. 24, 38 (E.D. Cal. 1974) (plaintiff has traditional prerogative of choosing the parties

to litigation absent countervailing concerns such as rule 19). See generally Shapiro, Some Thoughts on Intervention Before Courts, Agencies, and Arbitrators, 81 HARv. L. REv. 721 (1968) (litigation rights of an intervenor need not be as full as the rights of original parties).

57. The Federal Rules of Civil Procedure defer to the plaintiff in several ways. For example, rule 24(b)(2) requires the district court to consider undue delay or prejudice to the original parties when deciding a motion for permissive intervention, as well as the plaintiff's opposition to such a motion.

58. The district court must also consider judicial economy and trial convenience, the motives of the moving party, and delay or prejudice.

59. Because a motion for permissive intervention is addressed to the discretion of the court, the court may limit the scope of the intervention to serve the underlying purpose of the rules, which is to secure a "just, speedy, and inexpensive determination." The court may limit the intervention to issues already in the pleadings, or may condition the intervention on the acceptance of discovery conducted before the intervention. Furthermore, the court may refuse to allow the intervenor to become a full adversary party by restricting the intervenor's participation to the filing of an amicus curiae brief. See Peterson v. United States, 41 F.R.D. 131, 135 (D. Minn. 1966); see also Brewer v. Republic Steel Corp., 513 F.2d 1222, 1225 (6th Cir. 1975) (suggesting use of amicus curiae brief).

60. In this case, the plaintiffs request that the court deny the motion to intervene.

### F. THE COURT SHOULD DENY THE MOTION TO INTERVENE BECAUSE THE TIMING OF THE MOTION IS IMPROPER AND PROPOSED INTERVENOR HAS NO STANDING TO INTERVENE

61. The motion to intervene is improper because allowing a non-party to intervene prematurely will throw the procedural status of the case out of order.

62. Moreover, no motion can be filed by any party, who is not a plaintiff, prior to service of process.

63. The proposed intervenor, and his counsel, is not a party and is not a defendant.

64. If the proposed intervenor wants to make a request to intervene, they can first make a request to the district court after service is made on the named defendants. But an outside non-party to this case should not be allowed to file motions in a case that has not yet been served on the defendants.

65. This will create chaos in this case because if allowed to appear or intervene, they will start filing motions and start litigating this case (with irrelevant matters that will bog this case down) before even the defendants are served.

66. The proposed intervenor has no standing to intervene in an appeal that no defendant has appeared in or been served process.

67. The proposed intervenor has no standing to intervene in an appeal that where the district court denied intervention in the district court and where he was not allowed by the district court to make any filings

in the district court case and where his filings were rejected or effectively rejected, denied, not considered or treated as a nullity, which occurred in this instance.

## G. THE COURT SHOULD DENY THE MOTION TO INTERVENE BECAUSE THE MOTION TO INTERVENE CANNOT BE MADE UNTIL AFTER SERVICE OF PROCESS IS MADE

68. No filing can be made by an opposing party prior to service of process being made. This means that the motion to intervene cannot be made until after service of process is made.

69. The district court rules set the boundaries and parameters of the permitted time frame for intervention.

70. The rules establish that a non-party cannot file an appearance before service is made on the defendants.

71. The logical and practical reason for the above limitations is shown by the fact that it is the service of process that establishes jurisdiction of the court over the defendants. Until that happens, the case cannot really move forward. Without service of process being made by the deadline for service, the case will end before it really begins, without the court having jurisdiction over the defendants in the case.

72. In Impact Food Sales, Inc. v. Evans, 160 N.H. 386 (2010), the NH supreme court ruled that: "Service of process accomplishes two purposes. First, it establishes the court's jurisdiction over the defendant…in connection with the action. Second, it informs the defendant of the pendency and the particulars of the proceeding.... [B]oth must be achieved before any constitutionally sufficient proceedings can begin." 4 R. WlEBUSCH, New HAMPSHIRE Practice, Civil Practice and Procedure § 14.01, at 300-01 (2d ed. 1997).

73. "While we agree that notice of the pending action is given by a copy of the writ, jurisdiction over the defendant is established by service. No case can proceed without effected service on the defendant in the manner prescribed by law."

74. Similarly, in Bissonnette v. Alpine, Inc., 96 N.H. 419, 420 (1951) the NH supreme court stated that: "[i]t is not the return .. . but the service of the writ, that gives jurisdiction.".

75. Also, in Barton v. Hayes, 141 N.H. 118 (1996), the NH supreme court stated that: "The issue of jurisdiction is not only separate but also preliminary, and reasonable procedure demands that it be finally decided before other issues of the litigation are reached." Morel, 120 N.H. at 193-94, 412 A.2d at 748 (quotation omitted)." This further shows that jurisdiction must be established before any other issue can be addressed. This means that the defendants must be served process and added to the case before any other issue can be reached, including any motions by non-parties or would-be intervenors.

76. See also Appeal of Cole, 171 N.H. 403, 411, 196 A.3d 950 (2018) (referencing the 30-day jurisdictional window for filing an appeal). This shows that there is a jurisdictional window (the floor and the ceiling creates the window). The window has a beginning and an end. In most instances, the focus is on the end of the window, but the jurisdictional limits also apply to the beginning of the window.

77. Therefore, the district court has jurisdiction over the defendants only after service of process is made.

78. In this case, what if the proposed intervenor immediately files a motion to dismiss the district court case, after being allowed to intervene, but before the defendants have been served process or even filed appearances? In that scenario, the plaintiffs will have to oppose the motion to dismiss, and the district court will have to address a motion to dismiss, hold a hearing on the motion to dismiss, without the presence and appearance of the defendants in this case. This is chaotic, disorderly, and improper. Once the intervenor is allowed to intervene, the district court will not be able to predict or control what he will do or what he will file, all to the prejudice of the plaintiff. NB: Why else would the proposed intervenor file a motion to intervene before the service of process was made in the district court case but after the case was dismissed for failure to prosecute? Because the proposed intervenor evidently intends to file some kind of dispositive-oriented motions immediately upon being allowed intervention including litigation the dismissal of the case (which he already has tried to do illicitly by attaching an objection to a motion to get around the district court rules that prohibits combining a motion and objection in the same filing). Similarly, here with respect to this appeal, the proposed intervenor intends to try to litigate dismissal when he was not allowed to intervene in the district court and when his objection to reconsideration of dismissal was rejected by the district court. It does not require much prescience to deduce that this is most likely what the proposed intervenor intends to do, and he intends to do it, prior to service of process being made on the defendants and prior to the appearance of the defendants.

