UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT
No. 23-1765
NATALIE ANDERSON, ET AL.,
Plaintiffs-Appellants,
v.
PATRICK DONOVAN, ET AL.,
Defendants-Appellees.

## **APPELLANT ANDRE BISASOR'S MOTION FOR EXTENSION OF TIME TO FILE PETITION FOR REHEARING OR RECONSIDERATION**

1. Appellant Andre Bisasor, pro se, respectfully moves this Court for a 90-day extension of time to file a petition for rehearing or reconsideration of this Court's judgment entered on September 23, 2024, affirming the district court's dismissal. In support of this motion, Appellant states as follows:

### **I. INTRODUCTION**

2. On September 23, 2024, this Court issued its judgment affirming the district court's dismissal of the underlying action under Federal Rule of Civil Procedure 41(b).

3. Pursuant to Federal Rule of Appellate Procedure 40(a)(1), the deadline to file a petition for rehearing is 14 days after entry of judgment, which in this case is October 7, 2024.

4. Appellant seeks a 90-day extension, until January 6, 2025, to file a petition for rehearing or reconsideration.

### **II. LEGAL STANDARD**

5. Federal Rule of Appellate Procedure 26(b) grants courts the discretion to extend time limits prescribed by the rules or court order, stating: "For good cause, the court may extend the time prescribed by these rules or by its order to perform any act, or may permit an act to be done after that time expires."

6. This rule provides courts with flexibility to accommodate the needs of parties when circumstances warrant an extension.

### **III. REASONS FOR GRANTING EXTENSION**

7. There are compelling reasons for granting this extension, as follows:

#### **A. Pro Se Status**

8. Appellant is proceeding pro se in this matter, which presents unique challenges in navigating the complex appellate process. The Supreme Court has recognized the need for additional consideration when dealing with pro se litigants. In Erickson v. Pardus, 551 U.S. 89, 94 (2007), the Court held that pro se complaints must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers".

9. The Supreme Court also has recognized that pro se pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).

10. As a pro se litigant, Appellant requires additional time to thoroughly research relevant legal authorities to prepare a petition addressing the complex issues involved.

## B. Complexity of Issues for Rehearing

11. The issues that need to be presented for rehearing are complex and warrant careful consideration, particularly for a pro se litigant.

12. An extension would allow Appellant to thoroughly review the Court's opinion, research the necessary grounds for rehearing, and prepare a comprehensive petition that adequately addresses the critical issues.

13. The underlying case involves intricate procedural matters related to Rule 41(b) dismissals and the interpretation of district court orders, which requires careful analysis and articulation.

14. The complexity of the issues involved, including the application of the abuse of discretion standard in Rule 41(b) dismissals, necessitates careful research and analysis. In Vivaldi Servicios De Seguridad, Inc. v. Maiso Grp., Corp., 93 F.4th 27, 30-31 (1st Cir. 2024), this Court recently emphasized the importance of carefully reviewing the district court's exercise of discretion in Rule 41(b) dismissals.

## C. Need for Legal Consultation

15. Appellant requires additional time to seek legal counsel. Obtaining legal representation would significantly enhance Appellant's ability to present legally sound arguments in compliance with this Court's requirements.

16. The First Circuit has acknowledged that pro se litigants may face unique challenges. In Pena-Diaz v. Cuccinelli, 983 F.3d 591, 593 (1st Cir. 2020), this Court noted the importance of providing pro se litigants with a fair opportunity to present their case.

17. Should Appellant be unable to secure legal representation, additional time is needed to become more familiar with this Court's jurisprudence. In Prou v. United States, 199 F.3d 37, 42 (1st Cir. 1999), this Court recognized the challenges faced by pro se litigants in navigating complex legal issues.

## D. Unusual Nature of the Court's Ruling

18. The Court's September 23, 2024 ruling appears to depart from standard practice, raising several concerns:

    a. **Affirmation Without Merits Briefing**: The Court affirmed the district court's dismissal without ordering or permitting briefing on the merits of the appeal. This appears to conflict with standard practice and raises due process concerns. Federal Rule of Appellate Procedure 31(a) states: "The appellant must serve and file a brief within 40 days after the record is filed." This rule establishes the right and expectation for appellants to file briefs. Similarly, when a show cause order is issued, the court does not set the briefing schedule until after the timeliness issue is resolved. This allows the court to first determine whether the appeal can proceed before setting deadlines for briefs on the merits. In this instance, the show cause order focused solely on the timeliness of the appeal as a threshold or jurisdictional issue. The appellants placed all or much of their focus on addressing timeliness and nothing much further because the appellants were led to believe that any merits argument would be premature without resolution of the timeliness issue. As a result, the appellants did not properly address the merits or the record of the underlying district court case, as it relates to the merits of the appeal.

