UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT
NO. 23-1765
Anderson, et al. v. Donovan, et al

## **CONFIDENTIAL MOTION TO SEAL ACCOMPANYING CONFIDENTIAL ADA REQUEST**

1. I hereby move to seal my accompanying confidential ADA request with confidential exhibits attached, that is being filed today under seal, as follows.
2. I understand that I have the right to seal my ADA request containing medical information under the ADA and under the court's ADA policy.
3. The basis to justify sealing here is based on the fact that this filing involves confidential medical information which pertain to disabilities, which if disclosed publicly would impair the privacy interests attached thereto, and it contains private medical information that I do not want public (as making such information public would be prejudicial to me). I would like to protect my HIPAA rights of privacy (as well as that of others) and I should not have to sacrifice my medical information privacy in order to get relief under the ADA.
4. Moreover, medical records/medical information are presumptively confidential, especially that which goes to support ADA requests[1].
5. Similarly, the ADA mandates strict confidentiality of medical information obtained in connection with ADA accommodations (42 U.S.C. § 12112(d)(3)(B)). Note also the following additional points regarding ADA confidentiality:
    a. Courts have recognized the need to protect the privacy of litigants' medical information in ADA contexts (Doe v. Deer Mountain Day Camp, Inc., 682 F. Supp. 2d 324 (S.D.N.Y. 2010)).
    b. The confidentiality requirements under Title I of the ADA for employers provide a useful analogy for how courts should handle such information, requiring that medical records be kept separate and confidential.
    c. Disclosure of medical records obtained through the ADA modification process is prohibited by the ADA and the Rehabilitation Act. See 42 U.S.C. § 12112 ("B) information obtained regarding the medical condition or history…is treated as a confidential medical record"). See also 29 U.S.C. § 791 ("(9) Ensure that agencies' systems of recordkeeping track the processing of requests for reasonable accommodation and maintain the confidentiality of medical information received in accordance with applicable law and regulations").
    d. Doe v. U.S. Postal Service, 317 F.3d 339, 344 (D.C. Cir. 2003)("Such a result would run directly counter to Congress's purpose in enacting the ADA, which was, at least in part, to permit employers to inquire into employees' medical conditions in order to provide reasonable accommodations, while avoiding subjecting employees to the "blatant and subtle stigma" that attaches to "being identified as disabled." H.R. REP. No. 101-485, pt. 2, at 75 (1990), reprinted in 1990 U.S.C.C.A.N. 303, 357-58; see also 29 C.F.R. pt. 1630 app. (section 12112(d) and accompanying regulations "permit employers . . . to make inquiries or require medical examinations necessary to the reasonable accommodation process"). Section 12112(d)'s confidentiality requirement balances these two competing interests by ensuring that the information disclosed pursuant to an employer's medical inquiry spreads no farther than necessary to satisfy the legitimate needs of both employer and employee. The Postal Service's theory would destroy that balance, returning employees to the very bind Congress sought to avoid by enacting the confidentiality requirement.")
    e. The US Supreme Court has generally interpreted the ADA broadly to provide comprehensive protection for individuals with disabilities. This broad interpretation extends to protecting the confidentiality of medical information in court proceedings.
    f. Maintaining the confidentiality of medical information is considered part of the ADA request process. Sealing sensitive medical information is a common practice under the ADA.
    g. Disclosing an individual's disability or medical condition is considered to be discrimination, which the ADA aims to prevent.

---

[1] NB: The ADA indicates that appropriate documentation for a requested accommodation includes a letter from a doctor. See Petition of Rubenstein, 637 A.2d 1131, 1137 (Del. 1994) ("The ADA Handbook suggests that appropriate documentation for a requested accommodation "might include a letter from a physician or other professional." Id.").

    h. The ADA generally requires that medical information obtained during the accommodation process be kept confidential and maintained in separate files.
6. Therefore, I move to file the accompanying ADA request under seal, and that my medical information be kept confidential.
7. It is my understanding that this court customarily seals such medical information and so I believe that my request for sealing is not unusual.
8. Please grant a pro se liberal construction to this. I reserve all rights, without waiving any rights whatsoever thereto.
9. I respectfully request that this Court grant permission to seal the ADA request.

Respectfully submitted,<br>
/s/ Andre Bisasor<br>
Andre Bisasor<br>
679 Washington Street, Suite # 8-206<br>
Attleboro, MA 02703<br>
T: 781-492-5675<br>
Email: quickquantum@aol.com

January 6, 2025

The relief requested herein is assented to by appellant Natalie Anderson<br>
/s/ Natalie Anderson<br>
Natalie Anderson<br>
679 Washington Street, Suite # 8-206<br>
Attleboro, MA 02703<br>
T: 617-710-7093<br>
Email: liberty_6@msn.com