# APPELLANT NATALIE ANDERSON'S EMERGENCY MOTION TO ALLOW DISTRICT COURT TO RULE ON PENDING MOTION FOR RECONSIDERATION [EXPEDITED DETERMINATION/ RELIEF REQUESTED]

1. Appellant Natalie Anderson (hereinafter "Appellant" or "Appellant Anderson") respectfully move this Court for expedited relief to remand this case to the district court to rule on the reconsideration motion before requiring a petition for rehearing.[1] Grounds are as follows.

## I. INTRODUCTION

2. This motion addresses a critical procedural dilemma created by this Court's September 23, 2024 judgment affirming dismissal without merits briefing and the district court's order denying reconsideration as moot without prejudice to refiling after appeal.

3. Appellants face irreparable harm from being forced to either:
   a. Forfeit arguments by omitting them from a rehearing petition; or
   b. Prematurely brief merits issues in a rehearing petition, despite the district court retaining authority to reconsider its judgment of dismissal.

## II. PROCEDURAL HISTORY AND BACKGROUND [UPDATED]

4. On August 3, 2023, the United States District Court for the District of New Hampshire dismissed Appellants' case with prejudice under Federal Rule of Civil Procedure 41(b) for failure to file an amended complaint by a self-imposed deadline.

5. **On September 5, 2023, Appellants filed a motion for reconsideration of the district court's dismissal with prejudice.**

6. On September 13, 2023, Appellants filed their notice of appeal which was docketed by this Court on September 20, 2023.

7. **On September 26, 2023, the district court issued an order on the motion for reconsideration, stating:**

   > ENDORSED ORDER denying as moot 15 Motion for Reconsideration denying as moot 18 Motion to Intervene. Text of Order: The court granted the plaintiffs' motion for an extension of time to file a motion for reconsideration of the court's order of dismissal, clarifying that a motion for reconsideration extended the deadline to appeal until 30 days after the court decided the motion for reconsideration. Nevertheless, before the court could rule on the motion for reconsideration, the plaintiffs filed a notice of appeal of the court's order of dismissal. In light of the plaintiffs' appeal, this case is stayed and all pending motions are denied as moot without prejudice to refiling after plaintiffs' appeal is resolved. So Ordered by Judge Samantha D. Elliott.(vln)

8. On October 4, 2023, this Court issued a show cause order directing Appellants to "either move for voluntary dismissal under Fed. R. App. P. 42(b) or show cause, in writing, why this appeal should not be dismissed." The order specifically identified timeliness as the sole concern, stating that "it appears that this appeal should be dismissed as untimely" because "[a]n untimely motion for reconsideration does not toll the time for filing a notice of appeal."

9. On December 4, 2023, Appellants filed their response to the show cause order, addressing only the timeliness concern as directed.

10. On December 14, 2023, Appellants filed a supplemental response addressing arguments raised by a proposed intervenor (whose intervention was subsequently denied).

11. Nearly five months later, on May 1, 2024, the case was submitted to the panel consisting of Chief Judge Barron, Judge Gelpi, Jr., and Judge Rikelman.

---

[1] It should be noted that this is not a petition for rehearing and is not intended to be treated as such or construed as such. Appellant Anderson hereby expressly reserves the right to file a timely petition for rehearing with all arguments relevant to this matter, including those not presented in this motion.

12. On September 23, 2024, the Court issued its judgment affirming the district court's dismissal on the merits rather than addressing only the timeliness issue raised in the show cause order. In its judgment, the Court stated that it would "assume, without deciding, that the appeal is properly before the court".[2]
13. On February 25, 2025, the Court extended the time to file a petition for rehearing to March 27, 2025.
14. **On March 14, 2025, Appellant filed a motion for clarification on the following:**
    a. whether this Court's decision to affirm without allowing merits briefing was an oversight or an intentional deviation from standard appellate procedure, and whether Appellants were expected to argue the merits of their underlying case within their response to the show cause order on timeliness, despite the order's specific focus and the word limit for motions under Federal Rule of Appellate Procedure 27(d)(2).
    b. whether the Court expects her to address the underlying merits of the appeal in her forthcoming petition for rehearing (which clarification was necessary because petitions for rehearing typically address errors in the Court's decision rather than presenting arguments that were never made in the first instance).
    c. whether she is expected to address the underlying merits of the case along with the procedural issues in this court, all within the 3,900-word limit for petitions for rehearing established by Federal Rule of Appellate Procedure 40(b)(1) (especially since, given that principal briefs are normally allowed 13,000 words under Rule 32(a)(7), compressing a full merits argument into a 3,900-word petition for rehearing would significantly limit Appellant's ability to present her case).
15. **On March 24, 2025, the Court issued an order denying clarification**, essentially stating that none was necessary, but extending the time to file petition for rehearing until April 7, 2025. NB: The order ostensibly addressed only paragraph 14a above, but not paragraph 14b or 14c above. This effectively left appellant without clarification relief requested.
16. Appellant Anderson now seeks necessary emergency relief regarding the below, as follows.

