UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT
Case No. 23-1765 | Anderson et. al v. Donovan et. al.

# **APPELLANTS' SUPPLEMENT TO CLARIFY INCORPORATION OF THE 3-14-25 MOTION FOR CLARIFICATION INTO PETITIONS FOR REHEARING**

## **I. INTRODUCTION**

1. Appellants respectfully submits this supplement and clarification for the petitions for rehearing.
2. In the petitions for rehearing filed, the appellants referenced that they were incorporating by reference "the motions for clarification…" into the petitions for rehearing.
3. This pleading is intended to clarify that the following excerpt from the motion for clarification filed on 3-14-25, is what the appellants intend to incorporate into their petitions, explicitly, as follows.

---

## **II. PROCEDURAL HISTORY AND BACKGROUND**

4. On August 3, 2023, the United States District Court for the District of New Hampshire dismissed Appellants' case with prejudice under Federal Rule of Civil Procedure 41(b) for failure to file an amended complaint by a self-imposed deadline.
5. Appellants filed their notice of appeal on September 13, 2023, which was docketed by this Court on September 20, 2023.
6. On October 4, 2023, this Court issued a show cause order directing Appellants to "either move for voluntary dismissal under Fed. R. App. P. 42(b) or show cause, in writing, why this appeal should not be dismissed." The order specifically identified timeliness as the sole concern, stating that "it appears that this appeal should be dismissed as untimely" because "[a]n untimely motion for reconsideration does not toll the time for filing a notice of appeal."
7. On December 4, 2023, Appellants filed their response to the show cause order, addressing only the timeliness concern as directed.
8. On December 14, 2023, Appellants filed a supplemental response addressing arguments raised by a proposed intervenor (whose intervention was subsequently denied).
9. Nearly five months later, on May 1, 2024, the case was submitted to the panel consisting of Chief Judge Barron, Judge Gelpi, Jr., and Judge Rikelman.
10. On September 23, 2024, the Court issued its judgment affirming the district court's dismissal on the merits rather than addressing only the timeliness issue raised in the show cause order. In its judgment, the Court stated that it would "assume, without deciding, that the appeal is properly before the court".[1]
11. On February 25, 2025, the Court extended the time to file a petition for rehearing to March 27, 2025.

## **III. IMPLICATIONS FROM PROCEDURAL HISTORY AND BACKGROUND**
### **A. The Show Cause Order Only Pertained To Timeliness of Appeal**

12. The Court's show cause order only pertained to "why this appeal should not be dismissed as untimely."
13. The Appellants' response to the show cause order only contained arguments addressing "why this appeal should not be dismissed as untimely." The appellants did not address the underlying merits of the appeal nor did the appellants include facts and arguments showing why the underlying dismissal by the district court was unfair, unwarranted, or erroneous. This includes but is not limited to additional facts that are not evident in the district court case docket or record, of which this Court can and should take judicial notice.
14. When the appellants filed their response to the show cause order, they followed the instructions of the Court carefully and adhered to the grounds, bases, and reasons for why the Court issued the show cause order.
15. The Court did not issue instructions to the appellants that they should brief the underlying merits of the appeal in their response to the show cause order for timeliness of appeal, nor could the appellants infer from the show cause order that they were in fact required to brief the merits of the appeal, in addition to showing why the appeal should not be dismissed for untimeliness.

---

[1] NB: The Court's order did not address the propriety of the dismissal with prejudice. The appellant did not have a chance to address these and other issues because they were not allowed an opportunity to address the merits of the appeal.

16. The appellants spent 8 pages in their response to the show cause order, focusing exclusively on the timeliness of appeal issue and were disciplined to not go beyond what the show cause order required or instructed.
17. Appellants were thus taken by surprise by the Court's judgment on the merits of the underlying appeal when they acted to resolve the show cause order for timeliness (which was ostensibly resolved in appellants' favor).

### B. Appellants' Submissions Were Incomplete Given the Limited Scope of the Show Cause Order

18. In its judgment, the Court stated that it affirmed the district court's dismissal "[a]fter careful review of the record and of appellants' submissions thus far." This phrasing is particularly notable because it acknowledges the incomplete nature of Appellants' submissions. The phrase "submissions thus far" inherently recognizes that Appellants' presentations to the Court were preliminary and incomplete. It serves as a key indicator that the appellants' submissions were not complete i.e., "submissions thus far", which signify incompleteness. This statement alone should have triggered a reminder or otherwise alerted the Court that something was not quite right with the procedural posture of the appeal (i.e., that the appellants were cut off from completing their submissions). It is not as though the appellants could have submitted further submissions at this preliminary show cause order stage of the appeal, as that would be improper and violative of the show cause order instructions. By way of analogy, if the defendants had participated in this appeal, what the Court did here with the appellants, would be tantamount to deciding the merits of the appeal without allowing the defendants to submit their brief on the merits of the appeal. If it would be unfair to do so to the defendants, then it must be likewise unfair to do so to the appellants.
19. The only submissions that Appellants made were their response to the show cause order regarding timeliness and a supplemental response addressing arguments raised by a proposed intervenor. These submissions were constrained by the word limit for motions under Federal Rule of Appellate Procedure 27(d)(2). This word limit, less than half of what is permitted for principal briefs under Rule 32(a)(7), made it practically impossible to address both the timeliness issues and present a comprehensive argument on the merits of the appeal.
20. Furthermore, responses to show cause orders are typically focused exclusively on the issue raised in the order. It would have been procedurally irregular and potentially inappropriate for Appellants to include full merits arguments in their response to a show cause order that specifically addressed only timeliness. Such an approach could have been viewed as non-responsive to the Court's directive or as attempting to circumvent the normal briefing process. So given that the show cause order focused solely on the timeliness of the appeal, it was not apparent that Appellants should have included their full merits arguments in that response. Moreover, the word limit for motions under Federal Rule of Appellate Procedure 27(d)(2) would have made it extremely difficult to present both timeliness arguments and a full discussion of the merits of the appeal. By contrast, principal briefs are allowed 13,000 words under Rule 32(a)(7).
21. The Court's recognition that it was reviewing only Appellants' "submissions thus far" should have prompted the establishment of a briefing schedule to allow Appellants to present their complete arguments on the merits of the appeal. Instead, the Court rendered judgment based on admittedly incomplete submissions, depriving Appellants of their opportunity to present their case fully.

### V. FUNDAMENTAL PROCEDURAL IRREGULARITIES REQUIRING CLARIFICATION
### A. The Court's Summary Affirmance Without Merits Briefing Presents Due Process Concerns

22. This Court affirmed the district court's dismissal without allowing any briefing on the merits of the appeal. The only order issued by this Court prior to its judgment was a show cause order regarding timeliness. After Appellants responded to that order, the Court proceeded directly to affirming the dismissal "substantially for the reasons set forth by the district court".
23. This Court's decision to affirm the district court's dismissal without permitting any briefing on the merits raises significant due process concerns and contradicts this Circuit's established precedent. This summary disposition without briefing further violates due process. A court of appeals should not dismiss an appeal on the merits without affording the appellant an opportunity to brief the issues. Summary disposition is appropriate only in those rare cases in which the frivolousness of the appeal is so patent that it would be a waste of judicial resources to allow the case to proceed further. No such finding of patent frivolousness was made in this case. Given the lack of any finding of frivolousness, the Court should have allowed full briefing before deciding the

merits. Moreover, even hypothetically-speaking, assuming arguendo that frivolousness could be found, how could the Court properly find frivolousness without allowing or reading the brief?

