
RECEIVED
APR 1 8 ...
H D
BY: U.S. COURT OF APPEALS

## CONFIDENTIAL MOTION TO SEAL
## [ACCOMPANYING FILED CONFIDENTIAL ADA REQUESTS]

1. Appellants hereby move to seal their accompanying confidential ADA requests[1] with confidential exhibits attached, that are filed under seal, via conventional means. Grounds are as follows.
2. Appellants understand that they have the right to seal ADA requests containing medical information under the ADA and under the court's ADA policy.
3. The basis to justify sealing here is based on the fact that these filings involve confidential medical information, including that which pertain to disabilities and other very sensitive medical information, which if disclosed publicly would impair the privacy interests attached thereto, and these contains private medical information that they do not want public (as making such information public would be prejudicial). Appellants would like to protect their HIPAA rights of privacy and they should not have to sacrifice their medical information privacy in order to get relief under the ADA.
4. Moreover, medical records/medical information are presumptively confidential, especially that which goes to support ADA requests[2].
5. Similarly, the ADA mandates strict confidentiality of medical information obtained in connection with ADA accommodations (42 U.S.C. § 12112(d)(3)(B)). Note also the following additional points regarding ADA confidentiality:
    a. Courts have recognized the need to protect the privacy of litigants' medical information in ADA contexts (Doe v. Deer Mountain Day Camp, Inc., 682 F. Supp. 2d 324 (S.D.N.Y. 2010)).
    b. The confidentiality requirements under Title I of the ADA for employers provide a useful analogy for how courts should handle such information, requiring that medical records be kept separate and confidential.
    c. Disclosure of medical records obtained through the ADA modification process is prohibited by the ADA and the Rehabilitation Act. See 42 U.S.C. § 12112 ("B) information obtained regarding the medical condition or history…is treated as a confidential medical record"). See also 29 U.S.C. § 791 ("(9) Ensure that agencies' systems of recordkeeping track the processing of requests for reasonable accommodation and maintain the confidentiality of medical information received in accordance with applicable law and regulations").
    d. Doe v. U.S. Postal Service, 317 F.3d 339, 344 (D.C. Cir. 2003)("Such a result would run directly counter to Congress's purpose in enacting the ADA, which was, at least in part, to permit employers to inquire into employees' medical conditions in order to provide reasonable accommodations, while avoiding subjecting employees to the "blatant and subtle stigma" that attaches to "being identified as disabled." H.R. REP. No. 101-485, pt. 2, at 75 (1990), reprinted in 1990 U.S.C.C.A.N. 303, 357-58; see also 29 C.F.R. pt. 1630 app. (section 12112(d) and accompanying regulations "permit employers . . . to make inquiries or require medical examinations necessary to the reasonable accommodation process"). Section 12112(d)'s confidentiality requirement balances these two competing interests by ensuring that the information disclosed pursuant to an employer's medical inquiry spreads no farther than necessary to satisfy the legitimate needs of both employer and employee. The Postal Service's theory would destroy that balance, returning employees to the very bind Congress sought to avoid by enacting the confidentiality requirement.")
    e. The US Supreme Court has generally interpreted the ADA broadly to provide comprehensive protection for individuals with disabilities. This broad interpretation extends to protecting the confidentiality of medical information in court proceedings.

---

[1] See the accompanying **ADA Request to Exceed Word Limits** and also the accompanying **ADA request to allow late filing of petition for rehearing**, that are filed confidentially under seal by Appellants, via conventional means.

[2] NB: The ADA indicates that appropriate documentation for a requested accommodation includes a letter from a doctor. See Petition of Rubenstein, 637 A.2d 1131, 1137 (Del. 1994) ("The ADA Handbook suggests that appropriate documentation for a requested accommodation "might include a letter from a physician or other professional." Id.").

f. Maintaining the confidentiality of medical information is considered part of the ADA request process. Sealing sensitive medical information is a common practice under the ADA.
   g. Disclosing an individual's disability or medical condition is considered to be discrimination, which the ADA aims to prevent.
   h. The ADA generally requires that medical information obtained during the accommodation process be kept confidential and maintained in separate files.
6. Therefore, Appellants move to file the accompanying ADA requests under seal, and that their medical information be kept confidential.
7. It is Appellants' understanding that this court customarily seals such medical information and so they believe that this request for sealing is not unusual.
8. Please grant a pro se liberal construction to this.
9. Appellants reserve all rights, without waiving any rights whatsoever thereto.
10. Appellants respectfully request that this Court grant permission to seal the ADA requests.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor

/s/ Natalie Anderson
Natalie Anderson

April 17, 2025