UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT
NO. 23-1765 | Anderson, et al. v. Donovan, et al

**DECLARATION AND AFFIDAVIT OF TECHNICAL FAILURE OF THE COURT'S ECF FILING SYSTEM ON 4/11/25 AND ON 4/14/25**

1. Pursuant to Federal Rule of Appellate Procedure 26(a)(3) and this Court's Local Rule 25(f) and Rule Governing Electronic Filing 11, Appellants respectfully provide this declaration and affidavit of technical failure in the Court's Electronic Case Filing (ECF) system that prevented the timely filing of Appellants' Petition for Panel Rehearing on April 11, 2025 and that also prevented filing on the next business day of April 14, 2025, with the remedy that the Appellants' Petitions for Panel Rehearing filed on April 15, 2025 be treated as timely filed. In support, the Appellants state as follows:

## I. DESCRIPTION OF TECHNICAL FAILURE

2. This is a declaration and affidavit of technical failure of the e-filing system[1].
3. On 4/4/25, this Court entered an order granting Appellants a final extension of time until 4/11/25, to file petition for rehearing.
4. On 4/11/25, appellants attempted several times to file documents using the court's e-filing system (ECF) but encountered a technical failure that rendered the ECF system inaccessible for purposes of filing documents. This impeded appellants' ability to e-file documents on Friday 4/11/25, which ostensibly was the court-ordered deadline for filing the petition for rehearing.
5. After much frustration and seeing that the deadline was going to expire without being able to file documents using the e-filing system, and just before midnight, appellants decided to try to send an email to the court with petition attached. Thus, after numerous unsuccessful attempts to use the ECF system, and facing expiration of the imminent deadline, appellants, as a last resort, emailed the petition to the Court at ca01ml_access_coordinator@ca1.uscourts.gov at 11:59 p.m. on 4/11/25 (it was delivered at 12am, at midnight but it was sent, i.e., the send button was pressed, at 11.59pm). This is shown by the screenshot below.



6. This was sent to the only email appellants have for the court, which was the ADA coordinator's email, which was given to us by the case manager clerk relating to a prior issue regarding seeking to submit an ADA request

---

[1]Note: Although the appellants previously referenced the technical issues we experienced, in other filings such as in footnote 1 of appellant's petition for rehearing, we are hereby attaching further documentation in the abundance of caution, to the extent helpful, in support of our prior representations regarding the technical failures. This is also intended to supplement the sealed request to allow late filing of the petition for rehearing. In the alternative, to the extent necessary, this could/should also be treated as its own motion for relief from technical failure.

to the court previously. Appellants' multiple attempts to file through the ECF system and the last-minute email attempt demonstrate appellants diligence and good faith. Please take note of this technical failure.

7. NB: A technical failure of the court's own electronic filing system that prevents submission of documents constitutes an extraordinary circumstance beyond our control.
8. Similarly, on the next business day of the morning of Monday 4/14/25, the appellants again attempted to electronically e-file the petition (along with other documents), but encountered continued technical issues that prevented e-fling using the court's ECF system.
9. We had multiple iterations of different error messages during multiple attempts to access the site including multiple refreshing and signing-out and logging-in.
10. The screenshot below shows one such error message with the e-filing system on Monday morning of 4/14/25 (see time stamp of 8.40am at the bottom left corner of the screenshot).



11. The next error is shown in this next screenshot which shows a malfunction with the CM-ECF site, on Monday morning of 4/14/25 (see time stamp of 8.42am at the bottom left corner of the screenshot). Typically, there should be tabs next to the CMECF designation/insignia on the upper left, including the filing tab. There was none here. This was a technical irregularity where appellants could not access the e-filing system for submission of documents.



12. The next error message is shown in this next screenshot which shows a further error message that outright denied access to the site. Appellants tried multiple times to refresh the site, including signing out and logging in again), but it gave the error message shown below. This again was a technical irregularity where appellants could not access the e-filing system for submission of documents.



13. Consequently, the Appellants attempted to contact the case manager clerk by phone (promptly first thing in the morning at 8.43am and again at 9am, on Monday 4-14-25) about this issue, but there was no answer and so we left a voicemail for the case manager, alerting her to these issues. See screenshot of our phone log below.



14. Because there was no answer, Appellants then sent a follow-up email to the court using the same ADA coordinator email used above, informing the court of these continued technical problems. Here is a screenshot that shows the follow-up email on 4/14/25 after encountering continued technical problems on Monday 4/14/25.



15. Thereafter, the Appellants reached out to the clerk office by phone (using a different phone number previously received from contact with the court) and then was able to speak to the court's operation supervisor (Dennis) for about 8 minutes, apprising him of the situation. See screenshot of phone log below.