79. It is the intention of the proposed intervenor to start filing numerous motions in this case immediately upon allowance of intervention by the court. Otherwise, why would they seek to intervene now prior to service of process being made on the defendants and prior to appearance of the defendants, and after dismissal in the district court and after appeal in the first circuit? Why did they not just wait until the appropriate time, after the defendants were served and have entered appearance on the case?

80. Because it is the obvious intention of the proposed intervenor to take over this case and bog it down, with vexatious litigation, that the defendants would not fathom to do.

81. Moreover, the defendants are government entities and/or government officials, who themselves are lawyers, and the Attorney General Office of NH is their lawyer. The AG lawyers are more than capable of defending this case. The plaintiffs are pro se plaintiffs, who are already at a disadvantage

going up against government entities defended by the AG office with limitless state resources at its disposal.

82. There is no need for a non-party to get involved in this case.

83. Moreover, the plaintiffs should not be forced to file oppositions to motions in a case that has not even yet been served process on the defendants as yet. NB: The plaintiff is now forced to file an opposition to a motion to intervene, before the service of process is even made on the defendants and after dismissal of a case that the defendants have not yet appeared in.

84. The plaintiffs have not served process on the named defendants as yet and the plaintiffs should not be forced to start litigating this case against an opposing party before the service of process is even made. This is not right or fair or proper.

85. This will result in the plaintiffs losing control of the litigation and will allow a non-party to take control and take over the litigation. The intervenor wants to take over and dictate the pace, the flow, the scope and the tone of the litigation. The intent is both to frustrate and unduly burden the plaintiffs as well as to derail the litigation if possible.

86. The conduct and actions of the intervenor hereby signal his intent to force the plaintiffs to litigate on the intervenor's terms and according to the intervenor's timeline. The proposed intervenor has no respect for the rules and timelines set by the district court for service of process and in which the defendants are required to first be served process before litigation begins. He does not care what the court says or wants or has ordered. He does not want or care to be patient and orderly. He wants to jump in now prematurely to create chaos, havoc, to take control of the pre-served litigation and exploit it for his own ends, without regard to the plaintiffs' rights and without regard to the primacy of the defendants' role and the requirement that the named defendants first be served process. These assertions are evident by the actions of the intervenor. There is no reason why he could not simply wait until the defendants are served process. Any reason that could be conjured regardless would belie the fact that it is not up to the intervenor to try to take over the litigation or take control of the litigation from the plaintiffs at the pre-service stage or to try to move up the timetable for litigation prior to service of process.

87. In sum, the court should deny the motion to intervene because it is filed outside of the jurisdictional window established by court rule.

## H. THE COURT SHOULD DENY THE MOTION TO INTERVENE BECAUSE THE APPEARANCE IS IMPROPER

88. The appearance of the proposed intervenor and his counsel (Craig Donais/Russell Hilliard) and the motion to intervene is procedurally improper, and is in violation of court rules.

89. This appearance is improper and should be stricken.

90. Service of process on the named defendants have not been made as yet.

91. No appearances have been entered by any defendant as yet.

92. Neither Russell Hilliard or his client Craig Donais are named defendants in this case.

93. They cannot enter an appearance in a case where service of process is not yet made and they are not defendants.

94. They must wait until service of process is made on the defendants in order to file an appearance in this case, just as the defendants have to do. The defendants must wait until service of process is made on them to file an appearance. Craig Donais/Russell Hilliard must be required to do the same thing and not be granted special privileges or rights that the defendants do not have.

95. To allow an appearance of a non-party this early or prematurely will give special rights to a non-party, that the named defendants do not have.

96. Moreover, Craig Donais/Russell Hilliard did not contact the plaintiffs or confer or seek their assent, which is in violation of the rules of the court.

97. The defendants have not filed an appearance. Craig Donais/Russell Hilliard should not be allowed to appear when the defendants have not been heard nor cannot be heard as they have not entered an appearance as yet nor can they do so until they have been served process. This again underscores why the appearance of Craig Donais/Russell Hilliard and the attendant motion to intervene are improper, out of order, premature and chaos-creating.

98. Also, if the improper appearance occurs or is allowed now, it will create chaos. For example, would the plaintiff need to serve process on Craig Donais/Russell Hilliard, who has now submitted an appearance? This is unprecedented and should not be allowed at this juncture. It would be a flaw in the procedure of the court to allow non-parties to enter appearance, file motions and take over a case, prior to the defendants being served process and entering appearance. NB: Imagine if a non-party filed an appearance the day after a complaint is filed by a plaintiff and start forcing the plaintiff to litigate the case long before the court's deadline for service of process. A plaintiff in a case has a right to determine the timing by which it will begin litigating the case upon service of process. If a plaintiff needs to arrange his or her affairs in a way where he/she needs right up until the service of process of deadline, to serve process and begin litigating the case, then that right should not be usurped by a non-party non-defendant who somehow may discover the existence of the complaint and then enter appearance and then start filing burdensome motions requiring the plaintiff (especially a pro se plaintiff) to be stretched beyond capacity to have to prematurely address such filings by a vexatious or contentious non-party to the case. This is not fair nor right.

99. At a minimum, Craig Donais/Russell Hilliard should be required to wait on the proper timing and sequence and order of things to enter an appearance and start filing motions, and this should only be allowed either after service of process is made and the defendants become part of the case/or after the deadline for service of process has expired.