Given the specific focus of the show cause order, it was not apparent that Appellants should have included their full merits arguments in that response. Without adequate notice, the appellants did not receive due process and were deprived of an opportunity to provide briefing on the merits of the appeal. It is the appellant's understanding that a court of appeals should not dismiss an appeal on the merits without affording the appellant an opportunity to brief the issues. Appellant needs to consult with an attorney to understand why the Court seems to have departed from its standard practice and prior precedent, in this case.

  b. **<u>Clarification Needed on Expected Content</u>**: It is unclear whether Appellants were expected to present their full merits arguments within the show cause response, especially since the Court decided to affirm the dismissal when the only pleading filed was solely Appellants' response to the show cause order. It is also unclear whether they are expected to address the full merits of the case in the petition for rehearing, even though the appellants were not given an opportunity to address the full merits of the case prior to the Court's 9-23-24 judgment.

  c. **<u>Word Limit Constraints:</u>** The 3,900-word limit for petitions for rehearing under Federal Rule of Appellate Procedure 40 will make it extremely difficult to present both timeliness arguments and a full discussion of the merits of the appeal.

19. These issues demonstrate the need for Appellant to obtain legal advice and additional time for proper research and analysis.

## E. Medical Treatment and Health Considerations

20. Appellant is currently undergoing medical treatment for health conditions, which significantly impedes his ability to meet the current deadline. This treatment is expected to continue for the next month. Courts have recognized health issues as valid grounds for granting extensions.

21. In Mayle v. State of Illinois, 956 F.3d 966 (7th Cir. 2020), the court considered personal circumstances, including health-related issues, in granting an extension.

## F. Other Circumstances

22. The intervening holiday season may impact Appellant's ability to access necessary legal resources and potential counsel. The requested extension takes into account the upcoming holiday season, including Thanksgiving and the Christmas/New Year period.

23. Additionally, Appellant has conflicting deadlines in other matters that prevent completion of a rehearing petition by the current deadline.

## G. Coordination Among Multiple Appellants

24. This case involves more than one appellant, necessitating coordination to ensure a cohesive and comprehensive petition for rehearing. The need for coordination among multiple parties can justify an

extension of time. In Boumediene v. Bush, 476 F.3d 981 (D.C. Cir. 2007), the court recognized the complexity of coordinating among multiple parties as a valid reason for granting an extension.

25. The requested extension will allow for this necessary coordination, resulting in a more effective petition.

## H. Information from Assigned Clerk Staff

26. It should be noted that the Appellant spoke to the clerk staff assigned to this case, last week, and the appellant was informed that extensions for a petition of rehearing are customarily granted by the court[1], in particular the first such request, although the length of the extension may varies. So, this is not an unusual request by appellant. Every fair opportunity should be given to the appellant to address "with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended…in support of the petition."

## IV. CONCLUSION

27. This motion is timely filed within the original 14-day period for filing a rehearing petition, in accordance with Fed. R. App. P. 26(b) (and is being filed before the original deadline has expired).

28. This extension request is made in good faith and will allow Appellant to present a more thorough and well-reasoned petition to this Court.

29. The length of the requested extension is reasonable given the circumstances.

30. The requested extension will not prejudice any party as the underlying district court dismissal remains in effect.

31. The extension would serve the interests of justice by ensuring that Appellant has a fair opportunity to present his case for rehearing.

32. In Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 47 (1st Cir. 2002), this Court emphasized the importance of providing litigants with a fair opportunity to present their case. Furthermore, in Castro v. United States, 540 U.S. 375, 381-82 (2003), the Supreme Court recognized the obligation of courts to ensure that pro se litigants are given a fair opportunity to present their arguments.

## V. PRAYER FOR RELIEF

33. Appellant requests that the Court grant a pro se liberal construction to this pleading and construe his words in his favor. NB: This pleading is not appellant's petition for rehearing.

34. WHEREFORE, Appellant Andre Bisasor respectfully requests that this Court grant a 90-day extension of time, until January 6, 2025, to file a petition for rehearing or reconsideration.

---

[1] NB: Upon expressing concern as to whether appellant would need to file for an extension prior to the 10-7-24 deadline, the assigned clerk staff also indicated to appellant that, based on general appellate practice, it is common for the court to provide a short new deadline if the court denies an extension request, especially if the original deadline already passed by the time the court issued its order on the extension. This allows the party a brief window to still file their petition or motion, rather than automatically foreclosing that opportunity because they had to await the court's ruling after filing for extension.

4

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor, Pro Se
679 Washington Street, Suite #8-206
Attleboro, MA 02703
Tel: 781-492-5675
Email: quickquantum@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the First Circuit using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

/s/ Andre Bisasor
Andre Bisasor, Pro Se