### III. CONFLICTING POSTURES
#### A. District Court's Stay Invitation

17. The district court explicitly preserved Appellants' right to refile their reconsideration motion after appeal resolution. The September 26, 2023 order states: "In light of the plaintiffs' appeal, this case is stayed and all pending motions are denied as moot without prejudice to refiling after plaintiffs' appeal is resolved."
18. This creates a procedural pathway for Appellants to present reconsideration arguments (or evidence) to the district court in order to reconsider the dismissal with prejudice.
19. NB: The district court technically denied the motion for reconsideration as moot because appellants filed a notice of appeal before the court ruled on it; but the denial was not on the merits of the motion. The order explicitly states that the motion for reconsideration was denied without prejudice to refiling after the appeal is resolved. The district court stayed the motion for reconsideration until after appeal is resolved. This situation has set up a kind of Kafkaesque procedural trap as will be further elucidated below.

#### B. This Court's Judgment Without Briefing

20. This Court affirmed dismissal based solely on Appellants' response to a show cause order focused on timeliness. The Court:
    a. Assumed jurisdiction "without deciding" timeliness (Judgment at 2);
    b. Cited Local Rule 27.0(c) to affirm summarily, stating "no substantial question" existed.
21. Appellants believe that this bypassed due process requirements where merits adjudication without briefing is prohibited unless the appeal is "patently frivolous."

#### C. Irreconcilable Procedural Conflict

22. Appellants now face a Hobson's choice:
23. Option 1: File a rehearing petition in this court addressing the merits issues that are not yet ruled on by the district court but are contained in the pending stayed motion for reconsideration filed in the district court. This could risk waiver of rights in the district court and potentially could prejudice Appellants' ability to refile reconsideration motion in the district court.

---

[2] NB: The Court's order did not address the propriety of the dismissal with prejudice. The appellant did not have a chance to address these and other issues because they were not allowed an opportunity to address the merits of the appeal.

24. Option 2: Omit merits arguments from rehearing petition which could risk forfeiture in this court in terms of presenting full arguments in this appeal.
25. The appellants are genuinely concerned that this unfair situation will prejudice them no matter what they do.
26. It should be noted that appellants spoke to the case manager in this court and was informed that appellants have the right to file another notice of appeal if the district court denies the refiled motion for reconsideration (assuming arguendo that this court denies petition for rehearing and that the district court thereafter denies any refiled motion for reconsideration). NB: The Appellant assumes or understand that the first circuit's 9-23-24 judgment affirming the dismissal by Judge Elliott of the NH federal court does not impede Judge Elliott from reversing her original decision of dismissal with prejudice, if the first circuit upheld its judgment after appellant's filing a petition for rehearing. The Appellant also assumes or understands that she would be free to file another appeal on the refiled motion for reconsideration in the NH federal court as invited to do by Judge Elliott in her 9-26-23 order, should that become necessary. If this is not so, appellants ask that court provide the correct information.

## IV. LEGAL BASIS FOR EXPEDITED RELIEF
### A. Preservation Of District Court's Ability To Correct Its Own Judgment

27. The district court expressly preserved Appellants' right to refile their reconsideration motion after appeal resolution.
28. Judge Elliott's original dismissal contained potential reversible errors, including failure to consider lesser sanctions.
29. Allowing the district court to rule on the pending motion for reconsideration before they file a petition for rehearing in this court, promotes judicial economy (including but not limited to under the "law of the case" doctrine.).
30. If the district court reverses the dismissal, then further appeal would be become moot, eliminating the need for filing a petition for rehearing and the need to brief the case on the merits in this court. It would also rectify the situation of the appellant being deprived of an opportunity to brief the appeal before this court ruled on the merits of the case.
31. If the district court denies reconsideration, then the appeal can be consolidated with all of the relevant pending issues being brought into one matter to be fully resolved by this court.

### B. Prevent Irreparable Harm From Premature Appellate Review

32. This Court affirmed dismissal without merits briefing, which appellants believe is a fundamental due process violation. This is because this court does not even know which issues the appellant planned to appeal. The court assumed that the dismissal was the only item being appealed but that is not so. Appellants had planned to appeal prior decisions including failure to issue summons for service of process and failure to set a deadline to serve process, as well as the July 21, 2022 order on preliminary injunction. By not allowing any briefing, this court could not know what issues appellants intended to appeal. This is just one example of the devastating effects of not allowing plaintiff any opportunity to brief the appeal.
33. Appellants face permanent loss of their civil rights claims without full merits review. The opportunity afforded by the district court invitation to refile motion for reconsideration provides an opportunity for merits review by the district court, which has not yet occurred.
34. Appellants have a constitutionally protected interest in such meaningful merits review as this case involves constitutional claims (1st/14th Amendment issues) and because dismissal with prejudice constitutes "legal death penalty" sanction.