24. Furthermore, the Court's judgment acknowledges that it had to "assume, without deciding, that the appeal is properly before the court." This approach—bypassing jurisdictional questions to reach the merits—typically applies when the merits question is more readily resolved. However, this approach presupposes that the parties have had a full and fair opportunity to present their arguments on the merits, which did not occur here.
25. The Supreme Court has consistently recognized that due process requires notice and an opportunity to be heard before a court renders judgment. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). In the appellate context, this typically means the opportunity to file briefs addressing the substantive issues on appeal. By affirming the district court's dismissal without allowing Appellants to brief the merits, this Court effectively denied Appellants their fundamental right to be heard on appeal.
26. Furthermore, Federal Rule of Appellate Procedure contemplates that after preliminary matters like jurisdiction are resolved, the court will proceed to set a briefing schedule for the merits of the appeal. The Court's decision to bypass this critical step of the appellate process raises serious procedural concerns that warrant clarification.
27. Federal Rule of Appellate Procedure 31(a) states: "The appellant must serve and file a brief within 40 days after the record is filed." This rule establishes the right and expectation for appellants to file briefs. Similarly, when a show cause order is issued, the court does not set the briefing schedule until after the timeliness issue is resolved. This allows the court to first determine whether the appeal can proceed before setting deadlines for briefs on the merits. In this instance, the show cause order focused solely on the timeliness of the appeal as a threshold or jurisdictional issue. Appellants placed all or much of their focus on addressing timeliness and nothing much further because the appellants were led to believe that any merits argument would be premature without resolution of the timeliness issue.
28. As a result, Appellants did not properly address the merits or the record of the underlying district court case, as it relates to the merits of the appeal.
29. Given the specific focus of the show cause order, it was not apparent that Appellants should have included their full merits arguments in that response if in fact they should have done so.
30. Without adequate notice, Appellants did not receive due process and were deprived of an opportunity to provide briefing on the merits of the appeal. It is the Appellants' understanding that a court of appeals should not dismiss an appeal on the merits without affording Appellants opportunity to brief the issues.
31. Appellants do not know or understand why the Court seems to have departed from its standard practice and prior precedent, in this case.
32. Given this lack of clarification, the appellant is not sure what is required of them in the petition for rehearing, regarding the underlying merits of the appeal.
33. The Court had no opportunity to review the appellants' arguments regarding the underlying merits of the appeal because none was provided by the appellants, which in turn was because no briefing on the underlying merits of the appeal was requested, instructed, or ordered by the Court. This set of circumstances has introduced confusion and lack of clarity to the Appellants.

**B. The Show Cause Order's Limited Scope Did Not Signal That Merits Briefing Would Be Bypassed**

34. The Court's show cause order dated October 4, 2023, focused exclusively on the timeliness of the appeal.
35. When faced with this narrow directive, Appellants reasonably focused their response solely on the timeliness issue. Nothing in the show cause order indicated that Appellants should also address the substantive merits of their appeal. Indeed, doing so would have been potentially inappropriate and contrary to the Court's specific instructions. The Federal Rules of Appellate Procedure distinguish between jurisdictional motions practice and merits briefing, allotting different word limits and procedural sequences to each. Compare Fed. R. App. P. 27(d)(2) (limiting motions to 5,200 words) with Fed. R. App. P. 32(a)(7) (allowing principal briefs 13,000 words).
36. The structure of appellate practice is built upon the understanding that preliminary matters such as jurisdiction and timeliness are resolved before the parties engage in full briefing on the merits. This sequential approach ensures that resources are not wasted preparing extensive merits briefs in cases where the court lacks jurisdiction. See Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94-95 (1998) (discussing the importance of resolving jurisdictional questions before addressing merits).

37. By affirming on the merits immediately after resolving the timeliness issue (or assuming without deciding that the appeal was timely), the Court deviated from standard appellate procedure without notice to Appellants. This unusual procedural approach left Appellants with no opportunity to present their substantive arguments challenging the district court's dismissal.

### C. The Court Should Have Established a Briefing Schedule After Resolving the Timeliness Issue

38. The Court evidently decided that the appeal was timely filed (i.e., the Court stated that it assumes without deciding that it was timely which effectively was a designation that the appeal is treated as timely). It would be grossly unfair for the court to, after-the-fact, reverse course and treat it as untimely, after already stating that it effectively was treating it as timely.
39. Once the Court determined—or assumed without deciding—that the appeal was timely, the appropriate next step would have been to establish a briefing schedule for the merits of the appeal. This is the standard procedure in federal appellate practice and is contemplated by the Federal Rules of Appellate Procedure. Thus, the court should have proceeded to set a briefing schedule and allow the appellants to submit a brief. This is the only right and fair thing to do. Even assuming arguendo that after the court set a briefing schedule and the appellants submitted their briefs, the court could or would have possibly reached a similar conclusion, the fact of the matter is that the court should allow the appellants their day in court and a chance to present their case on the merits. It cannot be that the Court is taking the position that it does not need briefing on the merits because it already prejudged the case or that there are no set of facts, arguments or law that the appellants could ever possibly present that would change the outcome. If the Court were somehow to take such a position, it arguably would undermine, if not utterly destroy, the concept of due process, a fair trial and just jurisprudence, not to mention obliterate the precedent set by this very Court, if not also set by the US Supreme Court (as it is such a fundamental aspect of fairness). This is not the kind of case that lends itself to summary disposition without briefing, especially where the outcome must turn on certain facts that the Appellant is more intimately acquainted with and where the District Court's dismissal ruling was only one sentence.
40. According to the customary internal operating procedures of the Court, the clerk's office is supposed to review the case to determine whether there may be a jurisdictional defect, after an appeal is docketed. If the clerk's office identifies a potential jurisdictional defect, it will typically issue an order directing the appellant to address the issue. Nothing in this procedure suggests that the Court will proceed directly from resolving jurisdictional issues to deciding the merits without briefing. It is the appellants' understanding that, in a circumstance like this one, either the Court finds that the appeal was untimely and dismisses the appeal for untimeliness OR the Court rules that the appeal was timely and then proceed to briefing.
41. Other circuits have explicitly recognized the impropriety of deciding appeals on the merits without affording the parties an opportunity to brief the substantive issues. See In re Rains, 428 F.3d 893, 902 (9th Cir. 2005) (concluding that it was error to decide a legal issue without allowing briefing).
42. By proceeding directly from the show cause order on timeliness to a decision on the merits without any intervening briefing schedule, the Court deprived Appellants of the procedural protections that are fundamental to appellate practice. This approach is particularly concerning in a case where the Court's judgment explicitly cites substantive legal standards that Appellants never had an opportunity to address, including Vivaldi Servicios De Seguridad, Inc. v. Maiso Grp., Corp., 93 F.4th 27, 30-31 (1st Cir. 2024) and Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 47 (1st Cir. 2002).