16. He advised that we take certain steps to troubleshoot the issues including but not limited to contacting the Pacer help center and/or the court's e-filing help desk or to conventionally file the petition by hand at the court, etc., if the issues continued (NB: He also recommended this because we indicated we had sealed documents to submit as well, which needs to be conventionally filed and thus could be conventionally filed at the same time). He also indicated that in the meantime he would make a note of the issue, that we had emailed the petition on Friday 4/11/25 (which he confirmed was received by email) and that he'd inquire of his superiors whether the emailed petition could be accepted but encouraged us to refile the petition either way. He also confirmed that, due to the circumstances including receipt of the email submission, mandate would not issue.
17. Note: The above documentation might be unnecessary but we are taking the time/effort to painstakingly document our assertions in the interests of demonstrating to the court that we undertook to address this problem with the court with all reasonable diligence and promptness.
18. We were not able to physically come to the court on Monday 4/14/25 (we live far away from the first circuit courthouse and our schedule did not permit travel to the court that day). However, the e-filing system was

working[2] on Tuesday 4/15/25, and thus the appellants re-submitted the petition as instructed by the court's operation supervisor (Dennis). It should be noted that in refiling the petition, certain corrections were made to certain scrivener errors, grammatical errors, typos, missing words, and missing exhibit that was referenced but inadvertently not attached. In consideration of the foregoing, please treat appellants' e-filed submission as timely in accordance with the above and please use the corrected version in lieu of that which was originally submitted via email.

## II. REMEDY FOR TECHNICAL FAILURES IN THE FIRST CIRCUIT'S E-FILING SYSTEM

19. The First Circuit Court of Appeals recognizes that technical failures can impede litigants' ability to meet filing deadlines.
20. The First Circuit Court Rulebook states in Local Rule 25 (f): *"Technical Failures. An ECF Filer whose filing is made untimely as the result of a technical failure may seek appropriate relief from the court."*
21. The First Circuit's CM/ECF User's Guide (Rule 11 of Rules Governing Electronic Filing) also states: *"An ECF Filer whose filing is made untimely as the result of a technical failure may seek appropriate relief from the court"*.
22. These provisions acknowledge that electronic systems may sometimes fail and provide a pathway for litigants who encounter such difficulties, and thus recognizes that such circumstances may justify relief from filing deadlines.
23. In addition, Rule 26(3) of Federal Rules of Appellate Procedure states: *"Inaccessibility of the Clerk's Office. Unless the court orders otherwise, if the clerk's office is inaccessible: (A) on the last day for filing under Rule 26(a)(1), then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday; or (B) during the last hour for filing under Rule 26(a)(2), then the time for filing is extended to the same time on the first accessible day that is not a Saturday, Sunday, or legal holiday."*
24. While this rule appears to specifically address physical inaccessibility of the court pertaining to filing, the same principle should apply to technical inaccessibility of the Court's electronic filing system, which is the required method of filing in this instance.
25. Moreover, courts generally recognize good faith efforts to comply with deadlines. Appellants' multiple attempts to file through the ECF system and the last-minute email attempt demonstrate appellants' diligence and good faith.
26. Appellants submit that the extraordinary circumstance of a technical failure of the Court's filing system warrants relief, in light of the Court's April 4, 2025 order, which indicated that further extensions would not be granted or should not be sought "absent extraordinary circumstances." Note: At the end of the day, this matter technically involves only a one business day delay in e-filing submission.

## III. CONCLUSION

27. Therefore, in sum, the following has been established, as a matter of record: The appellants were obstructed in being able to access the site on Friday night of 4/11/25. As a result, they attempted submission via email[3] in good faith prior to the deadline (which is documented above with a screenshot and which the court operations supervisor later confirmed that it was received via email). Then, on the morning of the very next business day, appellants attempted again to e-file the documents but again were prevented from doing so due to continued technical issues. The appellants then attempted to contact the case manager clerk by phone, twice, but had to leave a voicemail due to there being no answer. The appellants then sent an email to the court. Then the appellants called the court/clerk's office again and spoke to the court operations supervisor, who advised the appellants to try to re-file the documents via the e-filing system after providing steps to take to resolve the issues. Thereafter, the appellants submitted the petitions on Tuesday 4/15/25, after being obstructed in doing so on Friday 4/11/25 and Monday 4/14/25. Appellants have also since filed additional filings further

---

[2] It should be noted that there were additional technical problems such as the e-filing system not recognizing the case number or giving an error message that this was "not a valid case," which we have not gone in to detail to further explain or document because we believe that the above documentation is sufficient to demonstrate/document that there were a number of technical issues with the e-filing system that either prevented or impeded our ability to submit documents or submit them in a timely manner using the court's e-filing system.

[3] Although email is not the official filing method, appellants' effort to submit via email before midnight on 4-11-25 demonstrates a good faith attempt to comply with the deadline.

    addressing some of the above items (including but not limited to sealed ADA requests that provided additional grounds for allowing the late filing of the submissions as e-filed/when e-filed on 4/15/25).

28. In consideration of the foregoing, please treat appellants' e-filed submissions as timely in accordance with the above.  Please grant a pro se liberal construction to these words and construe our words in our favor, where necessary or warranted.

**Signed under pains and penalties of perjury.**

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor

/s/ Natalie Anderson
Natalie Anderson

April 23, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the First Circuit using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

/s/ Andre Bisasor
Andre Bisasor, Pro Se