100. Thus, the plaintiffs ask the court to deny or, at a minimum, strike the improper appearance of Russell Hilliard/Craig Donais, until the appropriate time.

### I. THE COURT SHOULD DENY THE MOTION TO INTERVENE BECAUSE THE PLAINTIFF IS ENTITLED TO CONTROL THE LITIGATION

101. The proposed intervenor did not seek to obtain concurrence from both plaintiffs in this case (see Local Rule 7.1 (c) Concurrence. "Any party filing a motion other than a dispositive motion shall certify to the court that a good faith attempt has been made to obtain concurrence in the relief sought.").

   a. The proposed intervenor did not email, call, or contact plaintiff Anderson at all. The proposed intervenor's representation to the court in his motion that he sought concurrence in good faith from the "plaintiffs" is an utterly false statement. The proposed intervenor's representation in his motion that he did a good faith attempt to obtain concurrence is also a violation of Rule 11.

   b. Furthermore, the proposed intervenor emailed plaintiff Bisasor once on the afternoon of 9/13/23 at 1.32pm and then filed his motion at 4.34pm, only 3hrs later the same afternoon. The proposed intervenor did not call plaintiff Bisasor or leave a voicemail. The proposed intervenor did not email plaintiff Bisasor a second time but only once. The proposed intervenor did not allow even a day much less half a day for plaintiff Bisasor (but only 3hrs on a busy afternoon with emergency/inclement weather) to respond to his one and only email. That is not a good faith attempt to obtain concurrence. The rules and applicable case law show that emailing a party once on the same day that a motion is intended to be filed, and then rushing to file the motion without awaiting response or without allowing reasonable time to respond, is not good faith attempt at concurrence and violates Local Rule 7.1.

   c. The proposed intervenor's representation in his motion that he did a good faith attempt to obtain concurrence is thus also a violation of Rule 11. [NB: This is also on top of the fact that the proposed intervenor evidently did not obtain the assent of the defendants and rushed to file the motion after a notice of appeal had been filed in a closed dismissed case, which is improper and intended to burden or harass the plaintiffs with needless litigation and costs].

   d. Local Rule 7.1 is not a suggestion. The proposed intervenor was required to confer with both plaintiffs under Local Rule 7. The proposed intervenor violated Rule 7 by not contacting plaintiff Anderson at all, and by not attempting in good faith to obtain concurrence from

plaintiff Bisasor. The proposed intervenor has misrepresented that he did so, which is also in violation of Rule 11.

e. NB: It should be noted that plaintiff Bisasor contacted counsel for the proposed intervenor the next day of 9/14/23 to address the above issues and request that the improper motion be withdrawn, or otherwise face a motion for sanctions. It has been about 24 hrs since then and, in bad faith fashion, counsel for the proposed intervenor has failed or refused to respond. See **Exhibit B** for notice of improper and invalid filing filed in the district court.

102.    The proposed intervenor also evidently did not seek or obtain concurrence or assent from the defendants to intervene in this case at this stage. If concurrence was sought from the defendants but they denied concurrence or assent, the proposed intervenor failed, in bad faith, to represent to the court the position of the defendants. The intervenor cannot supersede the rights and standing of the defendants. The intervenor seeks to improperly place himself in the position of the defendants, while the defendants have not concurred or assented to him doing so. This is totally disorderly and chaotic and makes a mockery of the proper order, procedures, and decorum of the court.  This is totally unfair to the plaintiffs and the defendants.

103.    The proposed intervenor combined his motion with an objection, which violates the court rules. (see Local Rule 7.1 Motions (a) Form. (1) Title and Content. ...."Objections to pending motions and affirmative motions for relief shall not be combined in one filing."). Furthermore, by so doing, the proposed intervenor has sought to unfairly prejudice the rights of the plaintiffs.

104.    Consequently, the motion to intervene should be denied because the proposed intervenor failed to comply with local rules in the district court.

105.    To add further insult to injury, the proposed intervenor did not seek concurrence with the plaintiffs regarding his motion to intervene in the first circuit.

106.    For these reasons, the motion to intervene should be denied as it was denied in the district court.

## J. THE COURT SHOULD DENY THE MOTION TO INTERVENE BECAUSE INTERVENTION WILL CAUSE DELAY AND CONFUSION/COMPLICATION OF THE ISSUES

107.    Allowing intervention will result in needless delays in a case already significantly constrained by tight timelines. The addition of the intervenor to this case will result in delays and further complication of the issues presented.

108.    Permitting the movant to intervene will unduly delay or prejudice the interests of the plaintiff and will not serve the interests of justice or judicial administration.

109. This will create chaos in this case because if allowed to appear or intervene, the movant will start filing motions and start litigating this case (with irrelevant matters that will bog this case down) before even the defendants are served.

110. The Federal Rules of Civil Procedure defer to the plaintiff in several ways. For example, rule 24(b)(2) requires the court to consider undue delay or prejudice to the original parties when deciding a motion for permissive intervention, as well as the plaintiffs' opposition to such a motion.

## K. THE COURT SHOULD DENY THE MOTION TO INTERVENE BECAUSE THE ABUSIVE PRACTICES AND DISHONEST/MISLEADING STATEMENTS BY INTERVENOR WILL TURN THIS FAIRLY STRAIGHTFORWARD LITIGATION MATTER INTO A QUAGMIRE

111. Plaintiffs' objection is also based on a pattern[3] of abusive, questionable and/or dishonest litigation tactics (by the proposed intervenor, Craig Donais, and his attorney Russell Hilliard) designed to conceal the truth, disrupt the fair administration of justice and exhaust the orderly resources of the adverse parties in an attempt to intimidate them from pursuing their claims or grievances, and based on misconduct spawned by an overall attitude/approach of obstruction, gamesmanship and flagrant disregard for the rules of conduct and proper decorum as officers of the court.