### C. This Court's Judgment Did Not Address Pending Motion For Reconsideration Not Yet Ruled On In The District Court

35. This Court's summary affirmance focused solely on whether the district court abused its discretion in dismissing under Rule 41(b). It did not—and could not—address Appellants' forthcoming motion for reconsideration arguments to be refiled in the district court, which will include arguments and documents showing excusable neglect for missing deadlines and showcase the legal error of the district court's failure to consider lesser sanctions (Benitez-Garcia v. Gonzalez-Vega, 468 F.3d 1, 5 (1st Cir. 2006)).
36. It should be noted that appellants spoke to the clerk/case manager of this Court about this issue and were informed that because the district court's order staying the motion for reconsideration was issued after the notice of appeal, the district court did not include it in the official transmittal of the record to the first circuit

court. However, it is not clear whether the court reviewed or intended to include appellants' motion for reconsideration that was filed in the district court but stayed by the district court, in its basis for the September 23, 2024 judgment. If this court did include it, then that would result in a procedural irregularity, where a motion that was not ruled on by the district court and was stayed by the district court, was used to adjudicate an appeal without allowing briefing.

### D. Due Process Requires Avoiding Procedural Traps

37. The Fifth Amendment prohibits "sandbagging" litigants with hidden waiver risks. See Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 313 (1950) (due process requires notice and opportunity to be heard).
38. Jones v. Barnes, 463 U.S. 745, 751 (1983) further provides that pro se litigants cannot be held to "the same high standards as trained counsel".
39. Also, Castro v. United States, 540 U.S. 375, 382 (2003) similarly provides that Courts must liberally construe pro se filings to avoid "inadvertent forfeiture."[3]
40. Forcing Appellants to guess whether to brief merits issues in a rehearing petition or risk waiver or to avail the use of the district court's invitation to file reconsideration after appeal—violates these principles.
41. Appellants ask the Court to really take time to hear and listen to the core heart of what appellants are trying to say and grant liberal construction to this pleading.

### V. CONCLUSION

42. This motion addresses a unique procedural paradox where Appellants risk waiver no matter how they proceed. The district court's invitation to refile reconsideration and this Court's summary affirmance without briefing create incompatible obligations.
43. Justice demands resolution of this conundrum to prevent constitutional harm from such procedural irregularities.
44. Relief is warranted under Fed. R. App. P. 2 (suspending rules to "secure the just determination of every proceeding").
45. A limited remand preserves district court's role in post-judgment relief. It also avoids "Kafkaesque" procedural trap.
46. For the foregoing reasons, Appellants respectfully request expedited relief.
47. NB: It should also be noted that the Appellant asks that the Court act on this motion **on an emergency basis, in adequate advance of the current deadline for the petition for rehearing. This is styled as an emergency because of the need to hear back from the court prior to the deadline for submitting the petition for rehearing.**

### VI. REQUESTED RELIEF

48. Appellants propose a limited remand under United States v. Torres-Otero. In Torres-Otero, 115 F.3d 1033, 1037 (1st Cir. 1997), this Court granted a limited remand for the district court to clarify its reasoning and to rectify the loss of opportunity to afford the appellant to avail himself of his right to appeal.
49. Similarly, this Court should remand, to allow the district court to rule on the stayed pending reconsideration motion, in this case. This also provides this Court flexibility to remand without necessarily undermining its judgment while also affording procedural fairness.
50. Hence, Appellants respectfully request remand to the district court with instructions to: a) Lift stay on Case No. 1:22-cv-00264-SE, and b) Rule on Appellants' refiled reconsideration motion within 60 days. Appellants also request tolling of rehearing petition deadline until 14 days after district court ruling on the stayed pending motion for reconsideration.

---

[3] The Supreme Court has recognized the need for additional consideration when dealing with pro se litigants. In Erickson v. Pardus, 551 U.S. 89, 94 (2007), the Court held that pro se complaints must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers". The Supreme Court also has recognized that pro se pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). The issues that need to be presented for rehearing are complex and warrant careful consideration, particularly for a pro se litigant. In Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 47 (1st Cir. 2002), this Court emphasized the importance of providing litigants with a fair opportunity to present their case. Furthermore, in Castro v. United States, 540 U.S. 375, 381-82 (2003), the Supreme Court recognized the obligation of courts to ensure that pro se litigants are given a fair opportunity to present their arguments.

Respectfully submitted<br>
/s/ Natalie Anderson<br>
Natalie Anderson

April 2, 2025

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the First Circuit using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

/s/ Natalie Anderson<br>
Natalie Anderson