### D. The Case Was Improperly Submitted as Though Full Briefing Had Occurred

43. The docket entry for May 1, 2024, states: "CASE submitted. Panel: David J. Barron, Chief Appellate Judge; Gustavo A. Gelpi, Jr., Appellate Judge; Julie Rikelman, Appellate Judge." This designation of "CASE submitted" is typically used after briefing is complete and the case is ready for decision on the merits. See Fed. R. App. P. 34(j)(3) (discussing submission without oral argument after "briefs have been filed").
44. The use of this designation in this case creates the incorrect impression that the case had proceeded through normal briefing channels when, in fact, no merits briefing had been permitted or completed. This procedural irregularity suggests a possible clerical or administrative error in how the case was processed and presented to the panel.
45. This seems to be part of the misconception here, where the responses to the show cause order was presented to the full panel as though it involved briefing. But it had not been briefed. Also, another point of confusion

4

could be the fact that the attempted intervention by a proposed intervenor cluttered the docket with peripheral issues that are not normally attendant to the procedural posture endemic to a show cause order for timeliness. Either way, the appellant believes that the show cause order issue should not have been presented as the case being submitted to the full panel of this court for full resolution, as though the case had been fully briefed.
46. The Federal Rules of Appellate Procedure distinguish between different types of motions and proceedings. Rule 27 governs motions practice, including responses to show cause orders, while Rules 28-32 govern briefs on the merits. The conflation of these distinct procedural mechanisms—treating responses to a show cause order as though they constituted full briefing on the merits—undermines the integrity of the appellate process and violates Appellants' reasonable expectations regarding how their appeal would be handled.
47. The procedural irregularity in how this case was processed and submitted to the panel further supports Appellant's request for procedural relief.

## VII. FURTHER SPECIFIC GROUNDS FOR CLARIFICATION

48. In light of the procedural irregularities outlined above, Appellant respectfully seeks clarification on the following specific points:
    a) First, Appellant seeks to understand whether this Court's decision to affirm without allowing merits briefing was an oversight or an intentional deviation from standard appellate procedure. If intentional, Appellant seeks clarification as to whether Appellants were expected to argue the merits of their underlying case within their response to the show cause order on timeliness, despite the order's specific focus and the word limit for motions under Federal Rule of Appellate Procedure 27(d)(2).
    b) Second, Appellant seeks guidance on whether the Court expects her to address the underlying merits of the appeal in her forthcoming petition for rehearing. This clarification is essential because petitions for rehearing typically address errors in the Court's decision rather than presenting arguments that were never made in the first instance. See Fed. R. App. P. 40(a)(2) (requiring that petitions for rehearing "state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended").
    c) Third, if the Court does expect Appellants to address the merits in their petition for rehearing, then Appellant seeks clarification on whether she is expected to do so within the 3,900-word limit for petitions for rehearing established by Federal Rule of Appellate Procedure 40(b)(1). Given that principal briefs are normally allowed 13,000 words under Rule 32(a)(7), compressing a full merits argument into a 3,900-word petition for rehearing would significantly limit Appellant's ability to present her case.
49. These questions are not merely academic but have real practical significance for how Appellant will prepare the petition for rehearing. Without guidance from the Court on these issues, Appellant faces a difficult dilemma: either attempt to compress both procedural objections and full merits arguments into a 3,900-word petition, potentially inadequately presenting both, or focus exclusively on the procedural irregularities at the risk of having the Court conclude that they have waived merits arguments.
50. The appellant intends to focus not on the underlying merits of the appeal because the word limit is not conducive to doing so. If the appellant had been allowed to submit their brief, they would have had allowance to do so within a 13,000 word limit under the rules. Structurally, to require the appellant to cover 13,000 words in only 3,900 words plus address the procedural issues that pertaining to the decision without briefing, would work a substantial disadvantage to the pro se appellant and deprive them of their fundamental due process rights and of their right to equal treatment before the law.
51. The appellant respectfully suggests that the fair thing to do is to undo the judgment of dismissal on procedural grounds, enter an order affirming the timeliness of the appeal in terms of a resolution of the show cause order pertaining to timeliness of appeal, then order a briefing schedule, then thereafter adjudicate the appeal on the merits after review of the merits and/or after oral argument. This would reset the procedural integrity of the appeal and ensure that appellants have the full and fair opportunity to present their case to this Court.

---------------------------------------------------------------------------------------------------------------------

52. This is incorporated into the petitions for rehearing as indicated in the petitions themselves. This is explicitly shown here to ensure that it is read with and as part of the petitions for rehearing.

53. See **Exhibit 1** for the actual 3-14-25 motion for clarification. See also **Exhibit 2** for the actual motion to allow ruling on motion for reconsideration in the district court filed on 4-2-25, which was also incorporated into the petitions by reference.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor, Pro Se

/s/ Natalie Anderson
Natalie Anderson

April 16, 2025

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the First Circuit using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

/s/ Andre Bisasor
Andre Bisasor, Pro Se

# Exhibit 1

UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT
Case No. 23-1765 | Anderson et. al v. Donovan et. al.

## APPELLANT NATALIE ANDERSON'S EMERGENCY MOTION FOR CLARIFICATION [EXPEDITED DETERMINATION/ RELIEF REQUESTED]

1. Appellant Natalie Anderson (hereinafter "Appellant" or "Appellant Anderson") respectfully move this Court for clarification regarding her forthcoming petition for rehearing and this Court's judgment entered on September 23, 2024.
2. It should be noted that this is not a petition for rehearing and is not intended to be treated as such or construed as such. In this motion, Appellant Anderson is specifically and only seeking procedural clarification to ensure compliance with court rules and expectations in her forthcoming petition for rehearing. Appellant Anderson still intends to file a full and proper petition for rehearing by or on the March 27, 2025 deadline.
3. This motion primarily focuses on specific procedural issues rather than the merits of the underlying case or appeal, specifically:
   a. The lack of opportunity to brief the merits before the court's judgment
   b. The need for clarification on how to proceed with the petition for rehearing
   c. Concerns about due process and departure from standard appellate procedure
4. Appellant Anderson hereby expressly reserves the right to file a timely petition for rehearing with all arguments relevant to this matter, including those not presented in this motion.
5. **It should also be noted that the Appellant asks that the Court act on this motion on an emergency basis, in adequate advance of the current deadline for the petition for rehearing. This is styled as an emergency because of the need to hear back from the court prior to the March 27, 2025 deadline for submitting the petition for rehearing.**
6. In support of this motion, Appellant Anderson state as follows:

## I. INTRODUCTION

7. This Motion for Clarification addresses a fundamental issue of procedural fairness: whether appellants are entitled to present their substantive arguments on appeal before judgment is rendered against them. The First Circuit's September 23, 2024 judgment affirmed the district court's dismissal after reviewing only responses to a show cause order concerning timeliness, without permitting the appellants to file any briefs addressing the merits of their case. This procedure raises significant concerns about due process and ostensibly departs from established appellate practice. Through this motion, Appellant Anderson respectfully seeks clarification regarding the Court's procedural handling of their appeal and guidance on how to proceed with her petition for rehearing.

## II. LEGAL STANDARDS FOR MOTIONS FOR CLARIFICATION

8. Although not explicitly addressed in the Federal Rules of Appellate Procedure, motions for clarification are well-established in federal appellate practice. The purpose of a motion for clarification is to resolve ambiguities or address procedural questions that arise from a court's order or judgment. Such motions are particularly appropriate where, as here, a court's procedure has deviated from established practice in ways that create uncertainty about how parties should proceed. Motions for clarification serve the important function of allowing parties to understand the court's intentions and instructions without requiring the more drastic step of seeking reconsideration or vacatur. They promote judicial efficiency by preventing misunderstandings that could lead to unnecessary further proceedings. Clarification advances efficiency for the parties and the Court.
9. In this case, clarification is necessary to resolve significant questions about how the Court's unusual procedural approach affects Appellant's forthcoming petition for rehearing and the broader right to present substantive arguments on appeal.