112. A court may "consider the effect of the attorney's past actions on the administration of justice within the court," even if they are not "of the frequency or nature whereby the attorney could face disbarment proceedings." Panzardi-Alvarez v. United States, 879 F.2d 975, 980 (1st Cir. 1989). A court can deny intervention to an attorney based on his prior conduct even if it would not warrant "disbarment proceedings." Panzardi-Alvarez, 879 F.2d at 980. Moreover, this court has an inherent interest and power to preserve the integrity of the adversary process,' Hempstead Video, Inc. v. Vill. of Valley Stream, 409 F.3d 127, 132 (2d Cir. 2005) (quoting Bd. of Educ. v. Nyquist, 590 F.2d 1241, 1246 (2d Cir. 1979)).

113. In the context of other proceedings in NH state court and related court matters, the proposed intervenor and his counsel has been engaging in "Rambo-style litigation" (i.e. uncivil, disingenuous, scorched earth, aggressive, vexatious, contentious conduct, laden with personal attacks) that many courts have warned lawyers not to engage in. Rather than simply sticking to the facts (or to responses that are substantive), and rather than conduct himself in a civil/decent manner becoming of an officer of the court, the proposed intervenor has instead engaged in responses that are peppered with personal attacks, slights or vexing jabs, or with attempts at casting aspersions directly or indirectly. This puts an extraordinary burden on the plaintiffs as non-lawyers to defend their reputation/credibility before the

---

[3] NB: These misrepresentations have serious deleterious effects because of the presumption of honesty that courts generally give to lawyers. Should the court need more on this, the plaintiff would like the opportunity to present evidence to prove these dishonest or misleading misrepresentations by the intervenor/his attorney.

court. [NB: Such attacks have become the preferred strategy of certain defense lawyers who think that attacking pro se plaintiffs is an effective way of winning cases.]

114. Based on their track record and patterns, should Craig Donais/Russell Hilliard be allowed as intervenor, they will likely continue his vexatious conduct that he has engaged in other proceedings, and to make misleading statements to this court as he appears willing to twist the truth to win at all costs.

115. This will result in the plaintiffs having to spend time in rebutting and counteracting such attacks when they come (and there is no doubt that they will come). And the court will likely not be able to promise that it will not be affected by such strategies by skilled lawyers such as Craig Donais/Russell Hilliard who knows how to make convincing arguments out of misleading and dishonest statements or with vilifying smears.

116. Craig Donais/Russell Hilliard will also bombard this court with volumes of unnecessary documents in order to try to switch the subject and confuse the court (as they have done in other matters with the plaintiffs).

117. Craig Donais/Russell Hilliard is going to try to attack the plaintiffs and turn the tables to try to make the plaintiff 'defendants' in this matter. He will resort to ad hominem attacks, personal attacks, that are all irrelevant to resolving the litigation. He will engage in trivial nitpicky vexatious conduct. He will attack the plaintiffs for being pro se or non-lawyers, for very trivial things, splitting hairs and wasting judicial time and resources. All of this will be done in order to inflame the court so that the court will disfavor the plaintiffs on personal grounds, in order to gain case advantage regarding the merits.

118. The plaintiffs hereby aver under oath that the above is true, accurate and correct and is prepared to present further evidence to the court including by attaching exhibits with emails, pleadings or other documents showing forth the above or otherwise in any hearing before the court.

119. Plaintiffs do not want to be subject to this and especially not in this matter. Plaintiffs will have to spend more time and energy (i.e. on defending against personal or petty attacks as well as on other motion issues or side issues forcing the plaintiffs to take the focus away from the core legal question in this case, and this will be an undue burden to the plaintiffs.

120. A court may "consider the effect of the attorney's past actions on the administration of justice within the court…". Panzardi-Alvarez v. United States, 879 F.2d 975, 980 (1st Cir. 1989). A court can deny intervention to an attorney based on his prior conduct even if it would not warrant "disbarment proceedings." Panzardi-Alvarez, 879 F.2d at 980. Moreover, this court has an inherent interest and power to preserve the integrity of the adversary process. Hempstead Video, Inc. v. Vill. of Valley

Stream, 409 F.3d 127, 132 (2d Cir. 2005) (quoting Bd. of Educ. v. Nyquist, 590 F.2d 1241, 1246 (2d Cir. 1979)).

121. The court can impose sanctions to make whole the aggrieved. In Re Kave, 760 F.2d 343 (1st Cir.1985). The court has discretion to fashion punishment to fit circumstances. Hubbard v. Fleet Mortg. Co., 810 F.2d 778 (8th Cir.1987).

122. Sanctions may be imposed to coerce obedience to court orders, or to compensate parties for harm resulting from contemptuous behavior, or both. General Signal Corp. v. Donallco, Inc., 787 F.2d 1376 (9th Cir.1986).

123. The court has broad discretion to fashion a remedy based on the nature of harm and probable effect of alternative sanctions. Connolly v. J.T. Ventures, 851 F.2d 930 (7th Cir.1988).

124. As an alternative grounds for objection, the plaintiffs ask this court to issue sanctions that are appropriate, including denying intervention, or even if only a warning, in order to deter such future conduct including the seeking of improper intervention and refusal to follow court rules of conferring among other things outlined in this objection.

### L. THE COURT SHOULD DENY THE MOTION TO INTERVENE BECAUSE THE INTERVENOR SHOULD BE JUDICIALLY ESTOPPED FROM INTERVENING IN A COURTS LOCATED IN MASSACHUSETTS AFTER RECENTLY ASSERTING IN A MASSACHUSETTS FEDERAL COURT THAT HE DOES NOT PRACTICE OR APPEAR IN ANY COURTS LOCATED IN THE STATE OF MASSACHUSETTS

125. Both Craig Donais and his counsel Russell Hilliard have denied that Massachusetts has jurisdiction over them because they have no minimum recent contacts with the state of Massachusetts. In particular, Mr. Hilliard has denied that he reaches into Massachusetts to conduct litigation on his or any client's behalf since 2018. He recently averred under oath that Massachusetts has no jurisdiction over him because he has no contacts with the state. Yet here he has entered appearance in the First Circuit, located in the state of Massachusetts. He should be judicially estopped from intervening in a court located in Massachusetts since he just prevailed in a recent court case in federal court of Massachusetts asserting that he has no contacts in Massachusetts, and he does not presently practice law in any court located in Massachusetts.