## III. PROCEDURAL HISTORY AND BACKGROUND

10. On August 3, 2023, the United States District Court for the District of New Hampshire dismissed Appellants' case with prejudice under Federal Rule of Civil Procedure 41(b) for failure to file an amended complaint by a self-imposed deadline.

11. Appellants filed their notice of appeal on September 13, 2023, which was docketed by this Court on September 20, 2023.
12. On October 4, 2023, this Court issued a show cause order directing Appellants to "either move for voluntary dismissal under Fed. R. App. P. 42(b) or show cause, in writing, why this appeal should not be dismissed." The order specifically identified timeliness as the sole concern, stating that "it appears that this appeal should be dismissed as untimely" because "[a]n untimely motion for reconsideration does not toll the time for filing a notice of appeal."
13. On December 4, 2023, Appellants filed their response to the show cause order, addressing only the timeliness concern as directed.
14. On December 14, 2023, Appellants filed a supplemental response addressing arguments raised by a proposed intervenor (whose intervention was subsequently denied).
15. Nearly five months later, on May 1, 2024, the case was submitted to the panel consisting of Chief Judge Barron, Judge Gelpi, Jr., and Judge Rikelman.
16. On September 23, 2024, the Court issued its judgment affirming the district court's dismissal on the merits rather than addressing only the timeliness issue raised in the show cause order. In its judgment, the Court stated that it would "assume, without deciding, that the appeal is properly before the court".[1]
17. On February 25, 2025, the Court extended the time to file a petition for rehearing to March 27, 2025.
18. In aid of filing that petition for rehearing, Appellant Anderson now seeks clarification, as follows.

## IV. IMPLICATIONS FROM PROCEDURAL HISTORY AND BACKGROUND
### A. The Show Cause Order Only Pertained To Timeliness of Appeal

19. The Court's show cause order only pertained to "why this appeal should not be dismissed as untimely."
20. The Appellants' response to the show cause order only contained arguments addressing "why this appeal should not be dismissed as untimely." The appellants did not address the underlying merits of the appeal nor did the appellants include facts and arguments showing why the underlying dismissal by the district court was unfair, unwarranted, or erroneous. This includes but is not limited to additional facts that are not evident in the district court case docket or record, of which this Court can and should take judicial notice.
21. When the appellants filed their response to the show cause order, they followed the instructions of the Court carefully and adhered to the grounds, bases, and reasons for why the Court issued the show cause order.
22. The Court did not issue instructions to the appellants that they should brief the underlying merits of the appeal in their response to the show cause order for timeliness of appeal, nor could the appellants infer from the show cause order that they were in fact required to brief the merits of the appeal, in addition to showing why the appeal should not be dismissed for untimeliness.
23. The appellants spent 8 pages in their response to the show cause order, focusing exclusively on the timeliness of appeal issue and were disciplined to not go beyond what the show cause order required or instructed.
24. Appellants were thus taken by surprise by the Court's judgment on the merits of the underlying appeal when they acted to resolve the show cause order for timeliness (which was ostensibly resolved in appellants' favor).

### B. Appellants' Submissions Were Incomplete Given the Limited Scope of the Show Cause Order

25. In its judgment, the Court stated that it affirmed the district court's dismissal "[a]fter careful review of the record and of appellants' submissions thus far." This phrasing is particularly notable because it acknowledges the incomplete nature of Appellants' submissions. The phrase "submissions thus far" inherently recognizes that Appellants' presentations to the Court were preliminary and incomplete. It serves as a key indicator that the appellants' submissions were not complete i.e., "submissions thus far", which signify incompleteness. This statement alone should have triggered a reminder or otherwise alerted the Court that something was not quite right with the procedural posture of the appeal (i.e., that the appellants were cut off from completing their submissions). It is not as though the appellants could have submitted further submissions at this preliminary show cause order stage of the appeal, as that would be improper and violative of the show cause order instructions. By way of analogy, if the defendants had participated in this appeal, what the Court did here with the appellants, would be tantamount to deciding the merits of the appeal without allowing the defendants to

---

[1] NB: The Court's order did not address the propriety of the dismissal with prejudice. The appellant did not have a chance to address these and other issues because they were not allowed an opportunity to address the merits of the appeal.

26. submit their brief on the merits of the appeal. If it would be unfair to do so to the defendants, then it must be likewise unfair to do so to the appellants.
26. The only submissions that Appellants made were their response to the show cause order regarding timeliness and a supplemental response addressing arguments raised by a proposed intervenor. These submissions were constrained by the word limit for motions under Federal Rule of Appellate Procedure 27(d)(2). This word limit, less than half of what is permitted for principal briefs under Rule 32(a)(7), made it practically impossible to address both the timeliness issues and present a comprehensive argument on the merits of the appeal.
27. Furthermore, responses to show cause orders are typically focused exclusively on the issue raised in the order. It would have been procedurally irregular and potentially inappropriate for Appellants to include full merits arguments in their response to a show cause order that specifically addressed only timeliness. Such an approach could have been viewed as non-responsive to the Court's directive or as attempting to circumvent the normal briefing process. So given that the show cause order focused solely on the timeliness of the appeal, it was not apparent that Appellants should have included their full merits arguments in that response. Moreover, the word limit for motions under Federal Rule of Appellate Procedure 27(d)(2) would have made it extremely difficult to present both timeliness arguments and a full discussion of the merits of the appeal. By contrast, principal briefs are allowed 13,000 words under Rule 32(a)(7).
28. The Court's recognition that it was reviewing only Appellants' "submissions thus far" should have prompted the establishment of a briefing schedule to allow Appellants to present their complete arguments on the merits of the appeal. Instead, the Court rendered judgment based on admittedly incomplete submissions, depriving Appellants of their opportunity to present their case fully.

## **V. FUNDAMENTAL PROCEDURAL IRREGULARITIES REQUIRING CLARIFICATION**
### **A. The Court's Summary Affirmance Without Merits Briefing Presents Due Process Concerns**

29. This Court affirmed the district court's dismissal without allowing any briefing on the merits of the appeal. The only order issued by this Court prior to its judgment was a show cause order regarding timeliness. After Appellants responded to that order, the Court proceeded directly to affirming the dismissal "substantially for the reasons set forth by the district court".
30. This Court's decision to affirm the district court's dismissal without permitting any briefing on the merits raises significant due process concerns and contradicts this Circuit's established precedent. This summary disposition without briefing further violates due process. A court of appeals should not dismiss an appeal on the merits without affording the appellant an opportunity to brief the issues. Summary disposition is appropriate only in those rare cases in which the frivolousness of the appeal is so patent that it would be a waste of judicial resources to allow the case to proceed further. No such finding of patent frivolousness was made in this case. Given the lack of any finding of frivolousness, the Court should have allowed full briefing before deciding the merits. Moreover, even hypothetically-speaking, assuming arguendo that frivolousness could be found, how could the Court properly find frivolousness without allowing or reading the brief?
31. Furthermore, the Court's judgment acknowledges that it had to "assume, without deciding, that the appeal is properly before the court." This approach—bypassing jurisdictional questions to reach the merits—typically applies when the merits question is more readily resolved. However, this approach presupposes that the parties have had a full and fair opportunity to present their arguments on the merits, which did not occur here.
32. The Supreme Court has consistently recognized that due process requires notice and an opportunity to be heard before a court renders judgment. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). In the appellate context, this typically means the opportunity to file briefs addressing the substantive issues on appeal. By affirming the district court's dismissal without allowing Appellants to brief the merits, this Court effectively denied Appellants their fundamental right to be heard on appeal.
33. Furthermore, Federal Rule of Appellate Procedure contemplates that after preliminary matters like jurisdiction are resolved, the court will proceed to set a briefing schedule for the merits of the appeal. The Court's decision to bypass this critical step of the appellate process raises serious procedural concerns that warrant clarification.
34. Federal Rule of Appellate Procedure 31(a) states: "The appellant must serve and file a brief within 40 days after the record is filed." This rule establishes the right and expectation for appellants to file briefs. Similarly, when a show cause order is issued, the court does not set the briefing schedule until after the timeliness issue is resolved. This allows the court to first determine whether the appeal can proceed before setting deadlines for

briefs on the merits. In this instance, the show cause order focused solely on the timeliness of the appeal as a threshold or jurisdictional issue. Appellants placed all or much of their focus on addressing timeliness and nothing much further because the appellants were led to believe that any merits argument would be premature without resolution of the timeliness issue.