### III. CONCLUSION

126. For the reasons outlined above, the Court should deny the motion to intervene.

**FILED UNDER THE PAINS & PENALTIES OF PERJURY**

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206,
Attleboro, MA 02703
T: 781-492-5675
Email: quickquantum@aol.com


/s/ Natalie Anderson
Natalie Anderson
679 Washington Street, Suite # 8-206,
Attleboro, MA 02703
T: 617-710-7093
Email: liberty_6@msn.com

December 4, 2023

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served to the parties that are required to be served in this case.

/s/ Andre Bisasor
Andre Bisasor

# Exhibit A

# U.S. District Court
## District of New Hampshire (Concord)
## CIVIL DOCKET FOR CASE #: 1:22-cv-00264-SE

Anderson et al v. Donovan et al                         Date Filed: 07/19/2022
Assigned to: Judge Samantha D. Elliott                  Date Terminated: 08/02/2023
Case in other court: First Circuit Court of Appeals, 23-01765    Jury Demand: Plaintiff
Cause: 28:1983 Civil Rights                             Nature of Suit: 440 Civil Rights: Other
                                                        Jurisdiction: Federal Question

### Plaintiff
**Natalie Anderson**                    represented by   **Natalie Anderson**
                                                        679 Washington St, Ste # 8-206
                                                        Attleboro, MA 02703
                                                        617 710-7093
                                                        PRO SE

### Plaintiff
**Andre C. Bisasor**                    represented by   **Andre C. Bisasor**
                                                        679 Washington Street
                                                        Suite # 8-206
                                                        Attleboro, MA 02703
                                                        781 492-5675
                                                        Email: quickquantum@aol.com
                                                        PRO SE

V.
### Defendant
**Patrick Donovan**

### Defendant
**NH Supreme Court**

### Defendant
**NH Rules Advisory Committee**

### Defendant
**NH Professional Conduct Committee**

### Defendant
**Lorrie Platt**

### Intervenor
**Craig S Donais**                      represented by   **Russell F. Hilliard**
                                                        Upton & Hatfield LLP
                                                        159 Middle St
                                                        Portsmouth, NH 03801

603 436-7046
Email: rhilliard@upton-hatfield.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/19/2022 | 1 | COMPLAINT against Patrick Donovan, NH Professional Conduct Committee, NH Rules Advisory Committee, NH Supreme Court, Lorrie Platt with Jury Demand (Filing fee $ 402 receipt number 14649021492) filed by Natalie Anderson, Andre Bisasor.(mc) (Entered: 07/20/2022) |
| 07/19/2022 | | Case assigned to Judge Joseph N. Laplante. The case designation is: 1:22-cv-264-JL. Please show this number with the judge designation on all future pleadings. (mc) (Entered: 07/20/2022) |
| 07/20/2022 | | NOTICE. This case has been designated for Electronic Case Filing. All further submissions shall be filed in compliance with the Administrative Procedures for Electronic Case Filing. Pro se litigants are not required to file electronically and may continue to file documents in paper format. Persons filing electronically are strongly encouraged to complete the interactive training modules available on the courts website. To access these modules, click HERE. (mc) (Entered: 07/20/2022) |
| 07/20/2022 | 2 | **ORDER OF RECUSAL. Judge Joseph N. Laplante recused. So Ordered by Judge Joseph N. Laplante.**(jb) (Entered: 07/20/2022) |
| 07/20/2022 | 3 | MOTION for Immediate Injunctive Relief and Preliminary Injunction, filed by Natalie Anderson, Andre Bisasor.(mc) (Entered: 07/20/2022) |
| 07/20/2022 | 4 | SUPPLEMENT TO MOTION FOR INJUNCTIVE RELIEF/ TRO filed by Natalie Anderson, Andre Bisasor.(mc) (Entered: 07/20/2022) |
| 07/20/2022 | | Case reassigned to Judge Samantha D. Elliott. The new case designation is: 1:22-cv-264-SE. Please show this number with the correct judge designation on all further pleadings. (mc) (Entered: 07/20/2022) |
| 07/20/2022 | 5 | MOTION to Participate in Electronic Filing, filed by Natalie Anderson, Andre Bisasor. (vln) (Entered: 07/20/2022) |
| 07/21/2022 | 6 | **ORDER denying 3 Motion for Immediate Injunctive Relief to the extent it requests a temporary restraining order. The court will rule on the portion of the motion that requests a preliminary injunction after the defendants have had an opportunity to respond. So Ordered by Judge Samantha D. Elliott.**(vln) (Entered: 07/21/2022) |
| 07/27/2022 | | **ENDORSED ORDER denying 5 Motion for to Participate in Electronic Filing.** *Text of Order: Denied. The motion is signed by only plaintiff Bisasor, not plaintiff Anderson. Under Local Rule 83.6(b), a pro se party must represent himself or herself and "may not authorize another person who is not a member of the bar of this court to appear on his or her behalf. That includes a spouse or relative and any other party on the same side who is not represented by an attorney." So Ordered by Judge Samantha D. Elliott.*(vln) (Entered: 07/27/2022) |
| 11/10/2022 | | **ENDORSED ORDER :** <br><br> *Text of Order: On or before December 9, 2022, the plaintiffs shall show cause why the court should not conclude that they have abandoned their claims against the defendants. If they fail to file a status report, the court will dismiss their claims without prejudice for* |