35. As a result, Appellants did not properly address the merits or the record of the underlying district court case, as it relates to the merits of the appeal.
36. Given the specific focus of the show cause order, it was not apparent that Appellants should have included their full merits arguments in that response if in fact they should have done so.
37. Without adequate notice, Appellants did not receive due process and were deprived of an opportunity to provide briefing on the merits of the appeal. It is the Appellants' understanding that a court of appeals should not dismiss an appeal on the merits without affording Appellants opportunity to brief the issues.
38. Appellants need to understand why the Court seems to have departed from its standard practice and prior precedent, in this case.
39. Given this lack of clarification, the appellant is not sure what is required of them in the petition for rehearing, regarding the underlying merits of the appeal. The Court had no opportunity to review the appellants' arguments regarding the underlying merits of the appeal because none was provided by the appellants, which in turn was because no briefing on the underlying merits of the appeal was requested, instructed, or ordered by the Court. This set of circumstances has introduced confusion and lack of clarity to the Appellants.
40. NB: Appellant hopes this is making sense and that the Court will, via pro se liberal construction, try its best to understand what it is that she is trying to say here howbeit perhaps in-artfully so.

### B. The Show Cause Order's Limited Scope Did Not Signal That Merits Briefing Would Be Bypassed

41. The Court's show cause order dated October 4, 2023, focused exclusively on the timeliness of the appeal.
42. When faced with this narrow directive, Appellants reasonably focused their response solely on the timeliness issue. Nothing in the show cause order indicated that Appellants should also address the substantive merits of their appeal. Indeed, doing so would have been potentially inappropriate and contrary to the Court's specific instructions. The Federal Rules of Appellate Procedure distinguish between jurisdictional motions practice and merits briefing, allotting different word limits and procedural sequences to each. Compare Fed. R. App. P. 27(d)(2) (limiting motions to 5,200 words) with Fed. R. App. P. 32(a)(7) (allowing principal briefs 13,000 words).
43. The structure of appellate practice is built upon the understanding that preliminary matters such as jurisdiction and timeliness are resolved before the parties engage in full briefing on the merits. This sequential approach ensures that resources are not wasted preparing extensive merits briefs in cases where the court lacks jurisdiction. See Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94-95 (1998) (discussing the importance of resolving jurisdictional questions before addressing merits).
44. By affirming on the merits immediately after resolving the timeliness issue (or assuming without deciding that the appeal was timely), the Court deviated from standard appellate procedure without notice to Appellants. This unusual procedural approach left Appellants with no opportunity to present their substantive arguments challenging the district court's dismissal.

### C. The Court Should Have Established a Briefing Schedule After Resolving the Timeliness Issue

45. The Court evidently decided that the appeal was timely filed (i.e., the Court stated that it assumes without deciding that it was timely which effectively was a designation that the appeal is treated as timely). It would be grossly unfair for the court to, after-the-fact, reverse course and treat it as untimely, after already stating that it effectively was treating it as timely.
46. Once the Court determined—or assumed without deciding—that the appeal was timely, the appropriate next step would have been to establish a briefing schedule for the merits of the appeal. This is the standard procedure in federal appellate practice and is contemplated by the Federal Rules of Appellate Procedure. Thus, the court should have proceeded to set a briefing schedule and allow the appellants to submit a brief. This is the only right and fair thing to do. Even assuming arguendo that after the court set a briefing schedule and the appellants submitted their briefs, the court could or would have possibly reached a similar conclusion, the fact of the matter is that the court should allow the appellants their day in court and a chance to present their case on the merits. It cannot be that the Court is taking the position that it does not need briefing on the merits

because it already prejudged the case or that there are no set of facts, arguments or law that the appellants could ever possibly present that would change the outcome. If the Court were somehow to take such a position, it arguably would undermine, if not utterly destroy, the concept of due process, a fair trial and just jurisprudence, not to mention obliterate the precedent set by this very Court, if not also set by the US Supreme Court (as it is such a fundamental aspect of fairness). This is not the kind of case that lends itself to summary disposition without briefing, especially where the outcome must turn on certain facts that the Appellant is more intimately acquainted with and where the District Court's dismissal ruling was only one sentence.

47. According to the customary internal operating procedures of the Court, the clerk's office is supposed to review the case to determine whether there may be a jurisdictional defect, after an appeal is docketed. If the clerk's office identifies a potential jurisdictional defect, it will typically issue an order directing the appellant to address the issue. Nothing in this procedure suggests that the Court will proceed directly from resolving jurisdictional issues to deciding the merits without briefing. It is the appellants' understanding that, in a circumstance like this one, either the Court finds that the appeal was untimely and dismisses the appeal for untimeliness OR the Court rules that the appeal was timely and then proceed to briefing.

48. Other circuits have explicitly recognized the impropriety of deciding appeals on the merits without affording the parties an opportunity to brief the substantive issues. See In re Rains, 428 F.3d 893, 902 (9th Cir. 2005) (concluding that it was error to decide a legal issue without allowing briefing).

49. By proceeding directly from the show cause order on timeliness to a decision on the merits without any intervening briefing schedule, the Court deprived Appellants of the procedural protections that are fundamental to appellate practice. This approach is particularly concerning in a case where the Court's judgment explicitly cites substantive legal standards that Appellants never had an opportunity to address, including Vivaldi Servicios De Seguridad, Inc. v. Maiso Grp., Corp., 93 F.4th 27, 30-31 (1st Cir. 2024) and Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 47 (1st Cir. 2002).

### D. The Case Was Improperly Submitted as Though Full Briefing Had Occurred

50. The docket entry for May 1, 2024, states: "CASE submitted. Panel: David J. Barron, Chief Appellate Judge; Gustavo A. Gelpi, Jr., Appellate Judge; Julie Rikelman, Appellate Judge." This designation of "CASE submitted" is typically used after briefing is complete and the case is ready for decision on the merits. See Fed. R. App. P. 34(j)(3) (discussing submission without oral argument after "briefs have been filed").

51. The use of this designation in this case creates the incorrect impression that the case had proceeded through normal briefing channels when, in fact, no merits briefing had been permitted or completed. This procedural irregularity suggests a possible clerical or administrative error in how the case was processed and presented to the panel.