|  |  | *lack of prosecution pursuant to Rule 41(b).* **So Ordered by Judge Samantha D. Elliott. (vln) (Entered: 11/14/2022)** |
|---|---|---|
| 12/09/2022 | 7 | STATUS REPORT by Natalie Anderson, Andre Bisasor (vln) (Entered: 12/12/2022) |
| 12/09/2022 | 8 | MOTION to Participate in Electronic Filing filed by Natalie Anderson, Andre Bisasor.(vln) (Entered: 12/12/2022) |
| 12/12/2022 |  | **ENDORSED ORDER granting 8 Motion for to Participate in Electronic Filing.** *Text of Order: Granted.* **So Ordered by Judge Samantha D. Elliott.(vln) (Entered: 12/12/2022)** |
| 12/12/2022 |  | **ENDORSED ORDER re 7 Status Report.** *Text of Order: As requested in the plaintiffs' filing, they may file an amended complaint on or before January 11, 2023.* **So Ordered by Judge Samantha D. Elliott.(vln) (Entered: 12/12/2022)** |
| 01/09/2023 | 9 | MOTION to Extend Time filed by Natalie Anderson, Andre Bisasor.Follow up on Objection on 1/23/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(vln) (Entered: 01/10/2023) |
| 01/11/2023 |  | **ENDORSED ORDER granting 9 Motion to Extend Time to Amend Complaint.** *Text of Order: : Granted. As requested the plaintiffs may file an amended complaint on or before April 1, 2023.* **So Ordered by Judge Samantha D. Elliott. (vln) (Entered: 01/11/2023)** |
| 03/31/2023 | 10 | Emergency MOTION to Extend Time to File Amended Complaint filed by Natalie Anderson.Follow up on Objection on 4/14/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Bisasor, Andre) (Entered: 03/31/2023) |
| 04/03/2023 |  | **ENDORSED ORDER granting 10 Emergency MOTION to Extend Time to File Amended Complaint filed.** *Text of Order: Granted. No further extensions should be expected.* **So Ordered by US Magistrate Judge Andrea K Johnstone. (vln) (Entered: 04/03/2023)** |
| 05/12/2023 | 11 | MOTION to Extend Time to File Amended Complaint filed by Natalie Anderson.Follow up on Objection on 5/26/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Bisasor, Andre) (Entered: 05/12/2023) |
| 06/09/2023 |  | **ENDORSED ORDER granting 11 Motion to Extend Time Amended Complaint.** *Text of Order: Based on the representations of the plaintiff that there shall be no further requests for an extension of time the motion is granted.* **So Ordered by Magistrate Judge Andrea K. Johnstone. (vln) (Entered: 06/09/2023)** |
| 08/02/2023 | 12 | **ORDER DISMISSING CASE** *(Case Closed).* **So Ordered by Judge Samantha D. Elliott.(vln) (Entered: 08/03/2023)** |
| 08/17/2023 | 13 | Emergency MOTION to Extend Time to September 5, 2023 *EXPEDITED/EMERGENCY MOTION FOR CLARIFICATION ON PROCEDURE FOR SEEKING VACATUR OR RECONSIDERATION OF DISMISSAL AND IN THE ALTERNATIVE MOTION FOR EXTENSION OF TIME TO FILE MOTION TO RECONSIDER DISMISSAL* filed by Natalie Anderson.Follow up on Objection on 8/31/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Bisasor, Andre) (Entered: 08/17/2023) |
| 08/18/2023 |  | **ENDORSED ORDER granting 13 Motion to Extend Time to September 5, 2023.** *Text of Order: Granted to the extent that the plaintiff seeks an extension of time to file a motion for reconsideration until September 5, 2023, and denied to the extent that she* |

| | | |
|---|---|---|
| | | *seeks legal advice from the court.* So Ordered by Judge Samantha D. Elliott.(vln) (Entered: 08/18/2023) |
| 09/01/2023 | 14 | Emergency MOTION to Extend Time to 9/20/23 *EXPEDITED/EMERGENCY MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL [IF NECESSARY]* filed by Natalie Anderson.Follow up on Objection on 9/15/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Bisasor, Andre) (Entered: 09/01/2023) |
| 09/01/2023 | | **ENDORSED ORDER granting 14 Motion to Extend Time. *Text of Order: Granted. If the plaintiff files a motion for reconsideration on or before September 5, 2023, any notice of appeal must be filed within 30 days after the court decides the motion for reconsideration. If the plaintiff does not file a motion for reconsideration on or before September 5, 2023, the deadline to file a notice of appeal remains September 5, 2023.* So Ordered by Judge Samantha D. Elliott.(vln) (Entered: 09/01/2023)** |
| 09/05/2023 | 15 | MOTION for Reconsideration *MOTION FOR RECONSIDERATION OF THE COURTS 8-3-23 DISMISSAL WITH PREJUDICE FOR FAILURE TO PROSECUTE AND INCORPORATED MEMORANDUM WITH AFFIDAVIT* filed by Andre C. Bisasor.Follow up on Objection on 9/19/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Bisasor, Andre) (Entered: 09/05/2023) |
| 09/07/2023 | 16 | NOTICE of Notice of Errata *NOTICE OF ERRATA FOR MOTION FOR RECONSIDERATION OF THE COURTS 8-3-23 DISMISSAL WITH PREJUDICE FOR FAILURE TO PROSECUTE AND INCORPORATED MEMORANDUM WITH AFFIDAVIT* by Andre C. Bisasor.(Bisasor, Andre) (Entered: 09/07/2023) |
| 09/13/2023 | 17 | NOTICE of Notice of Appeal of the District Court of New Hampshire Final Judgment *and Order of Dismissal on 8-3-23* by Andre C. Bisasor.(Bisasor, Andre) (Entered: 09/13/2023) |
| 09/13/2023 | | **NOTICE of ECF Filing Error re: 17 Notice (Other) filed by Andre C. Bisasor.** **Filer used wrong event.** **Filer shall refile using the *Appeal Documents / Notice of Appeal* event and enter in docket text: *Replaces document no. 7.*** **If the filing party has any questions concerning this notice, please contact the judge's case manager at 603-226-7733. Compliance Deadline set for 9/20/2023.** (vln) (Entered: 09/13/2023) |
| 09/13/2023 | 18 | MOTION to Intervene as Other filed by Craig S Donais. Attorney Russell F. Hilliard added to party Craig S Donais(pty:intv).Follow up on Objection on 9/27/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Exhibit 1 - Objection to Motion for Reconsider Dismissal, # 2 Exhibit 2 - 1st Order on Mo to Intervene, # 3 Exhibit 3 - 2d Order on Mo to Intervene) (Hilliard, Russell) (Entered: 09/13/2023) |
| 09/13/2023 | 19 | NOTICE OF APPEAL as to 12 Order Dismissing Case by Natalie Anderson, Andre C. Bisasor. Filing fee $ 505, receipt number 940. File-stamped copy to be sent to parties/USCA by Clerks Office. **NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel and pro se parties should also review the First Circuit requirements for electronic filing by** |