52. This seems to be part of the misconception here, where the responses to the show cause order was presented to the full panel as though it involved briefing. But it had not been briefed. Also, another point of confusion could be the fact that the attempted intervention by a proposed intervenor cluttered the docket with peripheral issues that are not normally attendant to the procedural posture endemic to a show cause order for timeliness. Either way, the appellant believes that the show cause order issue should not have been presented as the case being submitted to the full panel of this court for full resolution, as though the case had been fully briefed.

53. The Federal Rules of Appellate Procedure distinguish between different types of motions and proceedings. Rule 27 governs motions practice, including responses to show cause orders, while Rules 28-32 govern briefs on the merits. The conflation of these distinct procedural mechanisms—treating responses to a show cause order as though they constituted full briefing on the merits—undermines the integrity of the appellate process and violates Appellants' reasonable expectations regarding how their appeal would be handled.

54. The procedural irregularity in how this case was processed and submitted to the panel further supports Appellant's request for clarification and, potentially, procedural relief.

### VII. FURTHER SPECIFIC GROUNDS FOR CLARIFICATION

55. In light of the procedural irregularities outlined above, Appellant respectfully seeks clarification on the following specific points:
    a. First, Appellant seeks to understand whether this Court's decision to affirm without allowing merits briefing was an oversight or an intentional deviation from standard appellate procedure. If intentional, Appellant seeks clarification as to whether Appellants were expected to argue the merits of their underlying

      case within their response to the show cause order on timeliness, despite the order's specific focus and the word limit for motions under Federal Rule of Appellate Procedure 27(d)(2).

  b. Second, Appellant seeks guidance on whether the Court expects her to address the underlying merits of the appeal in her forthcoming petition for rehearing. This clarification is essential because petitions for rehearing typically address errors in the Court's decision rather than presenting arguments that were never made in the first instance. See Fed. R. App. P. 40(a)(2) (requiring that petitions for rehearing "state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended").

  c. Third, if the Court does expect Appellants to address the merits in their petition for rehearing, then Appellant seeks clarification on whether she is expected to do so within the 3,900-word limit for petitions for rehearing established by Federal Rule of Appellate Procedure 40(b)(1). Given that principal briefs are normally allowed 13,000 words under Rule 32(a)(7), compressing a full merits argument into a 3,900-word petition for rehearing would significantly limit Appellant's ability to present her case.

56. These questions are not merely academic but have real practical significance for how Appellant will prepare the petition for rehearing. Without guidance from the Court on these issues, Appellant faces a difficult dilemma: either attempt to compress both procedural objections and full merits arguments into a 3,900-word petition, potentially inadequately presenting both, or focus exclusively on the procedural irregularities at the risk of having the Court conclude that they have waived merits arguments.

57. The appellant intends to focus not on the underlying merits of the appeal because the word limit is not conducive to doing so. If the appellant had been allowed to submit their brief, they would have had allowance to do so within a 13,000 word limit under the rules. Structurally, to require the appellant to cover 13,000 words in only 3,900 words plus address the procedural issues that pertaining to the decision without briefing, would work a substantial disadvantage to the pro se appellant and deprive them of their fundamental due process rights and of their right to equal treatment before the law.

58. The appellant respectfully suggests that the fair thing to do is to undo the judgment of dismissal on procedural grounds, enter an order affirming the timeliness of the appeal in terms of a resolution of the show cause order pertaining to timeliness of appeal, then order a briefing schedule, then thereafter adjudicate the appeal on the merits after review of the merits and/or after oral argument. This would reset the procedural integrity of the appeal and ensure that appellants have the full and fair opportunity to present their case to this Court.

## IX. APPELLANTS NEED A PROPER OPPORTUNITY TO FULLY AND PROPERLY BRIEF THE APPEAL ON THE MERITS

59. Appellant intends to submit the petition for rehearing by the deadline. In their forthcoming petition for rehearing, the appellants plan to focus exclusively on the procedural errors pertaining to the Court's ostensibly premature issuance of judgment without briefing. This forthcoming petition for rehearing will include full and complete citation of cases and precedent thereby establishing the legal and/or factual errors whereby the court overlooked or misapprehended key points of law or fact in undertaking a premature final judgment without briefing, and also thereby establishing the exceptional importance of the above issues that warrant further review and reversal and by ensuring uniformity of decisions (also whereby en banc panel decisions do not conflict with existing precedent).

60. Appellant thereafter hopes to submit a full and complete brief, if allowed to do so, including:
  a. Why the underlying case should not have been dismissed by the district court.
  b. Why, even if the case were to be dismissed, it should not have been dismissed with prejudice.

61. The appellant need a proper opportunity to do that.

## XI. CONCLUSION

62. The foregoing issues demonstrate the need for Appellant to obtain clarification.

63. This motion is timely filed in adequate advance before the deadline expires. It is made in good faith and will allow Appellant to present a proper and compliant petition for rehearing to this Court.

64. The motion is reasonable given the circumstances and would serve the interests of justice by ensuring that Appellants have a fair opportunity to present their case for rehearing[2].
65. Alternatively, if the Court determines that its judgment was issued in error without providing Appellant an opportunity to brief the merits of their appeal, Appellant request that the Court vacate its judgment and establish a briefing schedule in accordance with the Federal Rules of Appellate Procedure.

## XII. PRAYER FOR RELIEF

66. Appellant requests that the Court grant a pro se liberal construction to this pleading and construe these words in their favor.
67. NB: This pleading is not appellant's petition for rehearing (and should not be construed as such) as appellant still intend to file her full and proper petition for rehearing by or on the March 27, 2025 deadline. If the Court believes that this motion for clarification could be converted to a petition for rehearing, the appellant asks that the court not do that, because she has not presented her full arguments for rehearing, unless the Court intends to grant relief from the judgment on procedural grounds without any other argument or petition being necessary. Otherwise, appellant hereby preserves and reserves her right to file a timely petition for rehearing with all arguments including those not presented herein. In addition, the appellant cannot properly submit a petition for rehearing without clarification from the court as raised herein or without clear instruction on how to proceed. Furthermore, this preservation of rights is necessary also because the appellant is still in the process of seeking legal representation or assistance which if obtained by or before the deadline, may result in additional points and arguments not thought of by the appellant.
68. Appellant asks the Court to really take time to hear and listen to the core heart of what appellant is trying to say and to not be harsh with the appellant but to step back and consider what the fair outcome should be in the interests of justice.
69. WHEREFORE, Appellant respectfully requests that this Court grant this motion for clarification regarding petition for rehearing or reconsideration:
    a. Clarify whether the judgment on the merits that was entered without allowing briefing on the merits was an oversight; if so, then vacate the judgment and allow briefing;
    b. Whether the appellant was expected to address the merits of the appeal in their response to the show cause order; if not, then vacate the judgment on the merits of the appeal and allow briefing; if yes, then clarify why the court departed from standard procedure and clarify how appellant was supposed to know that this was required of her;
    c. Whether the appellant is now expected to combine a petition for rehearing with a full briefing on the merits of the appeal by addressing the merits of the appeal within or as part of or as a supplement to the petition for rehearing, and whether they are required to do so within only 3900 words for rehearing, and otherwise, whether an enlargement of word limit will be allowed to limit allowed for briefing. NB: If yes, then a proper extension to submit briefing on the merits should be allowed. Otherwise, the only proper and fair things to do in order to avoid the procedural quagmire implicated by the above situation, is to vacate the judgment on procedural grounds and set a briefing schedule according to the rules of procedure.