| | | visiting the CM/ECF Information section at **http://www.ca1.uscourts.gov/cmecf**(vln) (Entered: 09/14/2023) |
|---|---|---|
| 09/14/2023 | 20 | Appeal Cover Sheet as to 19 Notice of Appeal, filed by Natalie Anderson, Andre C. Bisasor (vln) (Entered: 09/14/2023) |
| 09/14/2023 | 21 | Clerk's Certificate transmitting Record on Appeal to US Court of Appeals, documents numbered 12, 19-21, re 19 Notice of Appeal. A copy of the Notice of Appeal mailed to all parties this date.(vln) (Entered: 09/14/2023) |
| 09/15/2023 | | Appellate Case Number: First Circuit Court of Appeals 23-1765 re 19 Notice of Appeal, filed by Natalie Anderson, Andre C. Bisasor.(vln) (Entered: 09/15/2023) |
| 09/15/2023 | 22 | NOTICE OF IMPROPER/INVALID FILING OF MOTION BY PROPOSED INTERVENOR by Andre C. Bisasor(Bisasor, Andre) (Entered: 09/15/2023) |
| 09/26/2023 | | **ENDORSED ORDER denying as moot 15 Motion for Reconsideration ; denying as moot 18 Motion to Intervene.** *Text of Order: The court granted the plaintiffs' motion for an extension of time to file a motion for reconsideration of the court's order of dismissal, clarifying that a motion for reconsideration extended the deadline to appeal until 30 days after the court decided the motion for reconsideration. Nevertheless, before the court could rule on the motion for reconsideration, the plaintiffs filed a notice of appeal of the court's order of dismissal. In light of the plaintiffs' appeal, this case is stayed and all pending motions are denied as moot without prejudice to refiling after plaintiffs' appeal is resolved.* **So Ordered by Judge Samantha D. Elliott.**(vln) (Entered: 09/27/2023) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/03/2023 17:36:31 | | |
| **PACER Login:** | hermeneutics | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:22-cv-00264-SE |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

# Exhibit B

UNITED STATES DISTRICT COURT-DISTRICT OF NEW HAMPSHIRE

CASE #: 1:22-cv-00264-SE

NATALIE ANDERSON and ANDRE BISASOR, Plaintiffs

V.

PATRICK DONOVAN et. al., Defendants

## NOTICE OF IMPROPER/INVALID FILING OF MOTION BY PROPOSED INTERVENOR

1. The plaintiffs file this notice of improper filing of a motion by the proposed intervenor and his counsel, which should be treated as null and void, of none effect, as invalid and/or stricken, based on the following.
2. On 8/2/23 the district court, sua sponte, dismissed this case for failure to prosecute.
3. On 8/3/23 the district court clerk entered the order on the docket.
4. At no time prior to the dismissal did any party, save the plaintiffs, seek to enter an appearance or file any pleadings in this case.
5. On 8/17/23, the plaintiffs requested an extension of time to file a motion to reconsider the dismissal, until 9/5/23.
6. On 8/17/23, the court granted the extension of time to file a motion to reconsider dismissal until 9/5/23.
7. On 9/5/23, the plaintiffs filed a motion to reconsider dismissal.
8. On 9/13/23 at or around 2pm, the plaintiffs filed a notice of appeal in order to preserve plaintiffs' rights. The plaintiffs also paid the filing fee with the district court clerk at or around the same time.
9. On 9/13/23, at 4.34pm, the proposed intervenor filed a motion to intervene in this case and included an objection to the motion to reconsider dismissal with his motion.
10. The proposed intervenor's filing is improper and invalid, and violates several court rules and should be stricken or treated as of none effect. The reasons for this are as follows.
11. The proposed intervenor filed his motion to intervene, after a notice of appeal was filed in the case. The proposed intervenor had no standing to move to intervene in the district court in an appealed case.
12. The proposed intervenor did not seek to obtain concurrence from both plaintiffs in this case (see Local Rule 7.1 (c) Concurrence. "Any party filing a motion other than a dispositive motion shall certify to the court that a good faith attempt has been made to obtain concurrence in the relief sought.").
    a. The proposed intervenor did not email, call, or contact plaintiff Anderson at all. The proposed intervenor's representation to the court in his motion that he sought concurrence in good faith from the "plaintiffs" is an utterly false statement. The proposed intervenor's representation in his motion that he did a good faith attempt to obtain concurrence is also a violation of Rule 11.
    b. Furthermore, the proposed intervenor emailed plaintiff Bisasor once on the afternoon of 9/13/23 at 1.32pm and then filed his motion at 4.34pm, only 3hrs later the same afternoon. The proposed intervenor did not call plaintiff Bisasor or leave a voicemail. The proposed intervenor did not email plaintiff Bisasor a second time but only once. The proposed intervenor did not allow even a day much less half a day for plaintiff Bisasor (but only 3hrs on a busy afternoon with emergency/inclement weather) to respond to his one and only email. That is not a good faith attempt to obtain concurrence. The rules and applicable case law show that emailing a party once on the same day that a motion is intended to be filed, and then rushing to file the motion without awaiting response or without allowing reasonable time to respond, is not good faith attempt at concurrence and violates Local Rule 7.1.
    c. The proposed intervenor's representation in his motion that he did a good faith attempt to obtain concurrence is thus also a violation of Rule 11. [NB: This is also on top of the fact that the proposed intervenor evidently did not obtain the assent of the defendants and rushed to file the motion after a notice of appeal had been filed in a closed dismissed case, which is improper and intended to burden or harass the plaintiffs with needless litigation and costs].
    d. Local Rule 7.1 is not a suggestion. The proposed intervenor was required to confer with both plaintiffs under Local Rule 7. The proposed intervenor violated Rule 7 by not contacting plaintiff Anderson at all, and by not attempting in good faith to obtain concurrence from plaintiff Bisasor. The proposed intervenor has misrepresented that he did so, which is also in violation of Rule 11.