Respectfully submitted,
/s/ Natalie Anderson
March 14, 2025                                                                                                                       Natalie Anderson

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the First Circuit using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

/s/ Natalie Anderson
Natalie Anderson

---

[2] Granting this motion for clarification would allow Appellant to thoroughly and adequately address all necessary grounds for rehearing, and prepare a comprehensive petition that adequately addresses the critical issues. In addition, by granting this motion for clarification, it will also simplify the task of seeking legal counsel to assist the appellants in this matter, to the extent possible (which, as the court knows, obtaining legal representation or assistance would significantly enhance Appellants' ability to present legally sound arguments in compliance with this Court's requirements and thus to obtain a favorable outcome on rehearing).

# Exhibit 2

UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT
Case No. 23-1765 | Anderson et. al v. Donovan et. al.

# **APPELLANT NATALIE ANDERSON'S EMERGENCY MOTION TO ALLOW DISTRICT COURT TO RULE ON PENDING MOTION FOR RECONSIDERATION [EXPEDITED DETERMINATION/ RELIEF REQUESTED]**

1. Appellant Natalie Anderson (hereinafter "Appellant" or "Appellant Anderson") respectfully move this Court for expedited relief to remand this case to the district court to rule on the reconsideration motion before requiring a petition for rehearing.[1] Grounds are as follows.

## **I. INTRODUCTION**

2. This motion addresses a critical procedural dilemma created by this Court's September 23, 2024 judgment affirming dismissal without merits briefing and the district court's order denying reconsideration as moot without prejudice to refiling after appeal.

3. Appellants face irreparable harm from being forced to either:
   a. Forfeit arguments by omitting them from a rehearing petition; or
   b. Prematurely brief merits issues in a rehearing petition, despite the district court retaining authority to reconsider its judgment of dismissal.

## **II. PROCEDURAL HISTORY AND BACKGROUND [UPDATED]**

4. On August 3, 2023, the United States District Court for the District of New Hampshire dismissed Appellants' case with prejudice under Federal Rule of Civil Procedure 41(b) for failure to file an amended complaint by a self-imposed deadline.

5. **On September 5, 2023, Appellants filed a motion for reconsideration of the district court's dismissal with prejudice.**

6. On September 13, 2023, Appellants filed their notice of appeal which was docketed by this Court on September 20, 2023.

7. **On September 26, 2023, the district court issued an order on the motion for reconsideration, stating:**

   > ENDORSED ORDER denying as moot 15 Motion for Reconsideration denying as moot 18 Motion to Intervene. Text of Order: The court granted the plaintiffs' motion for an extension of time to file a motion for reconsideration of the court's order of dismissal, clarifying that a motion for reconsideration extended the deadline to appeal until 30 days after the court decided the motion for reconsideration. Nevertheless, before the court could rule on the motion for reconsideration, the plaintiffs filed a notice of appeal of the court's order of dismissal. In light of the plaintiffs' appeal, this case is stayed and all pending motions are denied as moot without prejudice to refiling after plaintiffs' appeal is resolved. So Ordered by Judge Samantha D. Elliott.(vln)

8. On October 4, 2023, this Court issued a show cause order directing Appellants to "either move for voluntary dismissal under Fed. R. App. P. 42(b) or show cause, in writing, why this appeal should not be dismissed." The order specifically identified timeliness as the sole concern, stating that "it appears that this appeal should be dismissed as untimely" because "[a]n untimely motion for reconsideration does not toll the time for filing a notice of appeal."

9. On December 4, 2023, Appellants filed their response to the show cause order, addressing only the timeliness concern as directed.

10. On December 14, 2023, Appellants filed a supplemental response addressing arguments raised by a proposed intervenor (whose intervention was subsequently denied).

11. Nearly five months later, on May 1, 2024, the case was submitted to the panel consisting of Chief Judge Barron, Judge Gelpi, Jr., and Judge Rikelman.

---

[1] It should be noted that this is not a petition for rehearing and is not intended to be treated as such or construed as such. Appellant Anderson hereby expressly reserves the right to file a timely petition for rehearing with all arguments relevant to this matter, including those not presented in this motion.

1

12. On September 23, 2024, the Court issued its judgment affirming the district court's dismissal on the merits rather than addressing only the timeliness issue raised in the show cause order. In its judgment, the Court stated that it would "assume, without deciding, that the appeal is properly before the court".[2]
13. On February 25, 2025, the Court extended the time to file a petition for rehearing to March 27, 2025.
14. **On March 14, 2025, Appellant filed a motion for clarification on the following:**
    a. whether this Court's decision to affirm without allowing merits briefing was an oversight or an intentional deviation from standard appellate procedure, and whether Appellants were expected to argue the merits of their underlying case within their response to the show cause order on timeliness, despite the order's specific focus and the word limit for motions under Federal Rule of Appellate Procedure 27(d)(2).
    b. whether the Court expects her to address the underlying merits of the appeal in her forthcoming petition for rehearing (which clarification was necessary because petitions for rehearing typically address errors in the Court's decision rather than presenting arguments that were never made in the first instance).
    c. whether she is expected to address the underlying merits of the case along with the procedural issues in this court, all within the 3,900-word limit for petitions for rehearing established by Federal Rule of Appellate Procedure 40(b)(1) (especially since, given that principal briefs are normally allowed 13,000 words under Rule 32(a)(7), compressing a full merits argument into a 3,900-word petition for rehearing would significantly limit Appellant's ability to present her case).
15. **On March 24, 2025, the Court issued an order denying clarification**, essentially stating that none was necessary, but extending the time to file petition for rehearing until April 7, 2025. NB: The order ostensibly addressed only paragraph 14a above, but not paragraph 14b or 14c above. This effectively left appellant without clarification relief requested.
16. Appellant Anderson now seeks necessary emergency relief regarding the below, as follows.

### III. CONFLICTING POSTURES
#### A. District Court's Stay Invitation

17. The district court explicitly preserved Appellants' right to refile their reconsideration motion after appeal resolution. The September 26, 2023 order states: "In light of the plaintiffs' appeal, this case is stayed and all pending motions are denied as moot without prejudice to refiling after plaintiffs' appeal is resolved."
18. This creates a procedural pathway for Appellants to present reconsideration arguments (or evidence) to the district court in order to reconsider the dismissal with prejudice.
19. NB: The district court technically denied the motion for reconsideration as moot because appellants filed a notice of appeal before the court ruled on it; but the denial was not on the merits of the motion. The order explicitly states that the motion for reconsideration was denied without prejudice to refiling after the appeal is resolved. The district court stayed the motion for reconsideration until after appeal is resolved. This situation has set up a kind of Kafkaesque procedural trap as will be further elucidated below.

#### B. This Court's Judgment Without Briefing

20. This Court affirmed dismissal based solely on Appellants' response to a show cause order focused on timeliness. The Court:
    a. Assumed jurisdiction "without deciding" timeliness (Judgment at 2);
    b. Cited Local Rule 27.0(c) to affirm summarily, stating "no substantial question" existed.
21. Appellants believe that this bypassed due process requirements where merits adjudication without briefing is prohibited unless the appeal is "patently frivolous."

#### C. Irreconcilable Procedural Conflict

22. Appellants now face a Hobson's choice:
23. Option 1: File a rehearing petition in this court addressing the merits issues that are not yet ruled on by the district court but are contained in the pending stayed motion for reconsideration filed in the district court. This could risk waiver of rights in the district court and potentially could prejudice Appellants' ability to refile reconsideration motion in the district court.

---

[2] NB: The Court's order did not address the propriety of the dismissal with prejudice. The appellant did not have a chance to address these and other issues because they were not allowed an opportunity to address the merits of the appeal.