e.  NB: It should be noted that plaintiff Bisasor contacted counsel for the proposed intervenor the next day of 9/14/23 to address the above issues and request that the improper motion be withdrawn, or otherwise face a motion for sanctions. It has been about 24 hrs since then and, in bad faith fashion, counsel for the proposed intervenor has failed or refused to respond. See **Exhibit 1**.

13.  The proposed intervenor also evidently did not seek or obtain concurrence or assent from the defendants to intervene in this case at this stage. If concurrence was sought from the defendants but they denied concurrence or assent, the proposed intervenor failed, in bad faith, to represent to the court the position of the defendants. The intervenor cannot supersede the rights and standing of the defendants. The intervenor seeks to improperly place himself in the position of the defendants, while the defendants have not concurred or assented to him doing so. This is totally disorderly and chaotic and makes a mockery of the proper order, procedures, and decorum of the court.  This is totally unfair to the plaintiffs and the defendants.

14.  The proposed intervenor combined his motion with an objection, which violates the court rules. (see Local Rule 7.1 Motions (a) Form. (1) Title and Content. ….”Objections to pending motions and affirmative motions for relief shall not be combined in one filing.”). Furthermore, by so doing, the proposed intervenor has sought to unfairly prejudice the rights of the plaintiffs.

15.  The proposed intervenor did attach any affidavit or memorandum to his motion as required by court rule. It is therefore improper and invalid. (See again Rule 7.1 Motions (a) Form. (2) Memorandum and Supporting Documents. “Every motion and objection shall be accompanied by a memorandum with citations to supporting authorities or a statement explaining why a memorandum is unnecessary. Every motion and objection which require consideration of facts not in the record shall be accompanied by affidavits or other documents showing those facts.”).

16.  The proposed intervenor did not enter an appearance in the district court with the filing of the motion to intervene. A party, much less a proposed intervenor, cannot file motions in a case without entering an appearance. Any such filing made by any party without first filing an appearance is improper.

17.  The case was in a dismissed closed posture as of 8-3-23. The proposed intervenor has no standing to intervene in a case that is dismissed or in a closed posture. Only certain limited post-judgment motions, as defined by the rules of procedure, are allowed to be filed after a judgment has been issued. In this case, only by the plaintiffs as the only parties appearing in the case as of the dismissal are allowed to file certain limited post judgment motions pertaining to the dismissal. The rules of procedure do not allow for an entirely new party to seek to intervene in a district court case after dismissal and certainly not after the case has been appealed to the first circuit.  This is a violation of the letter as well as the intent and spirit of the rules.

18.  The case has not been served on the defendants as yet. The proposed intervenor has no standing to intervene in a case that process has not been served on the defendants or ordered by the court as yet.

19.  The proposed intervenor’s filing is premature at best and represents vexatious and contumacious conduct at worst.

20.  The proposed intervenor’s improper and invalid rushed filing violates several rules of the court and should be stricken and is otherwise sanctionable[1].

21.  The proposed intervenor evidently does not respect the court rules. The proposed intervenor should not be allowed to flout the rules with such wanton impunity.

22.  The proposed intervenor’s filing is in bad faith and intended to burden, oppress, and harass the plaintiffs, and is otherwise intended to delay or bog down this litigation or to increase the costs of this litigation.

23.  The plaintiffs ask that the district court take note of this notice of improper filing.

24.  Given that a notice of appeal has been filed, and the case has been appealed, it is not clear if the plaintiffs can file further pleadings to object to or strike the improper filing, but the plaintiffs hereby give notice of their intent to preserve all rights with respect to objecting or moving to strike this improper filing, as may be allowed at the proper time, and the plaintiffs also reserves the right to seek sanctions or disciplinary action against the proposed intervenor in relation to this matter.

---

[1] A district court may assess sanctions when a party has “acted in bad faith, vexatiously, wantonly, or for oppressive reasons.” *Concord Mem.* at 10 (quoting *Dubois v. United States Dep't of Agric.,* 270 F.3d 77, 80 (1st Cir.2001)).

Respectfully submitted,

/s/ Andre Bisasor

Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
Email: quickquantum@aol.com


/s/ Natalie Anderson

Natalie Anderson
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
Dated: 9-15-23                                                          Email: liberty_6@msn.com

# EXHIBIT 1

## Re: Case No. 1:22-cv-264-SE

From: Andre Bisasor (quickquantum@aol.com)

To:       rhilliard@uptonhatfield.com

Date: Thursday, September 14, 2023 at 12:54 PM EDT

Mr. Hilliard,

You emailed me once yesterday afternoon at 1.32pm and then filed your motion at 4.34pm.

That is not a good faith attempt to obtain concurrence. The rules and applicable case law show that
emailing a party on the same day you intend to file, and then rushing to file without awaiting response or
without allowing reasonable time to respond, is not good faith attempt at concurrence and violates Local
Rule 7.  Your representation in your motion that you did a good faith attempt to obtain concurrence is also a
violation of Rule 11.

This is also on top of the fact that you evidently did not obtain the assent of the defendants and you rushed
to file the motion after a notice of appeal had been filed in closed dismissed case, which is improper and
intended to burden or harass the plaintiffs with needless litigation and costs.

I intend to move for sanctions unless you withdraw the motion. Please advise if you will withdraw the
motion promptly.

Sincerely,
Andre Bisasor