24. Option 2: Omit merits arguments from rehearing petition which could risk forfeiture in this court in terms of presenting full arguments in this appeal.
25. The appellants are genuinely concerned that this unfair situation will prejudice them no matter what they do.
26. It should be noted that appellants spoke to the case manager in this court and was informed that appellants have the right to file another notice of appeal if the district court denies the refiled motion for reconsideration (assuming arguendo that this court denies petition for rehearing and that the district court thereafter denies any refiled motion for reconsideration). NB: The Appellant assumes or understand that the first circuit's 9-23-24 judgment affirming the dismissal by Judge Elliott of the NH federal court does not impede Judge Elliott from reversing her original decision of dismissal with prejudice, if the first circuit upheld its judgment after appellant's filing a petition for rehearing. The Appellant also assumes or understands that she would be free to file another appeal on the refiled motion for reconsideration in the NH federal court as invited to do by Judge Elliott in her 9-26-23 order, should that become necessary. If this is not so, appellants ask that court provide the correct information.

## IV. LEGAL BASIS FOR EXPEDITED RELIEF
### A. Preservation Of District Court's Ability To Correct Its Own Judgment

27. The district court expressly preserved Appellants' right to refile their reconsideration motion after appeal resolution.
28. Judge Elliott's original dismissal contained potential reversible errors, including failure to consider lesser sanctions.
29. Allowing the district court to rule on the pending motion for reconsideration before they file a petition for rehearing in this court, promotes judicial economy (including but not limited to under the "law of the case" doctrine.).
30. If the district court reverses the dismissal, then further appeal would be become moot, eliminating the need for filing a petition for rehearing and the need to brief the case on the merits in this court. It would also rectify the situation of the appellant being deprived of an opportunity to brief the appeal before this court ruled on the merits of the case.
31. If the district court denies reconsideration, then the appeal can be consolidated with all of the relevant pending issues being brought into one matter to be fully resolved by this court.

### B. Prevent Irreparable Harm From Premature Appellate Review

32. This Court affirmed dismissal without merits briefing, which appellants believe is a fundamental due process violation. This is because this court does not even know which issues the appellant planned to appeal. The court assumed that the dismissal was the only item being appealed but that is not so. Appellants had planned to appeal prior decisions including failure to issue summons for service of process and failure to set a deadline to serve process, as well as the July 21, 2022 order on preliminary injunction. By not allowing any briefing, this court could not know what issues appellants intended to appeal. This is just one example of the devastating effects of not allowing plaintiff any opportunity to brief the appeal.
33. Appellants face permanent loss of their civil rights claims without full merits review. The opportunity afforded by the district court invitation to refile motion for reconsideration provides an opportunity for merits review by the district court, which has not yet occurred.
34. Appellants have a constitutionally protected interest in such meaningful merits review as this case involves constitutional claims (1st/14th Amendment issues) and because dismissal with prejudice constitutes "legal death penalty" sanction.

### C. This Court's Judgment Did Not Address Pending Motion For Reconsideration Not Yet Ruled On In The District Court

35. This Court's summary affirmance focused solely on whether the district court abused its discretion in dismissing under Rule 41(b). It did not—and could not—address Appellants' forthcoming motion for reconsideration arguments to be refiled in the district court, which will include arguments and documents showing excusable neglect for missing deadlines and showcase the legal error of the district court's failure to consider lesser sanctions (Benitez-Garcia v. Gonzalez-Vega, 468 F.3d 1, 5 (1st Cir. 2006)).
36. It should be noted that appellants spoke to the clerk/case manager of this Court about this issue and were informed that because the district court's order staying the motion for reconsideration was issued after the notice of appeal, the district court did not include it in the official transmittal of the record to the first circuit

court. However, it is not clear whether the court reviewed or intended to include appellants' motion for reconsideration that was filed in the district court but stayed by the district court, in its basis for the September 23, 2024 judgment. If this court did include it, then that would result in a procedural irregularity, where a motion that was not ruled on by the district court and was stayed by the district court, was used to adjudicate an appeal without allowing briefing.

### D. Due Process Requires Avoiding Procedural Traps

37. The Fifth Amendment prohibits "sandbagging" litigants with hidden waiver risks. See Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 313 (1950) (due process requires notice and opportunity to be heard).
38. Jones v. Barnes, 463 U.S. 745, 751 (1983) further provides that pro se litigants cannot be held to "the same high standards as trained counsel".
39. Also, Castro v. United States, 540 U.S. 375, 382 (2003) similarly provides that Courts must liberally construe pro se filings to avoid "inadvertent forfeiture."[3]
40. Forcing Appellants to guess whether to brief merits issues in a rehearing petition or risk waiver or to avail the use of the district court's invitation to file reconsideration after appeal—violates these principles.
41. Appellants ask the Court to really take time to hear and listen to the core heart of what appellants are trying to say and grant liberal construction to this pleading.

### V. CONCLUSION

42. This motion addresses a unique procedural paradox where Appellants risk waiver no matter how they proceed. The district court's invitation to refile reconsideration and this Court's summary affirmance without briefing create incompatible obligations.
43. Justice demands resolution of this conundrum to prevent constitutional harm from such procedural irregularities.
44. Relief is warranted under Fed. R. App. P. 2 (suspending rules to "secure the just determination of every proceeding").
45. A limited remand preserves district court's role in post-judgment relief. It also avoids "Kafkaesque" procedural trap.
46. For the foregoing reasons, Appellants respectfully request expedited relief.
47. NB: It should also be noted that the Appellant asks that the Court act on this motion **on an emergency basis, in adequate advance of the current deadline for the petition for rehearing. This is styled as an emergency because of the need to hear back from the court prior to the deadline for submitting the petition for rehearing.**

### VI. REQUESTED RELIEF

48. Appellants propose a limited remand under United States v. Torres-Otero. In Torres-Otero, 115 F.3d 1033, 1037 (1st Cir. 1997), this Court granted a limited remand for the district court to clarify its reasoning and to rectify the loss of opportunity to afford the appellant to avail himself of his right to appeal.
49. Similarly, this Court should remand, to allow the district court to rule on the stayed pending reconsideration motion, in this case. This also provides this Court flexibility to remand without necessarily undermining its judgment while also affording procedural fairness.
50. Hence, Appellants respectfully request remand to the district court with instructions to: a) Lift stay on Case No. 1:22-cv-00264-SE, and b) Rule on Appellants' refiled reconsideration motion within 60 days. Appellants also request tolling of rehearing petition deadline until 14 days after district court ruling on the stayed pending motion for reconsideration.

---

[3] The Supreme Court has recognized the need for additional consideration when dealing with pro se litigants. In Erickson v. Pardus, 551 U.S. 89, 94 (2007), the Court held that pro se complaints must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers". The Supreme Court also has recognized that pro se pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). The issues that need to be presented for rehearing are complex and warrant careful consideration, particularly for a pro se litigant. In Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 47 (1st Cir. 2002), this Court emphasized the importance of providing litigants with a fair opportunity to present their case. Furthermore, in Castro v. United States, 540 U.S. 375, 381-82 (2003), the Supreme Court recognized the obligation of courts to ensure that pro se litigants are given a fair opportunity to present their arguments.

Respectfully submitted<br>/s/ Natalie Anderson<br>Natalie Anderson

April 2, 2025

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the First Circuit using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

/s/ Natalie Anderson<br>Natalie Anderson